UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: NETFLIX PRIVACY LITIGATION, | Case No. 5:11-cv-00379-EJD |
| | [Hon. Edward J. Davila] |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

WHEREAS, a class action is pending before the Court entitled *In re Netflix Privacy Litigation*, Case No. 5:11-cv-00379-EJD; and

WHEREAS, Plaintiffs and Defendant Netflix, Inc. (hereinafter "Netflix" or "Defendant") have entered into a Settlement Agreement dated April 30, 2012 which, together with the exhibits attached thereto sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Netflix upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the motion of Plaintiffs for preliminary approval of the Settlement Agreement, and good cause being shown,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Plaintiffs have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties, hereby preliminarily approves the Settlement

Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 19 of this Order.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

4. The Court preliminarily finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the class set forth below. The Court further preliminarily finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arms' length negotiations between experienced class action attorneys assisted by United States District Judge Layn R. Phillips (ret.); (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Settlement Class Certification**

5. For purposes of settlement only: (a) Jay Edelson is preliminarily appointed Class Counsel for the Settlement Class; and (b) Jeff Milans and Peter Comstock are preliminarily named Class Representatives. The Court finds that Mr. Edelson is competent and capable of exercising the responsibilities of Class Counsel and that the Class Representatives will adequately protect the interests of the class defined below.

6. For purposes of settlement only, the Court certifies the following class as defined in the Settlement Agreement:

> All Subscribers as of the date of entry of Preliminary Approval. Excluded from the Settlement Class are the following: (i) the Settlement Administrator, (ii) the Mediator, (iii) any respective parent, subsidiary, affiliate or control person of the Defendant or its officers, directors, agents, servants, or employees as of the date of filing of the Action, (iv) any judge presiding over the Action and the immediate family members of any such Person(s), (v) persons who execute and submit a timely request for exclusion, and (vi) all persons who have had their claims against Defendant fully and finally adjudicated or

otherwise released.

7. The Court finds for settlement purposes only and subject to the Final Approval Hearing referred to in Paragraph 19 below that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims of the Class Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the Settlement Class; common questions of law or fact predominate over questions affecting individuals members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

8. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

9. The Court approves, as to form, content and distribution, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits A, B, and C thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise the members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. In addition the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The parties, by agreement, may revise

the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10. The Court approves the request for the appointment of Rust Consulting and Kinsella Media as Settlement Administrator in accordance with the provisions of section 6 of the Settlement Agreement.

11. The Parties and Settlement Administrator are directed to proceed with the Notice Plan as set forth in section 4 of the Settlement Agreement.

**Exclusion**

12. Members of the Settlement Class who wish to exclude themselves from the class may do so by complying with the exclusion procedures set forth below. Any members of the Settlement Class who timely request exclusion consistent with those procedures shall not be bound by the terms of the Settlement Agreement.

13. To request exclusion, the Class Member must complete, sign, and mail to the Settlement Administrator a request for exclusion. The request must be signed by the Class Member. The request must be postmarked on or before the Exclusion Deadline, which shall be a date designated in the Notice that is no fewer than fourteen (14) days after papers supporting the Fee Award are to be filed (see paragraph 20 below). So called "mass" or "class" opt-outs shall not be allowed.

14. Settlement Class Members who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their Claims. However, Settlement Class members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections**

15. Any member of the Settlement Class who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, to the attorneys' fees and expense reimbursement sought by

Class Counsel, or to the award to the Class Representatives. Settlement Class members may object on their own, or may do so through separate counsel at their own expense.

16. To object, Settlement Class members must sign and file a written objection no later than on or before the Objection/Exclusion Deadline [**Date**]. To be valid, the objection must (a) include his/her full name, current address, telephone number; (b) state that he or she is a member of the Settlement Class; (c) provide all arguments, citations, and evidence supporting the objection; (d) include copies of any documents relied on or that the objector wishes the Court to consider; and (e) include a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel. Settlement Class Members who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 19, below.

17. To be valid, objections must be filed with the Court and sent to Class Counsel, Jay Edelson, Edelson McGuire LLC, 350 North LaSalle, Suite 1300, Chicago, IL 60654 and Defendant's Counsel, Keith E. Eggleton, Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304.

18. Any response to objections, if any, shall be filed no less than seven (7) days prior to the Fairness Hearing.

**Fairness Hearing**

19. The Final Approval Hearing shall be held before this Court on [**Date**], at the Robert F. Peckham Federal Building, [**Courtroom ##**], 280 South 1st Street, San Jose, California to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class

Representatives. The Court may reschedule the Fairness Hearing without further notice to the Settlement Class Members.

20. Plaintiffs shall submit papers in support of final approval of the Settlement no later than 35 days before the Fairness Hearing.

21. Class Counsel's final application for any Fee Award, and any documents submitted in support thereof, shall be filed no later than 35 days before the Fairness Hearing.

**Further Matters**

22. All further proceedings in the Action are ordered stayed until the Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement. In order to protect its jurisdiction to consider the fairness of this Settlement Agreement and to enter a Final Order and Judgment having binding effect on all Class Members, the Court hereby enjoins all Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address any parties' or Class Members' rights or claims relating to, or arising out of, any of the Released Claims.

23. Members of the Settlement class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and

statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted Settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2012.

_____
HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE