UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: NETFLIX PRIVACY LITIGATION, | Case No.: 5:11-CV-00379 EJD<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**(Re: Docket No. 76)** |

Plaintiffs move for preliminary approval of settlement, provisional class certification and designation of Plaintiffs as class representatives, appointment of counsel as class counsel. The motion is unopposed and will be GRANTED as set forth below.

## I. BACKGROUND

The instant case is a putative class action suit brought by former Netflix subscribers, Jeff Milans and Peter Comstock (collectively "Plaintiffs"), challenging the way Defendant Netflix, Inc. ("Netflix"), a provider of video-by-mail and internet services, retained and used its subscribers' Entertainment Content Viewing Histories. Specifically, Plaintiffs alleged that Netflix violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710(e) by retaining customer viewing histories longer than "necessary for the purpose for which [they were] collected" and that Netflix disclosed the information to third parties without prior consent to do so. See Docket Number 1.

Plaintiff Jeff Milans initiated this class action on January 26, 2011, alleging that Netflix unlawfully retained and disclosed his personally identifiable Entertainment Content Viewing History and the personal information of thousands of other Netflix customers. A wave of similar

suits followed, including <u>Bernal v. Netflix, Inc.</u>, Case No. 11-CV-00820-EJD (N.D. Cal.) (filed February 22, 2011), <u>Rura v. Netflix, Inc.</u>, Case No. 11-CV-01075-SBA (N.D. Cal.) (filed March 8, 2011), <u>Comstock v. Netflix, Inc.</u>, Case No. 11-CV-1218-HRL (N.D. Cal.) (filed March 11, 2011), <u>Sevy v. Netflix, Inc.</u>, Case No. 11-CV-1309-PSG (N.D. Cal.) (filed March 18, 2011), and <u>Wizenberg v. Netflix, Inc</u>., Case No. 11-CV-01359-HRL (N.D. Cal.) (filed March 22, 2011). On August 12, 2011, the Court consolidated these six cases, granted the Plaintiffs leave to file an Amended and Consolidated Complaint, and appointed Jay Edelson of Edelson McGuire, LLC as interim lead Class Counsel. <u>See</u> Docket No. 59.

Plaintiffs reached a settlement with Defendants after a mediation overseen by retired U.S. District Judge Layn R. Phillips. The Settlement Agreement provides for a single Settlement Class, defined as follows:

> All Subscribers as of the date of entry of Preliminary Approval. Excluded from the Settlement Class are the following: (i) the Settlement Administrator, (ii) the Mediator, (iii) any respective parent, subsidiary, affiliate or control person of the Defendant or its officers, directors, agents, servants, or employees as of the date of filing of the Action, (iv) any judge presiding over the Action and the immediate family members of any such Person(s), (v) persons who execute and submit a timely request for exclusion, and (vi) all persons who have had their claims against Defendant fully and finally adjudicated or otherwise released.

Pls.' Mot. Prelim. Approval of Class Action Settlement Ex. 1 § 1.37, Docket No. 76-1.

The Settlement Agreement creates a common fund totaling $9,000,000.00 ("Settlement Fund"). After payment of the expenses of administering the settlement ("Settlement Administration Expenses"), any fee award or costs awarded to Class Counsel ("Fee Award"), and any incentive awarded to the Class Representatives and named plaintiffs in the related actions ("Incentive Award"), the balance of the Settlement Fund shall be distributed to *cy pres* recipients selected by the Parties and approved by the court. The *cy pres* distribution shall be made to not-for-profit organizations, institutions, or programs that educate users, regulators, and enterprises regarding issues relating to protection of privacy, identity, and personal information through user control. The Settlement Agreement also requires Netflix to decouple Entertainment Content Viewing Histories from payment or identification information for all Settlement Class members. In

2
Case No.: 5:11-CV-00379 EJD
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

exchange for the relief above, and upon entry of a final order approving this Settlement, Netflix and each of its related affiliates and entities will be released from any claims, whether known or unknown, arising out of, relating to, or regarding the alleged retention and disclosure of Plaintiffs' and the Settlement Class's personally identifiable information, Video Rental History, and other information, including but not limited to all claims that were brought, alleged, argued, raised, or asserted in any pleading or court filing in the Action. See Pls.' Mot. Prelim. Approval of Class Action Settlement Ex. 1 §§ 1.31, 1.32, 1.33, 1.42, and 3 for the full release.

## II. LEGAL STANDARD

### A. Preliminary Approval

Preliminary approval of a class action settlement requires the Court to consider whether "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." In re Linerboard Antitrust Litigation, 296 F. Supp. 2d 568 (E.D. Pa. 2003).

