August 1, 2012

P.O. Box 1238

Sheffield MA 01257



Clerk of the Court

U.S. District Court for the Northern District of California (San Jose Division)

Robert F. Peckham Federal Building

280 South 1st Street

San Jose CA 95113

Re: In re Netflix Privacy Litigation, No. 5:11-cv-00379-EJD

Dear Clerk:

I have received, via email, notice of settlement of the above-styled action. As a Class Member, I hereby object to the proposed settlement, for the following reasons:

1. The settlement provides for no payment for any class member, except for Named Plaintiffs. Rather, all of the settlement funds (less plaintiffs' counsel fees and other expenses) will go to unnamed organizations in unknown locations. If Class Members have been harmed, they should be compensated. The apparent inability to calculate individual class members' damages suggests a case without little or no merit. Further, these should be some identification of who will receive the settlement funds and a demonstration of how awarding those funds to those entities furthers the interests of the class. The proposed settlement gives Class Members no guidance on who will get the monies from the settlement – how can a Class Member be fairly asked to agree to such a settlement?

2. The settlement suggests that class counsel will be eligible for up to $2.5 million in attorney's fees. In the absence of justification for the work performed by such counsel, such a payment at the $2.5 million level would be unwarranted. I would urge the Court to tailor any award it may choose to give to counsel to reflect the actual time devoted to their representation of the class and any risks they faced of losing the case. I would be especially interested in the Court's determining whether this settlement would be considered an "early settlement" which should

draw even more scrutiny from the Court, to avoid the perception of a "sweetheart" deal between counsel for the two parties.

3. Finally, while I do not know the details of this litigation and could be persuaded to the contrary, I must observe that this sort of "class action" is what gives lawyers a bad name. Netflix is going to pay $9 million to settle this claim in such a way that Class Members get **nothing**. This expense will inevitably be added to the cost of Netflix doing business, which will likely result in Class Members paying **more** for Netflix's services. In short, this settlement will in all likelihood **hurt** Class Members financially. It would seem that the only entities that will benefit from this settlement in any serious way are the lawyers representing the Class. In view of the absence of any real benefit to the class, I would suggest they have not done their job effectively (assuming there was a basis for this lawsuit in the first place) and should not be rewarded for work that benefits their clients so poorly.

It is time for settlements of these sorts of marginal class actions to be more carefully scrutinized. I would commend to the Court a review of the Ninth Circuit's rejection of the Kellogg's settlement in July 2012, for many of the same reasons mentioned above.

I do not intend to appear at the fairness hearing, as I am located some distance from the Court and have every confidence the Court will act properly in dealing with this proposed settlement.

Thank you for considering these points.


Sincerely,

*[signature]*

Greig R. Siedor

630-561-7612


cc: Counsel for the Settlement Class and Defendants