July 31, 2012



**VIA FIRST CLASS MAIL**

Clerk of the Court
United States District Court for the District of California
Robert Peckham Federal Building
280 1st Street
San Jose, CA 95113

Re:   In re Netflix Privacy Litigation, No. 5:11-cv-00379 - EJD

Dear Judge Davlia:

I am a member of the settlement class and write to state my objections to the proposed settlement insofar as it would grant unreasonable attorney's fees to class counsel and because the notice provision concerning the application of the cy pres doctrine is insufficient.

**Attorney's Fees**

The proposed fees are not justifiable under either a percentage of common fund or lodestar approach. Because the fund here is donated to charity, and does not provide a benefit directly to class members, the appropriate benchmark should be far below the 25 percent guideline suggested by the Ninth Circuit. Furthermore, following the Ninth Circuit's recent decision in Dennis v. Kellogg, the Court should consider the tax benefit to Netflix when determining the total value of the settlement. I understand that Netflix has an effective tax rate of more than 35 percent. A $9 million dollar donation has a real out of pocket effect to Netflix of $6 million. Moreover, it is common for non-profits to have administrative and other expenses of at least 20 percent. This would bring the value of any benefit to $4.8 million. Given the indirect benefit to class members, it would be fair to say that the net benefit to the class is $3 million, based on the general value created by giving some non-profits additional funds to promote privacy and applying some value to the injunctive remedy achieved. Under this analysis, the fees should not exceed $750,000 under the 25% guideline.

Under a lodestar approach, the Court should consider the modest risk and the minimal amount of efforts by plaintiffs to litigate the case. From a review of the docket, it appears that the majority of counsel's time was spent jockeying to be representative class counsel and consolidating various actions. This is not a case that required experts or review of complex

documents pre-filing of the Complaint, as would be the case in an antitrust or securities lawsuit, for example. Moreover, the Court should take notice that while Wilson Sonsini, which presumably is being paid hourly, has assigned two attorneys to this case, no fewer than six attorneys have appeared as counsel for the lead plaintiff. The Court should carefully scrutinize the hours spent by plaintiffs' counsel for wasteful, duplicative, or unnecessary work.

This case settled just two months after the Answer was filed. Plaintiffs' counsel's Declaration, insofar as it stated that it propounded and Netflix responded to discovery, appears misleading. It is likely that counsel is referring to written responses to document requests, not that it actually received, much less reviewed, documents. Nor does counsel say that Netflix answered interrogatories. Given that the case settled about 10 days after a protective order was signed, this further suggests that there was no real discovery produced. Nor was there any advocacy, such as motions to compel or meeting and conferring about the scope of discovery, it seems. Rather, it appears that counsel did little more than sending a set of document requests, a task that should have taken no more than a half day, negotiated a protective order, attended a Rule 26f conference, and reviewed the written responses to discovery.

The lodestar analysis should also discount the multiplier for fees incurred after the mediation. There was much less risk after a settlement was reached.

Here, if one were to exclude the hours spent jockeying to become class counsel and consolidation, the total hours spent would likely have been no more than 500. At a rate of 500 dollars per hour, that would be $250,000. A multiplier of one is appropriate given the likelihood that this case would settle in a similar fashion to other privacy cases. I would not quibble with a multiplier of 2, however.

Accordingly, I object to the settlement due to excessive fees.

**Inadequate Notice of How Funds Will Be Applied**

Email notice was effective in telling class members about the fact that preliminary approval had been granted, and directing them to the website. Class members should receive another email notice that tells them how the money will be used. As drafted, the settlement agreement requires only that the settlement website be updated some 14 days before a settlement hearing. This is not reasonably calculated to allow class members a meaningful opportunity to voice an opinion about how the funds will be used. Instead, counsel should be required to send an additional email to class members to advise them that recipients have been selected and directing them again to the updated website. Furthermore, 14 days is not sufficient time for class members to express a meaningful opinion about how the settlement monies will be applied. This notice provision should be at least 45 days and should allow counsel to consider these comments before the hearing, and if necessary try to address them, as appropriate.

**Conclusion**

While I have no interest in traveling to California to attend the hearing, the Court should be mindful that this type of settlement, and in particular multi-million awards of counsel fees with zero direct benefit to class members, promotes distrust and cynicism about our judicial system and the use of class actions. To be blunt, approving the proposed settlement will lead

many to believe that cases like this are prosecuted by lawyers just to earn fees, with the imprimatur of our federal judiciary.

Respectfully Submitted,

Jeffrey Gross
7 Delaware Avenue
Jericho, NY 11753
(516) 776-0487
Jgross2812@gmail.com

(Should my letter become part of the record on Pacer, please redact my address, phone number, and email)

cc: Jay Edelson, Esq.
Edelson McGuire LLC
350 N. LaSalle, Suite 1300
Chicago, I'll 60654

Keith Eggleton, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304