UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

IN RE: NETFLIX PRIVACY LITIGATION,

_____

**Case No. 5:11-CV-00379-EJD**
Hon. Edward J. Davila

**Objection to the proposed settlement**

INTRODUCTION

The parties claim that the proposed settlement conditions "are fair, reasonable, and adequate to the class, and that it is in the best interests of the class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement". This can't be further away from truth. The settlement is great for the Defendant because it releases a multitude of claims with the potential of significant monetary damages. The settlement is great for the class counsel because it receives unconditioned compensation. But it is an exceedingly poor deal for the class.

I. I am the Member of the class.

My full name is Chris Byrnes, my mailing address is N82W13414 Fond du Lac Avenue, Menomonee Falls, WI 53051. My telephone number is 312-752-5324. I have been a former customer of Netflix, and my email address registered with Netflix is netflix@chrisbyrnes.com.

On July 27, 2012 I received the e-mail from the Online DVD Class Action Administrator stating that "Our records show that you were a current or former Netflix subscriber". Thereby I qualify for membership in the class and can object to the settlement.

I respectfully notify the Court hereby that I cannot attend the hearing on December 5, 2012.

II. This objection is brought in a good faith.

I am bringing this objection in a good faith because I'm incredibly disappointed with the state of our class action system which seem to have switched from protecting the class to making money for the lawyers at the expense of the class. Nevertheless if this Court has any doubt whether this objection is brought in good faith, I am willing to stipulate to an injunction prohibiting me from accepting a cash payment in exchange for the settlement of this objection.

III. The proposed settlement terms are worse than the Federal law already requires Netflix to do.

The "injunctive relief" section of the Settlement Agreement (pages 10-11) states that the "Subscribers who have not subscribed to Netflix for a period of 365 or more consecutive days as of the Effective Date and who did not rejoin Netflix subsequent to the Effective Date, Netflix will cause his or her Entertainment Content Viewing History to be decoupled from his or her Identification Information and

Chris Byrnes 1

Payment Method".

Unfortunately it is hard to consider this a win for the members of the Class. The relevant law covering the information storage – the 18 USC § 2710 (section e) requires the destruction of the personally identifiable information. Not just mere decoupling, but destruction after a year passes since this information is no longer necessary for the purpose it was collected. There are obviously some questions about what considers the "purpose the information was collected", but it is reasonable to assume that a fair impartial jury would agree with the class in such a case, as the intent of the Legislature seems to be pretty clear.

IV. The mere "decoupling" of the information is reversible.

The choice of the word "decoupling" in the injunctive relief is questionable. The information which has been merely decoupled may be linked together again if the linking information (which itself contains no personal data) is kept. For example, one can easily decouple the information in a phone book page by cutting out the column with the phone numbers with scissors and storing it separately. This way the phone numbers are disassociated from the relevant entries on this page. However it is very easy to associate them together again – all you need is just to put the phone column back into the cut-out.

Therefore I respectfully request the Court to withhold the settlement approval until the parties amend the "injuctive relief" section to force Netflix to destroy the Entertainment Content Viewing History for those users, and not just merely decouple it. At least it should be decoupled irreversibly. This section as it states right now provides ephemeral relief to the Class.

V. The proposed injunctive relief "exception" clause is not strong enough.

The "exception" clause in the injunctive relief section (page 11) is very weak and provides little protection for the current Class members because it doesn't require Netflix to provide the user with an option to deny the consent to the data storage. It is easy to modify the service cancellation page with the text like "by clicking on the Cancel button you provide Netflix with the express consent to store your information" – without any meaningful way to opt out. The "exception" clause needs to be modified to make sure that the user would still have the ability to cancel the service without being forced to provide the consent. Also Netflix should be prohibited to enforce the users to provide the consent while signing up for the service through the amended Terms and Conditions with yet another "you agree and provide the express consent that your data will be retained after you cancel the subscription". There is nothing in the Settlement which would prevent Netflix from doing that, and I see no reason why they wouldn't. After all, the companies use terms and conditions to twist the users' arms all the time.

Therefore I respectfully request the Court to withhold the settlement approval until the parties amend the "injuctive relief" exception section to make it clear that the users should be given a choice whether they consent to the storage of their data after the subscription cancellation, that the choice should only be made during the cancellation and not earlier, and that the process of the cancellation should not be otherwise affected by the user choice in any way.

VI. The proposed settlement fund is against the interest of the Class.

The Settlement Agreement specifies that a 9 million dollars fund is established to be funded by Netflix and to be distributed to the non-profits which "educate users, regulators, and enterprises regarding issues relating to protection of privacy, identity, and personal information through user control, and to protect users from online threats" (Settlement Agreement page 13). And while it is clear that the parties made their best effort to make the selection of non-profits as unbiased as possible, it is hard to see any value of such distribution for the members of the Class.

I would like to explicitly point out that nothing in the Settlement Agreement bars Netflix to raise the user subscription fees to cover the payment into the Settlement fund. Considering that Netflix is a for-profit entity and would need to somehow compensate for this loss, the chance of the potential fee raise is likely. This would mean those class members, who are either current Netflix subscribers or consider rejoin Netflix, have a good chance to end in a worse position than they were before the settlement because their fees are raised as the result of the settlement.

Also the non-profit selection has very little connection to the interest of the class or the case itself which according to the Complaint seem to be about the alleged Netflix non-compliance with the Federal and California laws. For example, how "protecting users from online threats" is connected to this case at all is lost to me. And if Netflix or other profit-making enterprises need to be educated about the laws, this education should not be at class members expense. They can afford to have a legal department which job is to do just that.

Therefore I respectfully request the Court to reject the settlement until the settlement fund is removed from the settlement completely.

VII. The Class Counsel representation of the Class is not adequate.

The Class Counsel considered the terms of the settlement "fair, reasonable and adequate to the Class" (page 3 of Settlement Agreement). I see how it is fair and adequate for the Defendants, and for the Class Counsel, but I fail to see how is it adequate for the Class. If my attorney negotiated such a settlement in a hypothetical case – where he'd get 2.5M and I'd get nothing, I definitely would question who my attorney actually represented.

The real problem I see with this settlement is that it makes no sense for the class members to stay in the class. Those class members which exclude themselves from the settlement would be in the best position – they will get the same – minuscule – benefits of the settlement as those who stay, and they will keep the right to sue Netflix again. I am sure if the settlement was opt-in instead of opt-out less than 1% of the class members would agree to this kind of settlement. Therefore it is very hard say that the class representatives did a decent job representing the class – how could it be if those who exclude themselves from the settlement would actually be in a better position than those who accept the settlement?

Unfortunately a lot of class action cases are just like that, and this seem to be a typical class action case. With the Class Counsel often caring more about getting paid than actually fighting for the class there is often nobody to truly represent the Class members, and this is a very sad situation our country got into.

Conclusion

This settlement is kind of a settlement that has something for everyone, with the notable exception of the class, which it betrays. The Court should reject this settlement.

Dated: August 9, 2012     By: Chris Byrnes

Certificate of Service

I hereby certify that on August 9, 2012 I caused true copies of this document to be sent to the following addresses by USPS First Class Mail:

Clerk of the Court
United States District Court for The Northern District of California (San Jose Division)
Robert F. Peckham Federal Building
280 South 1st Street
San Jose, CA 95113

Jay Edelson, Rafey S. Balabanian, Ari J. Scharg, Chandler R. Givens
Edelson McGuire LLC
350 N. LaSalle, Suite 1300
Chicago, IL 60654

Keith E. Eggleton, Rodney G. Strickland, Dale R. Bish
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Dated: August 9, 2012     By: Chris Byrnes