# Exhibit A

1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **NORTHERN DISTRICT OF CALIFORNIA**

10    **SAN JOSE DIVISION**

11                                             )
      *IN RE: NETFLIX PRIVACY LITIGATION,*    )    Case No. 5:11-cv-00379-EJD
12                                             )
                                               )
13                                             )    [Hon. Edward J. Davila]
                                               )
14                                             )
                                               )
15    _____ )

16                    **CLASS ACTION SETTLEMENT AGREEMENT**

17         This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is

18    entered into by and among Jeff Milans and Peter Comstock (collectively, and as defined below,

19    the "Class Representatives") and Netflix, Inc. (as defined below, "Netflix" or "Defendant") (as

20    defined below, Plaintiffs and Defendant are collectively referred to herein as the "Parties"). This

21    Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the

22    Released Claims (as the term is defined below), upon and subject to the terms and conditions of

23    this Agreement, and subject to the final approval of the Court.

24         WHEREAS, on January 26, 2011, Plaintiff Jeff Milans brought a putative class action in

25    the United States District Court for the Northern District of California against Netflix, captioned

26    *Milans v. Netflix, Inc.*, Case No. 11-CV-00379, alleging violations of the Video Privacy Protection

27    Act, 18 U.S.C. §2710, *et seq.* ("VPPA"), the California Customer Records Act, Cal. Civ. Code §

28

1  1798.80 ("CCRA") and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200,

2  *et seq*. ("UCL"). (Dkt. No. 1.)

3          WHEREAS, after the filing of the *Milans* lawsuit, several similar lawsuits were filed,

4  including *Bernal v. Netflix, Inc*., Case No. 11-CV-00820-EJD (N.D. Cal.) (filed on February 22,

5  2011), *Rura v. Netflix, Inc*., Case No. 11-CV-1075- SBA (N.D. Cal.) (filed on March 8, 2011),

6  *Comstock v. Netflix, Inc*., Case No. 11-CV-1218-HRL (N.D. Cal.) (filed on March 11, 2011), *Sevy*

7  *v. Netflix, Inc*., Case No. 11-CV-1309-PSG (N.D. Cal.) (filed on March 18, 2011), and *Wizenberg*

8  *v. Netflix, Inc*., Case No. 11-CV-01359-HRL (N.D. Cal.) (filed on March 22, 2011). The Court

9  related each of these cases to *Milans* and, on August 12, 2012, consolidated them under the

10  caption, "*In re: Netflix Privacy Litigation*," and appointed Jay Edelson of Edelson McGuire LLC

11  as Interim Lead Class Counsel. (Dkt. No. 59.)

12          WHEREAS, on September 13, 2011, Plaintiffs Jeff Milans and Peter Comstock filed their

13  Amended Consolidated Class Action Complaint. (Dkt. No. 61.)

14          WHEREAS, as part of the Rule 26 discovery planning conference and pursuant to the

15  Court's ADR program, the Parties agreed to attempt to resolve this matter though private

16  mediation with former District Judge Layne R. Phillips (ret.) of Irell & Manella, LLP.  (*See* Dkt.

17  70.)

18          WHEREAS, following the Parties' Rule 26 conference, Plaintiffs propounded and Netflix

19  responded to class-and merits-based discovery.

20          WHEREAS, on February 2, 2012, Interim Lead Class Counsel and Netflix's Counsel met

21  in Santa Ana, California for a formal mediation with Judge Phillips. The Parties were able to reach

22  agreement, which was formalized in a signed Memorandum of Understanding.

23          WHEREAS, at all times, Netflix has denied and continues to deny any wrongdoing

24  whatsoever and has denied and continues to deny that it committed, or threatened or attempted to

25  commit, any wrongful act or violation of law or duty alleged in the Action. Netflix also contends

26  that it has acted properly in all regards in connection with its duties under the VPPA. Nonetheless,

27  taking into account the uncertainty and risks inherent in any litigation, Netflix has concluded that

28  it is desirable and beneficial that the Action be fully and finally settled and terminated in the

manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Netflix with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

WHEREAS, Plaintiffs Milans and Comstock believe that the claims asserted in the Action against Netflix have merit and that they would have ultimately been successful in certifying the proposed classes under Rule 23 and in prevailing on the merits at summary judgment or trial. Nonetheless, Plaintiffs and Class Counsel recognize and acknowledge that Netflix has raised factual and legal defenses in the Action that present a risk that Plaintiffs may not prevail. Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Netflix through class certification, trial, and any subsequent appeals. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms set forth herein.

WHEREAS, based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Class, and that it is in the best interests of the Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs Milans and Comstock and Netflix, by and through their undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Agreement, in consideration of the benefits flowing to the Parties from this Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

# 1. DEFINITIONS

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1 "**Action**" or "**Litigation**" means the putative class action pending in the United States District Court for the Northern District of California and captioned *In re Netflix Privacy Litigation*, Case No. 5:11-cv-00379-EJD.

1.2 "**Class Counsel**" means Edelson McGuire LLC.

1.3 "**Class Representatives**" means Jeff Milans and Peter Comstock.

1.4 "**Complaint**" means the Amended Consolidated Class Action Complaint filed in this Litigation (Dkt. No. 61.)

1.5 "**Court**" means the United States District Court for the Northern District of California, the Honorable Edward J. Davila presiding, or any judge who shall succeed him as the Judge in this Action.

1.6 "**Cy Pres**" or "**Cy Pres Recipients**" means the non-profit organizations that, subject to Court approval, may receive monies pursuant to this Agreement.

1.7 "**Defendant**" means Netflix, Inc., a Delaware corporation.

1.8 "**Defense Counsel**" means Wilson Sonsini Goodrich & Rosati, PC.

1.9 "**Effective Date**" means the date one (1) day after which all of the events and conditions specified in Subsection 10.1 have been met and have occurred.

1.10 "**Entertainment Content**" means motion pictures, television shows, and other visual entertainment content (i.e., titles), whether delivered by digital video disc (commonly referred to as a "DVD"), high definition digital video disc (commonly referred to as an "HD-DVD"), Blu Ray disc, or similar audio-visual material, or by streaming the content over the Internet.

1.11 "**Entertainment Content Viewing History**" means any data, record, or information identifying specific Entertainment Content as having been rented, purchased, obtained, viewed, streamed, rated, or requested by a Subscriber.

1.12 "**Escrow Account**" means the separate, interest-bearing escrow account to be

established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation and that has total assets of at least $500 million and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poors). The Settlement Fund of Nine Million Dollars ($9,000,000.00) shall be deposited by Netflix into the Escrow Account and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of 45 days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

1.13 "*Fee Award*" means any attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.14 "*Final*" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals; or (iii) the date of final dismissal of any appeal. For purposes of this paragraph, "appeal" includes, but is not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand.

1.15 "*Final Approval Hearing*" means the hearing before the Court where the Parties will request the Final Judgment be entered by the Court approving the Settlement Agreement as fair, reasonable and adequate and where Plaintiffs will request approval of the Fee Award to Class Counsel and the Incentive Award to the Class Representatives.

1.16 "*Final Judgment*" or "*Final Approval*" means the Final Judgment and Order of the Court approving the Agreement as fair, reasonable and adequate, after the Final Approval Hearing.

1.17 "*Identification Information*" means a Person's name, postal address (except zip

1  code), email address, phone number, and company name.

2      1.18   *"Incentive Award"* means the amount awarded by the Court to the Class

3  Representatives and named-plaintiffs in the Related Actions for their time and effort bringing the

4  Action and Related Action and serving as Class Representatives and named-plaintiffs.

5      1.19   "*Mediator*" means Judge Layne R. Phillips (ret.) of Irell & Manella, LLP.

6      1.20   "*Nationwide*" means the 50 states of the United States of America and its

7  territories.

8      1.21   "*Notice*" means the Notices of Pendency of Class Action and Proposed Settlement,

9  which, as described in Subsection 4.1, shall consist of an "Email Notice" (substantially in the form

10  attached hereto as Exhibit A) and "Publication Notice" (substantially in the form attached hereto

11  as Exhibit B), apprising Class Members of the pendency of the Litigation, the material terms of

12  the proposed Settlement, and their options with respect thereto.

13      1.22   "*Notice Date*" means the date by which the Notice Plan set forth in Subsection 4.1

14  is completed pursuant to the Court's Preliminary Approval Order.

15      1.23   "*Notice Plan*" means the proposed plan of disseminating notice to Class of the

16  proposed Settlement Agreement, and of the Final Approval Hearing.

17      1.24   "*Objection/Exclusion Deadline*" means the date by which a written comment on or

18  objection to this Agreement or a request for exclusion submitted by a Settlement Class Member

19  must be filed or postmarked, which shall be designated as a date sixty-five (65) days after the

20  Notice Date or twenty-one (21) days before the Final Approval Hearing, whichever is later, or

21  such other date as ordered by the Court.

