Steve A. Miller (CA Bar No. 171815)
Steve A. Miller, P.C.
1625 Larimer St., Ste. 2905
Denver, CO 80202
Ph. 303.892.9933
Fax 303.892.8925
email: sampc01@gmail.com
Attorney for Objectors
Hugh Ramsey
Stephen Griffis

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: NETFLIX PRIVACY LITIGATION | Case No.: 5:11-CV-00379 EJD |
| APPLIES TO ALL ACTIONS | **OBJECTION TO SETTLEMENT AND MOTION FOR ATTORNEY'S FEES** |

NOW COME class members Hugh Ramsey, 1809 Haver St., Houston, TX 77006 and Stephen Griffis, 5008 NW 164th Terr., Edmond, Oklahoma 73013, and object to the proposed settlement in this case, as well as to Class Counsel's request for attorney's fees. Objectors intend to appear at the fairness hearing scheduled for December 5, 2012 through undersigned counsel.

**I.     The Settlement Must Be Rejected Because $9 Million Is Inadequate, And Named Plaintiffs Are Inadequate For Filing This Action, Which Is Not Superior To The Alternatives.**

This case is virtually indistinguishable from the one rejected by the Central District of California in *Fraley v. Facebook, Inc.*, 2012 U.S. Dist. LEXIS 116526 (CD Cal. 2012). There, the court stated that the theoretical statutory damages of $1 billion rendered the proposed $10 million *cy pres* payment inadequate:

1

California Civil Code §3344, however, under which plaintiffs' claims are brought, provides for statutory damages of $750 for any violation. It very well may be, as Facebook argues, that plaintiffs' chances of obtaining a judgment awarding such statutory damages to class members are remote, but their potential availability must be considered in evaluating the fairness of any settlement. Merely pointing to the infeasibility of dividing up the agreed-to $10 million recovery, or the relatively small per-use revenue Facebook derived, is insufficient, standing alone, to justify resort to purely *cy pres* payments.

*Id*. at *5.

Here, Class Counsel concedes that their requested statutory damages under the VPPA for 62 million class members would be $155 billion, or $2500 per class member. While no one contends that recovery of this amount would be a realistic possibility, the availability of a recovery of $2500 per class member calls into question both the lead plaintiffs' and class counsel's adequacy, and the superiority of a class action for resolving this case. Individual actions by those class members motivated enough to seek compensation is far superior to the *cy pres* and proposed injunctive relief. The Central District in *Fraley* alluded to these issues when it questioned whether "a class size is simply too large for direct monetary relief ... or ... are some class actions simply too big to settle?" *Id*. at *6. Where, as here, the plaintiffs filed this case knowing when they did so that they were alleging statutory damages that were unrecoverable due to the annihilative damages doctrine, they were betraying their inadequacy and the fact that this lawsuit is purely fee-driven.[1] The fact of the matter is that there was never any prospect of monetary recovery for the class in this lawsuit. *Cf. In re Aqua Dots Prod. Liab. Litig.*, 635 F.3d 748 (7th Cir. 2011) (holding class representatives failed to meet Rule 23(a)(4) adequacy requirement because they permitted class counsel to bring class litigation to benefit themselves, rather than their putative class clients).

---

[1] The named plaintiffs have sought incentive awards of $3000 to $6000, thus ensuring that for them this action has delivered more than they could have recovered in an individual action. For the rest of the class, however, this action will deliver nothing but bar them from ever seeking statutory damages for the VPPA violations.

The injunctive relief cannot justify the inadequacy of the damages here. The Central District rejected the argument that good injunctive relief can render paltry compensatory relief immaterial. "[T]he cy pres payment is compensation for past alleged wrongdoing." *Id*. at *8. The inadequacy of the *cy pres* fund here is compounded by the fact that all of the *cy pres* recipients are advocacy groups whose objectives are to secure additional safeguards similar to the injunctive relief agreed to by Netflix. This means that the *cy pres* funds, which are supposed to be compensatory, are really just additional future injunctive relief, and not compensation for past wrongdoing. None of the *cy pres* recipients stand in the shoes of the class. *See Nachsin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011).

## CONCLUSION

For the foregoing reasons, this Court should DENY approval to the proposed settlement.

Respectfully submitted,

s/Steve A. Miller
Steve A. Miller
Steve A. Miller, P.C.
1625 Larimer St., Ste. 2905
Denver, CO 80202
Ph. 303.892.9933
Fax 303.892.8925
email: sampc01@gmail.com
Attorney for Objectors
Hugh Ramsey
Stephen Griffis

**CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the foregoing was filed with the Clerk of Court using CM/ECF on November 13, 2012 and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and a copy of the foregoing was mailed via U.S. Mail, First Class Postage Prepaid to the following:

| | |
|---|---|
| Jay Edelson | Keith E. Eggleton |
| Rafey S. Balabanian | Rodney Strickland |
| Ari J. Scharg | Dale Bish |
| Chandler R. Givens | Wilson Sonsini Goodrich & Rosati |
| Edelson McGuire LLC | 650 Page Mill Road |
| 350 N. LaSalle, Suite 1300 | Palo Alto CA 94304 |
| Chicago, IL 60654 | |

                                                           By: /s/ Steve A. Miller