### B. Class Certification

Federal Rule of Civil Procedure 23(a) permits a class action where: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." In addition, the class action must satisfy one of the provisions of Rule 23(b). Satisfying 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### C. Class Counsel

In appointing class counsel, the court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's

3

Case No.: 5:11-CV-00379 EJD
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g).

### III. DISCUSSION

#### A. Preliminary Approval

The instant settlement appears fair, non-collusive and within the range of possible final approval. The settlement was a product of arm's length negotiation before a mediator and does not appear to benefit those who participated in the mediation at the expense of any other parties. In light of the minimal monetary recovery that would be realistically recoverable by individual Settlement Class members and the immediate benefits offered to the Class by the injunctive relief and *cy pres* donations, the Settlement Agreement is deserving of preliminary approval. Additionally, the combination of industry-leading injunctive relief and substantial *cy pres* donations compares favorably to settlements in other online consumer privacy cases. See, e.g., In re Google Buzz Privacy Litig., No. 5:10-cv-00672-JW (Docket Nos. 41, 128) (N.D. Cal. 2010) (disclosure of email contact lists without consent; $8.5 million settlement fund with *cy pres* payments); Lane v. Facebook, Inc., No. 5:08-cv-03845 RS, 2009 WL 3359020 (N.D. Cal. Sept. 18, 2009) (unconsented disclosure of personally identifiable information under the VPPA based on Facebook Beacon program; settlement created privacy foundation with funding of $9.5 million). Any class member can opt out of the settlement. The proponents of the settlement are experienced in this type of litigation. No class members have objected.

#### B. Class Certification

Class certification is appropriate here because all four requirements of Rule 23(a) are met and the action also satisfies the requirements of Rule 23(b).

The proposed class is comprised of tens of millions of Netflix subscribers and former subscribers nationwide. Thus, "[t]he class is so numerous that joinder of all members is impractical." See Fed. R. Civ. P. 23(a)(1).

There are questions of law or fact common to class members, see Fed. R. Civ. P. 23(a)(2), because all claims for relief arise from Netflix's stated policy for and a uniform practice of

4

Case No.: 5:11-CV-00379 EJD
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

retaining and disclosing the personally identifiable information and Entertainment Content Viewing Histories of its subscribers and former subscribers—affecting all those individuals in the same way. Such allegations show that Plaintiffs and the proposed Settlement Class share common statutory claims under the VPPA, as well as various state law claims, that likewise result in common and shared factual and legal questions. Furthermore, these questions predominate over any questions affecting only individual members, and a class action is superior to other available methods of adjudication because it allows an efficient determination of these common issues without unnecessary duplication of litigation. See Fed. R. Civ. P. 23(b)(3).

Plaintiffs' claims are typical of those of the putative class they seek to represent. See Fed. R. Civ. P. 23(a)(3). Netflix allegedly retained Plaintiffs' and the Class's personally identifiable information and Entertainment Content viewing histories longer than "necessary for the purpose for which it was collected," and allegedly disclosed it without obtaining the required prior express consent. Plaintiffs argue this practice violates the VPPA, which would provide injunctive relief and identical statutory damages to all members of the proposed the Class. Plaintiffs' representation of the Settlement Class is appropriate because they were subjected to the same alleged unlawful conduct and suffered essentially identical damages flowing from that uniform conduct.

Plaintiffs and their counsel will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a)(4). To determine if representation is adequate, the Court must ask "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). Plaintiffs' interests are representative of and consistent with the interests of the proposed Settlement Class—all stand to recover statutory damages under the VPPA for Netflix's alleged unlawful retention and disclosure of their personally identifiable information and Entertainment Content Viewing Histories. Also, Plaintiffs' active participation in this litigation demonstrates that they have and will continue to protect the interests of the proposed Settlement Class. Further, proposed Class Counsel have regularly engaged in major complex litigation and have extensive experience in consumer class

5

1   action lawsuits that are similar in size, scope, and complexity to the present case. See Decl. of Jay

2   Edelson ¶ 18, Docket No. 76-2.

3   Accordingly, the proposed class will be provisionally certified for settlement purposes, and

4   the Court will designate Jeff Milans and Peter Comstock as class representatives.

**C. Class Counsel**

Proposed Class Counsel have conducted extensive pre-litigation investigation of the class claims and are experienced and knowledgeable, as discussed above. Accordingly, Jay Edelson, Rafey S. Balabanian, Ari J. Scharg, and Chandler R. Givens of Edelson McGuire LLC are preliminary appointed as Class Counsel for the Settlement Class.