22      1.25   "*Parties*" or "*Settling Parties*" means Plaintiffs Jeff Milans, Peter Comstock, the

23  Settlement Class, and Netflix, Inc.

24      1.26   "*Payment Method*" means the credit card, debit card, or other financial instrument

25  that a Subscriber has used to submit his or her monthly payment to Netflix.

26      1.27   "*Person*" means, without limitation, any individual, corporation, partnership,

27  limited partnership, limited liability company, association, joint stock company, estate, legal

28  representative, trust, unincorporated association, government or any political subdivision or

agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.28    "*Plaintiffs*" means the Class Representatives and the named plaintiffs in the Related Actions.

1.29    "*Preliminary Approval*" means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Agreement, and approval of the form of the Notice and of the Notice Plan.

1.30    "*Preliminary Approval Order*" means the order (substantially in the form attached hereto as Exhibit D) preliminarily approving this Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to be distributed to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

1.31    "*Related Actions*" means the following lawsuits: (i) *Bernal v. Netflix, Inc.*, Case No. 11-CV-00820-EJD (N.D. Cal.) (filed on February 22, 2011), (ii) *Rura v. Netflix, Inc.*, Case No. 11-CV-1075- SBA (N.D. Cal.) (filed on March 8, 2011), (iii) *Comstock v. Netflix, Inc.*, Case No. 11-CV-1218-HRL (N.D. Cal.) (filed on March 11, 2011), (iv) *Sevy v. Netflix, Inc.*, Case No. 11-CV-1309-PSG (N.D. Cal.) (filed on March 18, 2011), and (v) *Wizenberg v. Netflix, Inc.*, Case No. 11-CV-01359-HRL (N.D. Cal.) (filed on March 22, 2011).

1.32    "*Released Claims*" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, suits, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VPPA, the CCRA, the UCL, a contract, or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of or relating in any way to, the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations,

omissions or failures to act regarding the alleged retention and disclosure of Plaintiffs' and the Settlement Class's personally identifiable information, Entertainment Content Viewing History, and other information, including but not limited to all claims that were brought, alleged, argued, raised, or asserted in any pleading or court filing in the Action. Released Claims shall not be construed to extend, nor shall they extend, to claims that are asserted in the case of *Mollett v. Netflix, Inc*., No.: 5:11-cv-01629-EJD as of the date of this agreement.

1.33   "***Released Parties***" means Defendant Netflix, Inc., as well as any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, officers, directors, other individuals or entities in which Defendant has a controlling interest or which is affiliated with any of them, or any other representatives of any of these Persons and entities.

1.34   "***Releasing Parties***" means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class; to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them; and to the extent a Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors.

1.35   "***Settlement Administration Expenses***" means the expenses incurred by the Settlement Administrator in distributing the Notice in accordance with the Notice Plan, the costs incurred in sending CAFA notices described in Subsection 4.3 below, and the costs incurred by the Settlement Administrator in otherwise handling the administration of the settlement and

performing the services it is obligated to perform under this Agreement.

1.36    "*Settlement Administrator*" means the Person selected by the Settling Parties, subject to approval of the Court, to oversee the distribution of the Notice in accordance with the Notice Plan, distribution of the CAFA notice, as well as performing the services it is obligated to perform under this Agreement or otherwise ordered by the Court.

1.37    "*Settlement*" means the settlement contemplated by this Agreement.

1.38    "*Settlement Class*" or "*Class*" means all Subscribers as of the date of entry of Preliminary Approval. Excluded from the Settlement Class are the following: (i) the Settlement Administrator, (ii) the Mediator, (iii) any respective parent, subsidiary, affiliate or control person of the Defendant or its officers, directors, agents, servants, or employees as of the date of filing of the Action, (iv) any judge presiding over the Action and the immediate family members of any such Person(s), (v) persons who execute and submit a timely request for exclusion, and (vi) all persons who have had their claims against Defendant fully and finally adjudicated or otherwise released.

1.39    "*Settlement Class Member*" **or** "*Class Member*" means a Person who falls within the definition of the Class as set forth above and who has not submitted a valid request for exclusion.

1.40    "*Settlement Website*" means the website to be created by the Settlement Administrator containing full details and information about the Settlement, including this Agreement and the Notice.

1.41    "*Subscriber*" means a Person in the United States or its territories who is, or at one or more times was, subscribed to Netflix.

1.42    "*Supporting Counsel*" means David C. Parisi and Suzanne Havens Beckman of Parisi & Havens LLP, Joseph J. Siprut of Siprut P.C., Sam Dua of Dua & Associates, PLLC, L. Timothy Fisher of Bursor & Fisher P.A., and Nadeem Faruqi of Faruqi & Faruqi, LLP.

1.43    "*Unknown Claims*" means claims that could have been raised in the Action and that the Plaintiffs, or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or

its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement.  Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Subsection.

## 2.     SETTLEMENT RELIEF

2.1     **Injunctive Relief.**  Within one (1) year of the Effective Date, and subject to the exceptions set forth in this Settlement Agreement, including Section 2.2 below, Netflix agrees to the following:

2.1.1    For those Subscribers who have not subscribed to Netflix for a period of 365 or more consecutive days as of the Effective Date and who did not rejoin Netflix subsequent to the Effective Date, Netflix will cause his or her Entertainment Content Viewing History to be decoupled from his or her Identification Information and Payment Method.

2.1.2    Netflix shall implement a data retention practice such that, for Subscribers

who have cancelled their Netflix subscription and have not been a Netflix subscriber for a period of 365 consecutive days, Netflix will cause his or her Entertainment Content Viewing History to be decoupled from his or her Identification Information and Payment Method. The parties acknowledge that many Subscribers cancel and rejoin Netflix on a frequent basis and therefore agree that the 365-day period described in this Subsection will commence on the Subscriber's most recent cancellation and will reset if the Subscriber rejoins Netflix within the 365-day period. The requirements of this Section 2.1.2 shall remain in effect and Netflix shall adhere to it for at least four (4) years from the Effective Date unless inconsistent with or otherwise permitted under any newly enacted or amended laws.

2.1.3    Netflix's performance of its obligations as outlined in Subsections 2.1.1 and 2.1.2, above, are subject to: (i) receiving confirmation from adverse parties in other pending cases against Netflix, or with the respective courts as needed, that performing such actions will not result in allegations of wrongful document destruction or spoliation, and (ii) any relevant document retention obligations imposed by litigation filed after the date that this Agreement is executed.

2.2    **Exceptions.**  The obligations set forth in Section 2.1 shall not apply in the following circumstances:

2.2.1    If a Subscriber, at or after the time he or she cancels his or her subscription, provides express consent to allow Netflix to continue to associate his or her Entertainment Content Viewing History with his or her Identification Information and Payment Method, Netflix will be under no obligation to perform the actions described in Subsection 2.1.1 or 2.1.2, above, with respect to that Subscriber and any related account for which that Subscriber has authority to provide consent.

2.2.2    The obligations described in Subsection 2.1 do not apply to Netflix's non-U.S. operations.

2.2.3    If Netflix ceases operating its DVD-by-mail service within four (4) years from the Effective Date, Netflix will no longer be subject to the obligations described in

Subsections 2.1.1 and 2.1.2 as it pertains to non-Settlement Class members. Nothing herein shall relieve Netflix of its obligations to comply with any and all applicable laws. Nothing in this Subsection 2.2.3 shall relieve Netflix of its obligations under Subsection 2.1.1, 2.1.2, and 2.1.3 as to the Settlement Class.

2.3 **Settlement Fund.** Netflix agrees to pay and shall deposit in the Escrow Account, as set forth below, the total sum of Nine Million Dollars ($9,000,000.00) in cash as a Settlement Fund. The Settlement Fund will be used for payment of: (i) Settlement Administration Expenses, (ii) *cy pres* distributions to the proposed *cy pres* recipients, as approved by the Court, (iii) any Fee Award or costs awarded to Class Counsel, and (iv) any Incentive Award awarded to the Class Representatives or Plaintiffs.

2.3.1 Within ten (10) days after entry of the Preliminary Approval Order, the Settlement Administrator will establish the Escrow Account. Within ten (10) days after entry of the Preliminary Approval Order or within ten (10) days of receiving wiring instructions from the Settlement Administrator, whichever is later, Netflix shall deposit into the Escrow Account the first installment of the Settlement Fund in the amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00).

2.3.2 Within thirty (30) days after the Effective Date, Netflix shall deposit into the Escrow Account the remaining balance of the Settlement Fund in the amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00).

2.3.3 The interest earned on such sum shall accrue to the benefit of the Settlement Fund, and the interest shall be transferred to the *cy pres* recipients per Subsection 2.4 below. The Settlement Administrator will maintain control over and be responsible for all disbursements from the Escrow Account. Other than as expressly set forth in this Settlement Agreement, and subject to its right to repayment described in Section 9, Netflix shall have no responsibility to manage, oversee or invest the money in the Escrow Account following deposit. The Settlement Fund shall be the limit and full extent of Netflix's monetary obligation to the Plaintiffs, the Settlement Class, and Class Counsel. Netflix does not and shall have no other financial obligation under this Agreement, including but not

1    limited to any notice or administration expenses, the Fee Award, or Incentive Award. In

2    addition, under no circumstances will Netflix have any liability for taxes or tax expenses

3    under this Agreement.

4        2.3.4    The Escrow Account shall be completely exhausted and the Settlement

5    Fund shall be paid out in full, and no monies shall revert to Netflix; provided, however,

6    that in the event the Court rejects the Final Order and Judgment, or if the settlement is

7    overturned or modified in a material way on appeal, all monies paid into the Escrow

8    Account shall be returned to Netflix within ten (10) days after entry of an order in which

9    the settlement was rejected, overturned or modified.

10   2.4    *Cy Pres*. After the Settlement Fund is used for payment of: (i) Settlement

11   Administration Expenses, (ii) the Fee Award, and (iii) the Incentive Award, the balance of the

12   Settlement Fund shall be distributed to the *Cy Pres* Recipients. The Parties agree that Plaintiffs

13   shall designate the *Cy Pres* Recipients pursuant to the following parameters, and subject to Court

14   approval:

15       2.4.1    The *Cy Pres* distribution shall be made to not-for-profit organizations,

16   institutions, and/or programs that educate users, regulators, and enterprises regarding

17   issues relating to protection of privacy, identity, and personal information through user

18   control, and to protect users from online threats.

19       2.4.2    The designated *Cy Pres* Recipients shall have no valid objectionable

20   affiliation with any party or counsel to the Action and Related Actions.

21       2.4.3    Upon execution of this Agreement by all signatories hereto, the Parties shall

22   begin soliciting proposals for the nomination of *Cy Pres* Recipients. Proposals from

23   potential not-for-profit organizations seeking nomination shall include the following

24   detailed information:

25           (i)  The organization's name and address;

26           (ii)  A description of an established program currently undertaking

27       policy or education efforts directed specifically at issues of technology, law, and

28       privacy;

CLASS ACTION SETTLEMENT AGREEMENT        - 13 -        CASE NO.: 5:11-cv-00379-EJD

(iii)  A short statement describing how this program benefits the Class;

(iv)  The overall annual operating budget of the organization and of the specific program;

(v)  The total amount of *cy pres* distribution sought;

(vi)  Disclosure of any connections, monetary or otherwise, between the organization and the Parties;

(vii) Disclosure of any connections, monetary or otherwise, between the organization and Class Counsel and Supporting Counsel; and

(viii) Disclosure of the amount received, if any, in contributions from the Parties or their counsel in 2011.

2.4.4    Proposals shall be sent electronically to NetflixPrivacyLitigation@edelson.com, or via USPS postmarked by the Proposal Deadline to:

> Edelson McGuire, LLC
> Attn: Netflix Privacy Litigation Cy Pres
> 350 N. LaSalle, Suite 1300
> Chicago, IL 60654

2.4.5    Any organization submitting a proposal which fails to include the information contained in Subsection 2.4.3 will not be considered for nomination. Proposals for nomination shall not exceed ten (10) pages.

2.4.6    All nomination proposals shall be submitted no later than the Proposal Deadline.  Counsel shall have no obligation to consider nomination proposals submitted after the Proposal Deadline.

2.4.7     After reviewing nomination proposals, the Parties shall meet and confer to select the final nominations for Court approval that the Parties believe will effectively and efficiently educate users, regulators, and enterprises regarding issues relating to protection of privacy, identity, and personal information online through user control, and to protect users from online threats, further the policies underlying the VPPA, and otherwise promote

the Class's interests. In evaluating these criteria, the Parties will consider the requested disbursement amounts and operating budgets when determining *cy pres* funding allocations.

2.4.8 No later than fourteen (14) days before the Objection Deadline, Class Counsel will make public, via the Settlement Website and direct notice to organizations that have submitted proposals, the organizations nominated for *cy pres* disbursements, along with their corresponding funding amounts.

2.4.9 All disputes arising out of the designation of the *Cy Pres* Recipients shall be referred to the Mediator for binding resolution in accordance with Subsection 11.4, below.

2.4.10 At the Final Approval Hearing, Class Counsel shall submit to the Court the proposed *Cy Pres* Recipients, along with their respective allocations of funding, and seek Court approval for such selected *Cy Pres* Recipients.

2.4.11 Payments to the *Cy Pres* Recipients shall be made by the Settlement Administrator from the Escrow Account within thirty (30) days after the Effective Date or as otherwise ordered by the Court.

## 3. RELEASES

3.1 The obligations incurred pursuant to this Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2 Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. This Agreement shall be the sole and exclusive remedy for any and all Released Claims against the Released Parties. No Released Party shall be subject to any liability or expense of any kind to any Releasing Party with respect to any Released Claim.

## 4. NOTICE TO THE CLASS

4.1 The Notice Plan and content shall be submitted for Court approval in the Preliminary Approval Order and shall consist of the following:

4.1.1. E-Mail Notice. Netflix (or in Netflix's sole discretion, the Settlement

Administrator) shall provide email notification to the email address last known by Netflix of any and all reasonably identifiable Settlement Class Members, in a form substantially similar to that attached as Exhibit A, which shall include a hypertext link to the Settlement Website. In the event that Notice sent by electronic mail to a Settlement Class Member results in a bounce-back or otherwise undeliverable message, Netflix shall re-send the Notice once by electronic mail, to the last known email address of such Settlement Class member.

    4.1.2.   Settlement Website.  With the involvement and approval of the Parties, the Settlement Administrator shall publish a traditional "long form" notice (substantially in the form attached hereto as Exhibit C) through the creation and maintenance of a Settlement Website through the Effective Date. The Settlement Website shall (1) notify Class Members of their rights to object to the Settlement Agreement or opt out of the Class; (2) notify Class Members that no further notice will be provided to them that the Settlement has been approved; and (3) inform Class Members that they should monitor the Settlement Website for further developments.

    4.1.3.   Publication Notice.  The Parties shall supplement direct notice with (1) a joint press release, in a form substantially similar to that attached as Exhibit B, announcing the settlement and listing the address of the Settlement Website, which Netflix shall cause to be wired to major news outlets and (2) placement of the Publication Notice in a half-page advertisement appearing in an issue of People Magazine; and (3) 60,000,000 impressions of an advertisement (100 x 100 pixels) on Facebook.com that is linked to the Settlement Website.

    4.2.    The Notice Plan set forth in Subsection 4.1, above, shall be established, and the emails and joint press release sent, within thirty (30) days of entry of the Preliminary Approval Order with publication notice to be completed within sixty (60) days of entry of the Preliminary Approval Order. All costs associated with implementing the Notice Plan, including the fees and costs of the Settlement Administrator, shall be paid out of the Settlement Fund.

    4.2.1   As set forth in Subsection 4.2, above, all costs associated with

implementing the Notice Plan, including the fees and costs of the Settlement Administrator, shall be paid out of the Settlement Fund.  Provided, however, that in the event the Effective Date does not occur, Netflix contends that Plaintiffs shall be required to reimburse Netflix for fifty percent (50%) of any costs associated with implementing the Notice Plan.  Plaintiffs dispute that they have any obligation to reimburse Netflix for any costs associated with implementing the Notice Plan irrespective of whether the Effective Date occurs.  Pursuant to the Memorandum of Understanding dated and signed February 1, 2012, the Parties agree that such dispute will be referred to the Mediator for resolution and that the decision of the Mediator shall be final and binding.

4.3      Within ten (10) days after the filing of this Agreement with the Court, Netflix shall notify the appropriate state and federal officials of this Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**5.      OPT-OUTS AND OBJECTIONS**

5.1      Except for those Persons who properly request exclusion pursuant to the procedures described below, all members of the Class will be deemed Class Members for all purposes under this Agreement.

5.2      A Class Member may request exclusion from the Class up through and including the Objection/Exclusion Deadline. To request exclusion, the Class Member must write to the Settlement Administrator stating a request to be "excluded" from the Class. The request must be signed by the Class Member. The request must be postmarked on or before the Objection/Exclusion Deadline. So-called "mass" or "class" opt-outs shall not be allowed.

5.3      The Parties shall have the right to challenge the timeliness and validity of any exclusion request. The Court shall determine whether any contested exclusion request is valid.

5.4      Within ten (10) days after the Objection/Exclusion Deadline, the Settlement Administrator will provide to Class Counsel and Defense Counsel a list of all Persons who opted out by validly requesting exclusion. In the event that the number of Persons who opted out exceeds a level separately agreed to by Class Counsel and Netflix, Netflix may elect to terminate this Agreement on the ground that exclusion at that level threatens to frustrate the essential

1    purpose of this Agreement. Netflix may exercise its right to terminate under this subsection by

2    notifying Class Counsel of its election no later than seven (7) days after receipt of the list of

3    Persons who opted out.

4          5.5     Settlement Class Members who have not requested exclusion from the Class shall

5    have the right to appear if they have any objection to the Court granting Final Approval to this

6    Agreement. Any objection to this Agreement must be in writing, filed with the Court, with a copy

7    delivered to Class Counsel and Defense Counsel at the addresses set forth in the Notice. The

8    written objection must include the Class Member's name and address, along with a clear statement

9    of the basis for the objection, including any arguments, citations, and evidence supporting the

10   objection (including copies of any documents relied on), state that he or she is a member of the

11   Settlement Class, and provide a statement whether the objector intends to appear at the Final

12   Approval Hearing with or without counsel. To be valid, the objection must be filed and sent to

13   Class Counsel and Netflix's counsel on or before the Objection/Exclusion Deadline approved by

14   the Court and specified in the Notice. Any Class Member who fails to timely file a written

15   objection and notice of his or her intent to appear at the fairness hearing pursuant to this

16   Subsection or as detailed in the Notice, shall not be permitted to object to this Settlement at the

17   fairness hearing, and shall be foreclosed from seeking any review of this Settlement by appeal or

18   other means.

19         5.6     The Parties shall have the right to respond to any objection no later than seven (7)

20   days prior to the Final Approval Hearing by filing a response with the Court that shall also be

21   served (by regular mail, hand or overnight delivery) on the objector (or counsel for the objector)

22   and to counsel for the other Party in the Action.

23   **6.    SETTLEMENT ADMINISTRATION**

24         6.1     The Settlement Administrator shall administer the relief provided by this

25   Agreement in a rational, responsive, cost effective, and timely manner. The Settlement

26   Administrator shall maintain reasonably detailed records of its activities under this Agreement.

27   The Settlement Administrator shall maintain all such records as are required by applicable law in

28   accordance with its normal business practices and such records will be made available to Class

1   Counsel and Netflix upon request. The Settlement Administrator shall also provide reports and

2   other information to the Court as the Court may require. The Settlement Administrator shall

3   provide Class Counsel and Defendant's Counsel with information concerning Notice, and

4   administration and implementation of the Settlement Agreement. Should the Court request, the

5   Parties shall submit a timely report to the Court summarizing the work performed by the

6   Settlement Administrator.

7         6.2.    Without limiting the foregoing, the Settlement Administrator shall receive

8   exclusion forms and other requests from Settlement Class Members to exclude themselves from

9   the Settlement Agreement and promptly provide to Class Counsel and Defendant's Counsel copies

10  thereof upon receipt. If the Settlement Administrator receives any exclusion forms or other

11  requests from Settlement Class Members after the deadline for the submission of such forms and

12  requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and

13  Defendant's Counsel.

14  **7.    TERMINATION OF SETTLEMENT**

15        7.1    Subject to Paragraph 10 below, the Class Representatives, on behalf of the

16  Settlement Class, or Netflix, shall each have the right to terminate this Agreement by providing

17  written notice of his or its election to do so ("Termination Notice") to all other Parties hereto

18  within twenty-one business (21) days, after any of the following events: (i) the Court's refusal to

19  grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to

20  grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the

21  Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment

22  is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or

23  (v) the date upon which an Alternative Judgment, as defined in Subsection 10.1 of this Agreement

24  is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

25  **8.    PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

26        8.1.    Class Counsel shall submit this Agreement together with its Exhibits to the Court

27  and shall move the Court for Preliminary Approval of the Settlement as set forth in this

28  Agreement, certification of the Settlement Class for settlement purposes only, appointment of

Class Counsel and the Class Representatives, and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve Notice for dissemination in accordance with the Notice Plan. Such Preliminary Approval Order, shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the Settlement and Final Judgment and do not limit the rights of the Settlement Class Members.

8.2     At the time of the submission of this Agreement to the Court as described above, Class Counsel and Defendant's Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

8.3     After Notice is given, the Parties shall request and obtain from the Court a Final Judgment. The Parties proposed Final Judgment Order is attached as Exhibit E. The Final Judgment will (among other things):

8.3.1    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

8.3.2    approve the Agreement and the proposed Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs, the Releasing Parties, and their heirs, executors and administrators, successors and assigns, based, in whole or in part, on the Released Claims;

8.3.3    find that the Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances, (2) constitute notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing,

(3) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

      8.3.4   find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

      8.3.5   dismiss the Action (including all individual Claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any Party except as provided in this Agreement;

      8.3.6   incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

      8.3.7   permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

      8.3.8   without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

      8.3.9   incorporate any other provisions, as the Court deems necessary and just.

## 9.    CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD

      9.1    The Parties have agreed that Class Counsel may seek a Fee Award, subject to Court approval, to be paid from the Settlement Fund. Netflix agrees that it will not object to, or otherwise challenge, directly or indirectly, Class Counsel's application for attorneys' fees of up to 25% of the Settlement Fund and for reimbursement of up to $25,000.00 in out of pocket costs. Class Counsel has, in turn, agreed not to seek or accept more than this amount from the Court. The

Settlement Administrator shall pay to Class Counsel the Fee Award from the Settlement Fund, no later than three (3) business days after the Final Approval Hearing, notwithstanding an appeal, objection, or challenge to the Court's entry of the Judgment or Final Approval Order and Judgment; provided, however, that Netflix is given adequate security for the recovery of amounts paid in the event of reversal on appeal of the final approval of this Settlement.

9.2     In addition to any benefits afforded under this Agreement, and in recognition of their effort on behalf of the Settlement Class, the Class Representatives and the Plaintiffs shall, subject to Court approval, receive a collective Incentive Award in the amount of Thirty Thousand Dollars ($30,000.00), as appropriate compensation for their time and efforts in the Action and Related Actions. Netflix agrees that they will not object to, or otherwise challenge, directly or indirectly, Class Counsel's application for a collective Incentive Award if limited to this amount. Class Counsel shall have the sole responsibility of ensuring that the collective Incentive Award is distributed appropriately to the Class Representatives and Plaintiffs.

9.4     Any amounts awarded pursuant to this Section 9 shall by paid by the Settlement Administrator from the Settlement Fund to Class Counsel, which shall be solely responsible for distributing the Fee Award to the Class Representatives, Plaintiffs, and Supporting Counsel. The amounts distributed to each of the Supporting Counsel shall be within the sole discretion of Class Counsel.

9.5     Any amounts awarded pursuant to this Section 9 shall be made within three (3) business days following an award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate repayments to Defendant or the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or return of the Settlement Fund is required. If the Order and Final Judgment approving the Settlement is reversed, a refund or repayment of the Fee Award plus accrued interest shall be made to Defendant or the Settlement Fund if and when: (a) the Fee Award and/or the Incentive Award are reduced, vacated, or

reversed, without remand, by non-appealable order of the United States Court of Appeals for the Ninth Circuit or by final, non-appealable, order of the United States District Court for the Northern District of California; (b) the Effective Date does not occur; (c) this Settlement is terminated or cancelled for any reason; (d) this Settlement is voided by any party; (e) the Fee Award and/or Incentive Award do not become final; or (f) the Settlement is not approved, or is reversed, or modified, without remand, by non-appealable order of the United States Court of Appeals for the Ninth Circuit or by final, non-appealable, order of the United States District Court for the Northern District of California. The full amount of the Fee Award and/or Incentive Award, or the amount by which any such fee or Incentive Award is reduced, or modified, without remand, by non-appealable order of the United States Court of Appeals for the Ninth Circuit or by final, non-appealable, order of the United States District Court for the Northern District of California shall be paid to Netflix within ten (10) business days of the date of the event requiring the refund and repayment as set forth in this Paragraph.

9.6     When an obligation to refund or repay the Fee Award and/or any part of the Incentive Award arises under the preceding Paragraph, Class Counsel shall be obligated to refund or repay Defendant or the Settlement Fund the full amount that is required to be refunded or repaid, plus accrued interest, regardless of whether any portion of the Fee Award and/or Incentive Award have already been distributed to any other person or entity, including Plaintiffs and Supporting Counsel. The obligations in this Section and the preceding Section shall survive and remain in full force and effect and be binding in all respects on Class Counsel, even if the Settlement is terminated, the Settlement is not approved, or the Effective Date does not occur.

**10.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

10.1    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

10.1.1  This Agreement has been signed by Class Counsel and Netflix;

10.1.2  The Court has entered the Preliminary Approval Order;

10.1.3  The Court has entered an order finally approving the Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and

10.1.4  The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

10.2  If some or all of the conditions specified in Subsection 10.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Subsection 10.3 unless Class Counsel and Netflix mutually agree in writing to proceed with this Agreement. If either Party is in material breach of the terms hereof, the other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to the non-compliant Party. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel set forth in Subsection 9.1 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

10.3  If this Agreement is terminated or fails to become effective for the reasons set forth in Subsections 5.4, 7.1, 10.1, or 10.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

**11.    MISCELLANEOUS PROVISIONS**

11.1  The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of

the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Netflix, or each or any of them, in bad faith or without a reasonable basis.

11.2    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

11.3    Whether or not the Effective Date occurs or this Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

11.3.1  is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

11.3.2  is, may be deemed, or shall be used, offered or received against Netflix as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

11.3.3  is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.

However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

11.3.4  is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial;

11.3.5  is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount; and

11.3.6 is, may be deemed, or, shall be construed as precedent or be admissible for any purpose in any proceeding; provided, however, that this Agreement shall be admissible in any proceeding related to the approval of this Agreement, to enforce any of its terms and conditions, to support or defend this Agreement in an appeal from an order granting or denying Final Approval, or to enforce or assert a claim or defense of res judicata, collateral estoppel, claim preclusion, issue preclusion, settlement, release, merger and bar, or any similar claim or defense against the Plaintiffs, any Class Member, or any third party. is, may be deemed, or shall be construed as affecting Netflix's ability to (1) oppose class certification in this Action should the Agreement not be approved or implemented; (2) oppose class certification in any Related Actions or in any other putative or certified class action should those actions not be dismissed; or (3) use the certification of the Class Members to oppose certification of any other proposed or existing class of Netflix

1    Subscribers.

2    11.4    All disputes arising out of or relating in any way to the drafting, finalization, or

3  consummation of this Agreement, or the obligations arising from the Settlement itself, will be

4  referred to the Mediator for binding resolution, first, by way of expedited telephonic mediation

5  and if unsuccessful, then by way of final, binding, non-appealable resolution. Nothing herein shall

6  be interpreted in any way as removing from the Court its traditional responsibility to review the

7  Settlement for its fairness, reasonableness, and adequacy when deciding whether to grant

8  Preliminary Approval or Final Approval.

9    11.5    The headings used herein are used for the purpose of convenience only and are not

10  meant to have legal effect.

11    11.6    The recitals are incorporated herein and made a part hereof.

12    11.7    The waiver by one Party of any breach of this Agreement by any other Party shall

13  not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

14    11.8    All of the Exhibits to this Agreement are material and integral parts thereof and are

15  fully incorporated herein by this reference.

16    11.9    This Agreement and its Exhibits set forth the entire agreement and understanding

17  of the Parties with respect to the matters set forth herein, and supersedes all prior negotiations,

18  agreements, arrangements and undertakings with respect to the matters set forth herein. No

19  representations, warranties or inducements have been made to any Party concerning this

20  Agreement or its Exhibits other than the representations, warranties and covenants contained and

21  memorialized in such documents.

22    11.10   This Agreement may be amended or modified only by a written instrument signed

23  by or on behalf of all Parties or their respective successors-in-interest.

24    11.11   Except as otherwise provided herein, each Party shall bear his or its own attorneys'

25  fees and costs.

26    11.12   Plaintiffs represent and warrant that they have not assigned any claim or right or

27  interest therein as against the Released Parties to any other Person or Party and that they are fully

28  entitled to release the same.

1      11.13   Each counsel or other Person executing this Agreement, any of its Exhibits, or any

2 related settlement documents on behalf of any Party hereto hereby warrants and represents that

3 such Person has the full authority to do so and has the authority to take appropriate action required

4 or permitted to be taken pursuant to the Agreement to effectuate its terms.

5      11.14   This Agreement may be executed in one or more counterparts, and may be

6 executed by facsimile or electronic signature. All executed counterparts and each of them shall be

7 deemed to be one and the same instrument provided that counsel for the Parties to this Agreement

8 all exchange original signed counterparts. A complete set of original executed counterparts shall

9 be filed with the Court if the Court so requests.

10      11.15   This Agreement shall be binding upon, and inure to the benefit of, the successors

11 and assigns of the Parties hereto and the Released Parties.

12      11.16.  The Court has and shall retain jurisdiction with respect to implementation and

13 enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the

14 Court for purposes of implementing and enforcing the settlement embodied in this Agreement. As

15 part of its continuing jurisdiction, the Court may amend, modify or clarify orders or judgments

16 issued in connection with this settlement upon good cause shown by a party.

17      11.17   This Agreement shall be governed by and construed in accordance with the internal

18 laws of the State of California without regard to conflicts of law principles that would direct the

19 application of the laws of another jurisdiction.

20      11.18   All Parties have contributed substantially and materially to the preparation of this

21 Agreement and it shall not be construed more strictly against one Party than another.

22      11.19   Where this Agreement requires notice to the Parties, such notice shall be sent to the

23 undersigned counsel: Jay Edelson, Edelson McGuire, LLC, 350 North LaSalle Street, Suite 1300,

24 Chicago, Illinois 60654; Keith Eggleton, Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road,

25 Palo Alto, California 94304.

26

27           [THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK. SIGNATURE PAGE
FOLLOWS.]

28

CLASS ACTION SETTLEMENT AGREEMENT    - 28 -    CASE NO.: 5:11-cv-00379-EJD

1    Dated: April __, 2012                By_____
                                              Jeff Milans, as an Individual and Class
2                                             Representative

3    Dated:  April __, 2012               By _____
                                              Peter Comstock, as an Individual and Class
4                                             Representative

5
6    Dated: April ___, 2012               Netflix, Inc.

7
                                          By _____
8
                                          Title _____
9    **IT IS SO STIPULATED:**

10

11   Dated: April ___, 2012               EDELSON MCGUIRE LLC
                                          Attorneys for Plaintiffs
12

13
                                          By _____
14                                             Jay Edelson
                                               Rafey S. Balabanian
15                                             Ari J. Scharg
                                               Chandler R. Givens
16

17
     Dated: April ___, 2012               WILSON SONSINI GOODRICH & ROSATI
18                                        Attorneys for Defendant Netflix, Inc.

19
                                          By _____
20                                             Keith E. Eggleton
                                               Rodney G. Strickland
21                                             Dale R. Bish

22

23

24

25

26

27

28

1

## **EXHIBITS**

2

**Exhibit A**    **Direct Email Notice**
**Exhibit B**    **Publication Notice**
**Exhibit C**    **Long Form Notice of Pendency of Class Action and Proposed Settlement**
**Exhibit D**    **[Proposed] Preliminary Approval Order**
**Exhibit E**    **[Proposed] Final Approval Order**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*In re Netflix Privacy Litigation*
Case No. 5:11-cv-00379-EJD (U.S. District Court for the Northern District of California)

This is a notice about a proposed class action settlement in which plaintiffs allege that Netflix improperly retains and has disclosed information about the movies and TV shows its subscribers viewed. Netflix denies that it has done anything wrong.

**Am I included?** You are receiving this email because Netflix's records show that you are a current or former Netflix subscriber and are therefore included in the settlement.

**What are the benefits of the settlement?** Under the Settlement, Netflix has agreed to change its data retention practices by decoupling (i.e., separating) Entertainment Content Viewing Histories (i.e., the movies and TV shows the customers watched) from identification information for former subscribers whose accounts have been cancelled for at least 365 days, subject to certain exceptions. In addition, Netflix will pay $9 million into a settlement fund that will be used to (i) make donations to a group of not-for-profit organizations, institutions or programs approved by the Court (such donations are called "cy pres", in legal speak), (ii) pay notice and settlement administration expenses, (iii) pay attorneys' fees and costs to Class Counsel, and (iv) pay an incentive award to the Plaintiffs. Full details about the benefits of the settlement can be found at [URL].

**Additional Rights.** Unless you request exclusion from the class, your rights will be affected. So, if you do nothing, your rights will be affected. Please visit [URL] to learn how to exclude yourself from the Settlement. Any requests for exclusion must be received by [DATE]. If you do not exclude yourself you will not be able to sue Netflix for any claim relating to the lawsuit. If you do not request exclusion, you may object to the Settlement by [date]. The Court will hold a hearing on [hearing date] to consider any objections, whether to approve the Settlement, whether to award attorneys' fees up to $2.25 million and out of pocket costs up to $25,000.00, and whether to award a collective incentive award of $30,000 (up to $5,000 for each of the six named plaintiffs). You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**For more information**, including a more detailed notice, a copy of the Settlement Agreement, and other documents, please visit the website [**insert website**], call [**toll-free phone number**], or write to [**insert settlement administrator's address**].

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE IN THIS CASE**

**EXHIBIT B**

**If You Are a Current or Former Netflix Subscriber,**
**in the United States as of [date of preliminary approval]**
**Your rights may be affected**
**as a member of a recently settled Class Action.**

*In re Netflix Privacy Litigation*, Case No. 5:11-cv-00379-EJD
(United States District Court for the Northern District of California)

A Settlement has been reached in a class action lawsuit *In re Netflix Privacy Litigation* in which plaintiffs allege that Netflix unlawfully retained and disclosed information about the movies and TV shows its current and former subscribers viewed.  Netflix denies that it has done anything wrong.

**Who's Included?**

You are included if you live in the U.S. or its territories and you are a current or former Netflix subscriber as of [**date of entry of preliminary approval**].

**What Is the Settlement?**

Under the Settlement, Netflix has agreed to change its data retention practices by decoupling (i.e., separating) Entertainment Content Viewing Histories (i.e., the movies and TV shows the customers watched) from identification information for former subscribers whose accounts have been cancelled for at least 365 days, subject to certain exceptions.  In addition, Netflix will pay $9 million into a settlement fund that, subject to Court approval, will be used to (i) make donations to a group of not-for-profit organizations, institutions or programs approved by the Court (such donations are called "cy pres", in legal speak), (ii) pay notice and settlement administration expenses, (iii) pay attorneys' fees of up to 25% of the Settlement Fund, and up to $25,000.00 in out of pocket costs to Class Counsel, and (iv) pay a collective incentive award of $30,000 to the Plaintiffs. Full details about the benefits of the settlement can be found at [URL].

After payment of settlement administration expenses, the attorneys' fees and costs to Class Counsel, and the collective incentive award to the Plaintiffs, donations will be made to the court-approved *cy pres* recipients. Proposals from potential *cy pres* recipients will be solicited, and, after consideration of such proposals, nominations will be made to the Court.  A list of the proposed *cy pres* recipients will be posted on the Settlement Website [**URL**] by [**Date**].  Full details about the process for selecting *cy pres* recipients are in Subparagraph 2.4.3 of the Settlement Agreement, which can be found by going to [URL].

**Your Options**

Unless you request exclusion from the class, your rights will be affected. If you do nothing, your rights will be affected. Please visit [URL] to learn how to exclude yourself from the Settlement. Any requests for exclusion must be received by [DATE].  If you do not exclude yourself you will not be able to sue Netflix for any claim relating to the lawsuit. If you do not request exclusion, you may object to the Settlement by [**date**]. The Court will hold a hearing on [**hearing date**] to consider any objections, whether to approve the Settlement, and whether to award attorneys' fees (up to $2.25 million) and a collective incentive award (up to $5,000 for each of the six named plaintiffs). You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

———————————————

**For more information, including full details about the Settlement:**

**[Toll Free Number] [website]**

**EXHIBIT C**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*In re Netflix Privacy Litigation*
**Case No. 5:11-cv-00379-EJD (U.S. District Court for the Northern District of California)**

## If you are a current or former Netflix subscriber, you may be part of a class action settlement

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT
AND, IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE
SETTLEMENT OR TO OBJECT TO THE SETTLEMENT

(*A federal court authorized this notice. It is <u>not</u> a solicitation from a lawyer*.)

Your legal rights are affected whether or not you act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | This is the only option that allows you to pursue claims alleged in the Action against Netflix by filing your own lawsuit at your own expense. |
| **OBJECT BY [DATE]** | Write to the Court about why you do not like the Settlement.  You must remain in the Settlement Class to object to the Settlement.  After filing a written submission, you may also appear at the Final Approval Hearing. |
| **DO NOTHING** | You will be bound by the terms of the Settlement Agreement and give up your right to sue. |

- These rights and options, and the deadlines to exercise them, are explained in this notice.

- The Court overseeing this case still has to decide whether to approve the settlement.

## 1. What is this notice and why should I read it?

This notice is to inform you of the settlement of a class action lawsuit entitled *In re Netflix Privacy Litigation*, No. 5:11-cv-00379-EJD (the "Action"), brought by the named plaintiffs on behalf of the Settlement Class, which is currently pending in the United States District Court for the Northern District of California. You need not live in California to get a benefit under the Settlement. The Court has granted preliminary approval of the Settlement and has set a final hearing to take place on **[date/time]** in the Robert F. Peckham Federal Building, 280 South 1st Street, **[Courtroom ###]**, San Jose, California 95113, to determine if the Settlement is fair, reasonable, and adequate, and to consider the request by Class Counsel for attorneys' fees, expenses, and an incentive award for the Plaintiffs. This notice describes the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this notice. Your legal rights are affected regardless of whether you act.

## 2. What is a class action lawsuit and what is this lawsuit about?

A class action is a lawsuit in which one or more plaintiffs sue on behalf of themselves and other people who have similar claims. Here, several former Netflix subscribers (the "Named Plaintiffs"), brought suit against Netflix on their own behalf and on behalf of other subscribers like them on claims that Netflix unlawfully retained and disclosed information, including records of the movies and TV shows its subscribers viewed, in violation of the Video Privacy Protection Act and other laws. Netflix has denied that it did anything wrong.

On March 1, 2012, the Plaintiffs agreed to settle their claims against Netflix on behalf of all members of the Settlement Class and have entered into a written agreement entitled "Settlement Agreement and Release." The individuals on whose behalf the settlement has been made are called "Settlement Class members." The individuals who make up the Settlement Class (*i.e.*, the Settlement Class members) are described in section 4 below.

The Settlement has been preliminarily approved by the Court. Nevertheless, because the settlement of a class action determines the rights of all members of the proposed class, the Court in which this lawsuit is pending must give final approval to the Settlement before it can take effect.

The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be given this notice and the opportunity to exclude themselves from the Settlement Class, object to the Settlement, and to explain how those who do not exclude themselves from the Settlement Class will have their rights affected by the Settlement Agreement. If the Settlement is not given final approval by the Court, or the Parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no Settlement and no certification of the Settlement Class.

In this case, the Defendant is Netflix, Inc. (hereinafter "Defendant" or "Netflix"). Together the Plaintiffs and Defendant are referred to in this notice as the "Parties."

### 3.   Why is there a settlement?

The Court has not decided in favor of either side in the case.  Defendant denies all allegations of wrongdoing or liability against it and asserts that its conduct was lawful.  Plaintiffs and their attorneys believe that the Settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals. Defendant is settling to avoid the expense, inconvenience, and inherent risk and disruption of litigation.

### 4.   Who is included in the settlement?

The class covered by the Settlement is defined as follows:  Any person in the United States who, at one or more times as of the date of entry of Preliminary Approval, is or had been a subscriber of Netflix. Excluded from the Settlement Class are the following: (i) the Settlement Administrator, (ii) the Mediator, (iii) any respective parent, subsidiary, affiliate or control person of the Defendant or its officers, directors, agents, servants, or employees as of the date of filing of the Action, (iv) any judge presiding over the Action and the immediate family members of any such Person(s), (v) persons who execute and submit a timely request for exclusion, and (vi) all persons who have had their claims against Defendant fully and finally adjudicated or otherwise released.

### 5.   What does the settlement provide?

**A.        Injunctive Relief**. Netflix has agreed to change its data retention practices so that it separates (known as "decoupling") Entertainment Content Viewing History (i,e, movies and TV shows that someone watched) from identification information for those subscribers who have not been a Netflix for at least 365 days, subject to certain exceptions.  Full details about the injunctive relief under the Settlement are in Subparagraphs 2.1 and 2.2 of the Settlement Agreement, which can be found by going to [URL].

**B.        Payment to the Settlement Fund**.  Netflix has also agreed to establish a $9 million ($9,000,000) settlement fund that, subject to Court approval, will be used to: (i) make *cy pres* donations to not-for-profit organizations, institutions and/or programs approved by the Court, (ii) pay notice and settlement administration expenses, (iii) pay the Fee Award (attorneys' fees and out of pocket costs) to Class Counsel, and (iv) pay a collective incentive award to the Plaintiffs. The Parties have agreed that Netflix will not oppose plaintiffs' request for attorney's fees of no more than twenty-five percent (25%) of the Settlement Fund, i.e., $2,250,000.00, and up to $25,000.00 for out of pocket costs.

After the Settlement Fund is used for payment of settlement administration expenses, the attorneys' fees and costs to Class Counsel, and the collective incentive award to the Plaintiffs, the balance of the Settlement Fund shall be distributed to the *cy pres* recipients approved by the Court. Proposals from potential *cy pres* recipients will be solicited and after consideration of such proposal, nominations will be made to the Court. A list of the proposed *cy pres* recipients will be posted on the Settlement Website [URL] by [Date]. Full details about the process for selecting *cy pres* recipients are in Subparagraph 2.4.3 of the Settlement Agreement, which can be found by going to [URL].

3

| **6.   Who represents the Settlement Class?** |
| --- |

      **A.**      **Class Representatives**.  For purposes of the Settlement, the Court has appointed Plaintiffs Jeff Milans and Peter Comstock as Class Representatives. There are four other named plaintiffs who filed claims.  Under the Settlement Agreement, each of the six named plaintiffs may seek an incentive award of $5,000 each ($30,000 collectively).

      **B.**      **Settlement Class Counsel.**  The Court has approved the appointment of Jay Edelson, Rafey S. Balabanian, Ari J. Scharg, and Chandler R. Givens of Edelson McGuire LLC as Settlement Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

      From the beginning of the case in 2011 to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred.  Class Counsel will apply to the Court for an award of attorneys' fees of twenty-five percent (25%) of the Settlement Fund and up to $25,000.00 in out of pocket costs.  Defendant has agreed not to oppose Class Counsel's application for an award of attorneys' fees if limited to this amount.  If the Court approves the attorneys' fee application, it will be paid from the Settlement Fund established by Netflix.  The Settlement Class members will not have to pay anything toward the fees or expenses to Class Counsel.  Class Counsel will seek final approval of the settlement on behalf of all Settlement Class members.  You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

| **7.   How can I exclude myself from the Settlement Class?** |
| --- |

You can "exclude" yourself from the Settlement Class by following the steps set forth below. If you choose to exclude yourself from the Settlement Class, you may pursue whatever legal rights you have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be "excluded" from the Class in In re Netflix Privacy Litigation, No. 5:11-cv-00379-EJD. Your exclusion request must include your name, address, telephone number, signature, and a signed statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in In re Netflix Privacy Litigation." Your exclusion request must be postmarked no later than [Date], and sent to the Settlement Administrator at the following address: [insert address].

A request for exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not received on time, will not be valid and the person[s] asking to be excluded will be  bound as class member(s) by the Settlement.

If you elect to opt-out of the Settlement, you will (i) not have any rights as a member of the Settlement Class pursuant to the Settlement, (ii) not be bound by any further orders or judgments in this case, and (iii) remain able to file your own lawsuit at your own expense.

If you do not opt-out, you will be bound by further orders and judgments in the case and, if the

Settlement is approved, your claims (as defined in the Settlement Agreement) will be released and you will not be able to sue Netflix for any claim relating to the lawsuit.

| **8.  How can I Object to the Settlement?** |
| --- |

If you do not exclude yourself from the Settlement Class, you or your attorney can object to the Settlement and have the right to appear before the Court to do so. **Your objection to the Settlement must be in writing, filed with the Court and served on the attorneys for the Parties at the following addresses**:

| **Clerk of the Court** | **Settlement Class Counsel** | **Defendant's Counsel** |
| --- | --- | --- |
| Clerk of the Court | Jay Edelson | Keith E. Eggleton |
| United States District Court for | Rafey S. Balabanian | Rodney Strickland |
| The Northern District of | Ari J. Scharg | Dale Bish |
| California (San Jose Division) | Chandler R. Givens | Wilson Sonsini Goodrich |
| Robert F. Peckham Federal | Edelson McGuire LLC | & Rosati |
| Building | 350 N. LaSalle, Suite 1300 | 650 Page Mill Road |
| 280 South 1st Street | Chicago, IL 60654 | Palo Alto, CA 94304 |
| San Jose, CA 95113 | | |

The objection must be in writing and include the case name *In re Netflix Privacy Litigation*, No. 5:11-cv-00379-EJD, and:  (a) the Settlement Class member's full name, current address and telephone number; (b) a statement that he or she is a member of the Settlement Class; (c) the specific grounds for the objection; (d) all documents or writings that such Settlement Class member desires the Court to consider; and (e) a notice of intention to appear (if any).  If you intend to appear at the fairness hearing through counsel, your objection must also state the identity of all attorneys representing you who will appear at the fairness hearing.

If you do not submit a written objection on the proposed Settlement or the application of Plaintiffs' counsel for incentive awards and attorneys' fees and expenses in accordance with the deadline and procedure set forth above, and you are not granted relief by the Court, you will waive your right to be heard at the fairness hearing.

| **9.  What is the effect of final settlement approval?** |
| --- |

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment, and dismiss the case.  The release by Settlement Class members will take effect.  All members of the Settlement Class will release any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, suits, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VPPA, the CCRA, the UCL, a contract, or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of

or relating in any way to, the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged retention and disclosure of Plaintiffs' and the Settlement Class's personally identifiable information, Entertainment Content Viewing History, and other information, including but not limited to all claims that were brought, alleged, argued, raised, or asserted in any pleading or court filing in the Action.

Whether you consider the Settlement favorable or unfavorable, any and all members of the Settlement Class who do not exclude themselves from the Settlement Class will **not** be permitted to continue to assert released claims in any other litigation against Defendant or other persons and entities covered by the release.  You can obtain a copy of the Settlement Agreement online at [settlement website], or by writing to the Settlement Administrator at [insert].  If you do not wish to be a Settlement Class member, you must exclude yourself from the Settlement Class (see Question No. 7, above).

**If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached.  There can be no assurance that if the Settlement is not approved and the case resumes, the Settlement Class will recover more than is provided for under the Settlement, or will recover anything at all.**

| **10. When and where will the Court hold a hearing on the fairness of the Settlement?** |
| --- |

A fairness hearing has been set for [**Date/Time**], before Judge Edward J. Davila in his courtroom at the United States District Court for the District of the Northern District of California (San Jose Division), Robert F. Peckham Federal Building, 280 South 1st Street, Courtroom 4 – 5th Floor, San Jose, California 95113.  **At the hearing, the Court will hear any objections to the proposed settlement, including the amount requested by Settlement Class Counsel for attorneys' fees and expenses.  You do not need to attend this hearing.  You also do not need to attend to have your objection considered by the Court.**

<u>Note:</u>  The date and time of the fairness hearing are subject to change by Court Order.  Any changes to the date and time of the fairness hearing will be posted to the Settlement Website.

| **11. Do I have to come to the fairness hearing?  May I speak at the hearing?** |
| --- |

You do not need to attend the fairness hearing to remain a class member.  You or your own lawyer may attend the hearing if you wish, at your own expense.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Settlement Class counsel for attorneys' fees and expenses by following the instructions in number 8 above.

| **12. What happens if I do nothing at all?** |
| --- |

If you do nothing, you will be part of the Settlement Class and subject to the release described in Paragraph 3 of the Settlement Agreement; this means you will not be permitted to continue to assert released claims in any other case against Defendant or other persons and entities covered

by the release.  Please refer to Paragraph 3 of the Settlement Agreement for a full description of the claims and persons who will be released upon final approval of the Settlement.

| **13. Where do I get additional information?** |
| --- |

This notice provides only a summary of the matters relating to the Settlement.  For more detailed information, you may wish to review the Settlement Agreement.  You can view the Settlement Agreement and get more information at [website].  You can also get more information by calling toll-free [number].  The Settlement Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the Northern District of California (San Jose Division), Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, California 95113.

If you would like additional information, you can write to Settlement Class Counsel at the address listed in Question No. 8.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT**

**EXHIBIT D**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *IN RE: NETFLIX PRIVACY LITIGATION,* ) | Case No. 5:11-cv-00379-EJD |
| ) | |
| ) | [Hon. Edward J. Davila] |
| ) | |
| ) | |
| _____ ) | |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, a class action is pending before the Court entitled *In re Netflix Privacy Litigation*, Case No. 5:11-cv-00379-EJD; and

WHEREAS, Plaintiffs and Defendant Netflix, Inc. (hereinafter "Netflix" or "Defendant") have entered into a Settlement Agreement dated [**Date**], which, together with the exhibits attached thereto sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Netflix upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the motion of Plaintiffs for preliminary approval of the Settlement Agreement, and good cause being shown,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.    Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.    The Plaintiffs have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties, hereby preliminarily approves the Settlement

Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 19 of this Order.

3.      This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

4.      The Court preliminarily finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the class set forth below. The Court further preliminarily finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arms' length negotiations between experienced class action attorneys assisted by United States District Judge Layn R. Phillips (ret.); (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Settlement Class Certification**

5.      For purposes of settlement only: (a) Jay Edelson, Rafey S. Balabanian, Ari J. Scharg, and Chandler R. Givens of Edelson McGuire LLC are preliminarily appointed Class Counsel for the Settlement Class; and (b) Jeff Milans and Peter Comstock are preliminarily named Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that the Class Representatives will adequately protect the interests of the class defined below.

6.      For purposes of settlement only, the Court certifies the following class as defined in the Settlement Agreement:

Any person in the United States who, at one or more times as of the date of entry of Preliminary Approval, is or had been a subscriber of Netflix. Excluded from the Settlement Class are the following: (i) the Settlement Administrator, (ii) the Mediator, (iii) any respective parent, subsidiary, affiliate or control person of the Defendant or its

officers, directors, agents, servants, or employees as of the date of filing of the Action, (iv) any judge presiding over the Action and the immediate family members of any such Person(s), (v) persons who execute and submit a timely request for exclusion, and (vi) all persons who have had their claims against Defendant fully and finally adjudicated or otherwise released.

7.     The Court finds for settlement purposes only and subject to the Final Approval Hearing referred to in Paragraph 19 below that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims of the Class Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the Settlement Class; common questions of law or fact predominate over questions affecting individuals members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

8.     Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

9.     The Court approves, as to form, content and distribution, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits A, B, and C thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise the members of the Settlement Class of the pendency of this action, the terms of the Settlement

- 3 -

Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. In addition the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10.     [Settlement Administrator] is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

11.     The Parties and Settlement Administrator are directed to proceed with the Notice Plan as set forth in section 4 of the Settlement Agreement.

**Exclusion**

12.     Members of the Settlement Class who wish to exclude themselves from the class may do so by complying with the exclusion procedures set forth below. Any members of the Settlement Class who timely request exclusion consistent with those procedures shall not be bound by the terms of the Settlement Agreement.

13.     To request exclusion, the Class Member must complete, sign, and mail to the Settlement Administrator a request for exclusion. The request must be signed by the Class Member. The request must be postmarked on or before the Exclusion Deadline, which shall be a date designated in the Notice that is no fewer than fourteen (14) days after papers supporting the Fee Award are to be filed (see paragraph 21 below). So called "mass" or "class" opt-outs shall not be allowed.

14.     Settlement Class Members who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their Claims. However, Settlement Class members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections**

15.     Any member of the Settlement Class who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the award to the Class Representatives. Settlement Class members may object on their own, or may do so through separate counsel at their own expense.

16.     To object, Settlement Class members must sign and file a written objection no later than on or before the Objection/Exclusion Deadline [**Date**]. To be valid, the objection must (a) include his/her full name, current address, telephone number; (b) state that he or she is a member of the Settlement Class; (c) provide all arguments, citations, and evidence supporting the objection; (d) include copies of any documents relied on or that the objector wishes the Court to consider; and (e) include a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel. Settlement Class Members who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 19 below.

17.     To be valid, objections must be filed with the Court and sent to Class Counsel, Jay Edelson, Edelson McGuire LLC, 350 North LaSalle, Suite 1300, Chicago, IL 60654 and Defendant's Counsel, Keith E. Eggleton, Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304.

18.     Any response to objections, if any, shall be filed no less than seven (7) days prior to the Fairness Hearing.

**Fairness Hearing**

19.     The Final Approval Hearing shall be held before this Court on [**Date**], at the Robert F. Peckham Federal Building, Courtroom 4 – 5th Floor, 280 South 1st Street, San Jose, California to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should

- 5 -

be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representatives. The Court may reschedule the Fairness Hearing without further notice to the Settlement Class Members.

20.     Plaintiffs shall submit papers in support of final approval of the Settlement no later than 35 days before the Fairness Hearing.

21.     Class Counsel's final application for any Fee Award, and any documents submitted in support thereof, shall be filed no later than 35 days before the Fairness Hearing.

**Further Matters**

22.     All further proceedings in the Action are ordered stayed until the Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement. In order to protect its jurisdiction to consider the fairness of this Settlement Agreement and to enter a Final Order and Judgment having binding effect on all Class Members, the Court hereby enjoins all Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address any parties' or Class Members' rights or claims relating to, or arising out of, any of the Released Claims.

23.     Members of the Settlement class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24.     If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision

related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted Settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2012.

_____
HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

|  |  |  |
|---|---|---|
| *IN RE: NETFLIX PRIVACY LITIGATION* | ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:11-cv-00379-EJD<br><br>Honorable Edward J. Davila<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE.** |

Pending before the Court is Plaintiff's Motion for Final Approval of Class Action Settlement (Dkt. ##) and Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Incentive Award (Dkt. ##) (the "Motions"). The Court, having reviewed the papers filed in support of and in opposition to the Motion, heard argument of counsel, and good cause appearing therein, Plaintiff's Motion is hereby GRANTED and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the parties' April [XX], 2012 Class Action Settlement Agreement (the "Settlement Agreement").

2. This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

3. On [date of preliminary approval], this Court granted Preliminary Approval of the Settlement Agreement and preliminary certified a settlement class consisting of:

Any person in the United States or its territories who, at one or more times as of the date of entry of Preliminary Approval, is or had been a subscriber of Netflix. Excluded from

the Settlement Class are the following: (i) the Settlement Administrator, (ii) the Mediator,
(iii) any respective parent, subsidiary, affiliate or control person of the Defendant or its
officers, directors, agents, servants, or employees as of the date of filing of the Action,
(iv) any judge presiding over the Action and the immediate family members of any such
Person(s), (v) persons who execute and submit a timely request for exclusion, and (vi) all
persons who have had their claims against Defendant fully and finally adjudicated or
otherwise released.

4.     Attached hereto and incorporated into this Order as Appendix A is a schedule of
all such persons who have timely and validly requested to be excluded from the Settlement
Class.

5.     This Court now affirms certification of the Settlement Class and gives final
approval to the settlement and finds that the Settlement Agreement is fair, reasonable, adequate,
and in the best interests of the Settlement Class. The complex legal and factual posture of this
case, and the fact that the Settlement Agreement is the result of arms' length negotiations
presided over by a neutral mediator support this finding. The Class Representatives and Class
Counsel adequately represented the Settlement Class for purposes of entering into and
implementing the Settlement Agreement. Accordingly, the Settlement Agreement is hereby
finally approved in all respects, and the Parties are hereby directed to perform its terms.

6.     The Court-approved Notice Plan to the Settlement Classes, as set forth in the
Preliminary Approval Order on [**Preliminary Approval Date**], was the best notice practicable
under the circumstances and included comprehensive nationwide newspaper publication, website
publication, and direct e-mail notice. The Notice Plan has been successfully implemented and
satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process.

7.     The Court finds that the Defendant properly and timely notified the appropriate
state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act
of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's
notice and accompanying materials, and finds that they complied with all applicable
requirements of CAFA.

8.      Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the action on the merits and with prejudice.

9.      Upon the Effective Date of this settlement, Plaintiffs and each and every Settlement Class Member, fully, finally, completely and forever, release, acquit and discharge each released Party from any and all Released Claims, except that released Claims shall not extend to claims that are asserted in the case of *Mollett v. Netflix, Inc*., No.: 5:11-cv-01629-EJD as of the date of the Settlement Agreement.

10.     Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members, Releasing Parties, and their heirs, executors, and administrators, successors, and assigns. All Settlement Class Members who have not been properly excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of the Released Claims.

11.     Netflix is hereby ordered to implement and comply with Sections 2.1 and 2.2 of the Settlement Agreement regarding the injunctive relief made available to the Settlement Class Members.

12.     Defendant shall pay the Fee Award and Incentive Award, as set forth in the accompanying Order Approving Fees and Incentive Award, pursuant to and in the manner provided by the terms of the Settlement Agreement.

13.     Other than as set forth in the accompanying Order Approving Fees and Incentive Award, the Parties shall bear their own costs and attorneys' fees.

14.     This Court hereby directs entry of this Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

15.     This Final Judgment and order of dismissal with prejudice, the Settlement

Agreement, the settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission or concession by or against the Parties with respect to any fault, wrongdoing, or liability, or of the validity of any Claim or defense, or of the existence or amount of damages, or that the consideration to be given under the Settlement Agreement represents an amount equal to, less than or greater than the amount that could have or would have been recovered after trial.

16.    The Parties, without further approval from the Court, are hereby permitted to agree and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of Settlement Class Members.

17.    Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over, *inter alia*, (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all Parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the Parties has been performed pursuant to the Settlement Agreement.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2012

_____
HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT COURT