**D. Notice of Class Certification and Settlement Administration**

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(e)(1) requires reasonable notice to all class members who would be bound by the proposed settlement. The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and the binding nature of a class judgment. Fed. R. Civ. P. 23(c)(2)(B). Here, the parties in this case have created and agreed to perform the following Notice Plan:

**Email Notice.** Netflix (or in Netflix's discretion, the Settlement Administrator) shall provide email notification to the email address last known by Netflix of any and all reasonably identifiable Settlement Class members. The email notice will be in a form substantially similar to that attached as Exhibit C to the Declaration of Shannon R. Wheatman, Ph.D ("Wheatman Declaration") and will include a hyperlink to the Settlement Website. In the event that Notice sent by email to a Settlement Class member results in a bounce-back or is otherwise undeliverable, Netflix shall re-send the Notice by email to the last known email address of each such Settlement Class member. Pls.' Mot. Prelim. Approval of Class Action Settlement Ex. 1 § 4.1.1. Email notice is especially appropriate here given the online nature of Netflix's business and the fact that

Settlement Class members had to provide a valid email address when creating their Netflix accounts.

**Settlement Website.** The Settlement Administrator shall create and maintain a Settlement Website through the Effective Date. The Settlement Website shall (1) notify Class members of their rights to object to the Settlement Agreement or opt out of the Class; (2) notify Class members that no further notice will be provided to them and that the Settlement has been approved; and (3) inform Class members that they should monitor the Settlement Website for further developments, including the posting of the cy pres recipients, and will be in a form substantially similar to that attached as Exhibit E to the Wheatman Declaration. See Pls.' Mot. Prelim. Approval of Class Action Settlement Ex. 1 § 4.1.2.

**Publication Notice.** The Parties shall supplement direct notice with (1) the placement of a half-page advertisement appearing in an issue of People Magazine in the form substantially similar to that attached as Exhibit D to the Wheatman Declaration, and (2) 60,000,000 impressions of an advertisement (100 x 100 pixels) on Facebook.com, in the form substantially similar to that attached as Exhibit B to the Wheatman Declaration, that is linked to the Settlement Website. See Pls.' Mot. Prelim. Approval of Class Action Settlement Ex. 1 § 4.1.3.

The Notice Plan will be established, and the emails sent, within thirty (30) days of entry of the Preliminary Approval Order with publication notice to be completed within sixty (60) days of entry of the Preliminary Approval Order. All costs associated with implementing the Notice Plan, including the fees and costs of the Settlement Administrator, will be paid out of the Settlement Fund. Within ten (10) days after the filing of this Agreement with the Court, Netflix will also notify the appropriate state and federal officials of this Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. See Pls.' Mot. Prelim. Approval of Class Action Settlement Ex. 1 § 4.2.

The court finds the procedure described above meets the standards of Rule 23. Moreover, the forms of notice attached as Exhibits B through E to the Wheatman Declaration are hereby approved with the following modifications:

1. Under the section entitled "16. Where do I get Additional Information?" of the proposed Settlement Website, Wheatman Decl. Ex. E., an additional sentence should be added to state: "For more detailed information, you may review the pleadings, records, and other papers on file in the lawsuit, which materials may be inspected at the Clerk's Office, United States District Court, 280 South First Street, San Jose, California 95113."

2. All deadlines and the hearing date set forth in the Notice shall conform to this Order.

## IV. ORDER

In light of the preceding discussion, the motion for approval the motion for conditional certification of a settlement class and preliminary approval of class action settlement is GRANTED as follows:

1. This action is certified as a class action only for settlement purposes pursuant to subsections (a) and (b)(3) of Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

2. The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

3. Plaintiffs Jeff Milans and Peter Comstock are approved to act as Class Representative for settlement purposes only.

4. Jay Edelson, Rafey S. Balabanian, Ari J. Scharg, and Chandler R. Givens of Edelson McGuire LLC are appointed as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

5. The Notice Plan and the content of the forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B through E to the Wheatman Declaration are approved pursuant to subsections (c)(2)(B) and (e) of Federal Rule of Civil Procedure 23.

6. A hearing on the final approval of class action settlement shall be held before this court on December 5, 2012, at 10:00 a.m. Class Counsel shall file brief(s) requesting final approval of the Settlement Agreement, Fee Award, and Incentive Award, no later than 35 calendar days before the final approval hearing. All other applicable dates shall be established by the Settlement Agreement.

8

Case No.: 5:11-CV-00379 EJD
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

7. No later than July 12, 2012, the parties shall submit a proposal for appointment of Settlement Administrator.

IT IS SO ORDERED.

Dated: July 5, 2012

                                         EDWARD J. DAVILA
                                         United States District Judge

Case No.: 5:11-CV-00379 EJD
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT