UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FILED
NOV 8 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN RE: NETFLIX PRIVACY LITIGATION,  ) Case No.: 5:11-cv-00379-EJD
) [Hon. Edward J. Davila]

### OBJECTION TO SETTLEMENT OF TERI MICHIGAN

Teri Michigan, by her attorney Paul D. Wexler, hereby objects to the settlement on the grounds that it is not fair, reasonable and adequate to the class. Ms. Michigan is a member of the class. She resides at 626 James Street, Pelham Manor, New York 10803, telephone 914-738-9506.

The settlement should be rejected. The settlement provides Netflix with a release for all of the claims against it, provides millions of dollars in legal fees to class counsel, $30,000 in awards to the class representatives and nothing to the class members. As shown below, the use of the *cy pres* doctrine is not appropriate in a case such as this. It renders the entire settlement flawed.

Ms. Michigan intends to appear at the hearing by undersigned counsel in support of her objections.

1

## THE CY PRES DOCTRINE IS NOT PROPER HERE

The linchpin of this settlement is the improper use of the *cy pres* doctrine to award approximately $7 million of the class' damages to non- parties. As the Circuit has noted, a *cy pres* distribution in the class action context is only proper "'where the proof of individual claims would be burdensome or distribution of damages costly...'*Nachsin v. AOL, LLC*, 663 F. 3d 1034, 1038 (9th Cir. 2011)(quoting *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301,1305(9th Cir. 1990)", quoted by the court in *Dennis v. Kellogg Company*, ____F.3d ___ , 2012 WL 3800230 (9th Cir. Sept. 4, 2012). In this case, there has been no showing of either element.

First, unlike in many class actions, the damages alleged here are liquidated statutory damages. The Video Privacy Protection Act, 18 U.S.C. § 2710, relied upon in the complaint, provides for a minimum $2500 in liquidated damages (plus attorneys fees). Similarly, the California Civil Code § 1798.80-84, also cited in the complaint, provides a $500 penalty. It is obvious that these damages would not be difficult to calculate where both the amount of the fund and the identities of class members are known to Netflix.

Second, it appears that the distribution of damages to class members would be relatively simple. Upon information and belief, most of the class members are still Netflix subscribers and their accounts can be credited for the settlement amounts in some fashion. As Netflix presumably retains contact information for most of the class members who are no longer Netflix subscribers, these people can be easily notified and given the opportunity to submit a claim if they choose. This is the procedure employed by the

2

states' attorneys general in settlement of antitrust claims against electronic book publishers reached just last month. See, www.EBookAGSettlements.com.

Despite the relative ease of distribution, for no apparent reason, class counsel has chosen to give away the class' money to 20 non-profits who presumably have lost nothing. While these recipients may be worthy of public or private support, there is no indication of how class members are benefitted by an award to these organizations. In order to justify a *cy pres* distribution, there must be a "driving nexus between the plaintiff class and the cy pres beneficiaries". See, *Nachsin v. AOL, LLC*, 663 F. 3d at 1038. *See, Fraley v. Facebook*, 11 cv 01726 "Order Denying Motion for Preliminary Approval Of Settlement Agreement, Without Prejudice" denying preliminary approval of a settlement based on *cy pres* distribution absent a detailed fact record as to why it is necessary. The record does not support this "driving nexus".

## THE COURT MUST APPLY A HEIGHTENED SCRUTINY TO THIS SETTLEMENT

The parties have reached this settlement before a class was certified and thus it is subject to a higher standard of fairness. *Lane v. Facebook, Inc.*, __F.3d____, 2012 WL 4125857 (9th Cir. Sept. 20, 2012). This heightened duty is enhanced as plaintiffs' counsel have obtained a "clear sailing agreement" from Netflix, which has agreed not to oppose their fees or incentive awards up to the stated amount. As the Circuit observed in *In re Bluetooth Headset Products Liability Lit.*, 654 F.3d 935, 942 (9th Cir. 2011) "…when confronted with a clear sailing provision, the district court has a heightened duty to peer into the provision and scrutinize closely the relationship between attorneys

3

fees and benefit to the class...", citing *Staton v. Boeing Co.*, 327 F.3d 938, 963-64 (9th Cir. 2003).

While plaintiffs' counsel suggests that the case was relatively weak and the damages difficult to prove, it appears that there has been little, if any, discovery here. It appears that shortly after the case was filed, the parties mediated the case for one day and settled it without any ability to determine what actually occurred. The fact that the case was mediated before a retired federal judge is "not dispositive of whether the end product is a fair, adequate and reasonable settlement agreement". *In re Bluetooth Headset Products Liability Litigation*, 634 F. 3d 935, 948 (9th Cir. 2011)

Finally, the utilization of a settlement coupled with a fee award of $2.25 million to counsel and $30,000 in incentive awards to the six class representatives creates a conflict between the interests of the class and its representatives. The class representatives and counsel have a significant interest in finalizing this settlement; the class has no interest at all in the matter. In fact, the class is far better off if this settlement is rejected as it gets nothing and gives up the right to sue in the future. In and of itself, this conflict should be sufficient to require rejection of the settlement. *See, Molski v. Gleich,* 318 F.3d 937 (9th Cir. 2003); *Crawford v. Equifax Payment Services Inc.* 201 F.3d 877, 881 (7th Cir. 2000) (rejecting settlements where class counsel is paid to go away and the class gets nothing except loss of the right to pursue future class relief).

As the proposed settlement is not fair, reasonable and adequate, it should be rejected.

November 1, 2012

*[signature: Paul D. Wexler]*

Paul D. Wexler

757 Third Avenue
18th Floor
New York, New York
(212) 418-8692

Attorney for Objector
Teri Michigan

To: Jay Edelson, Esq.
    Edelson McGuire, LLC
    350 North La Salle Street
    Suite 1300
    Chicago, Ill. 60654

    Attorneys for Plaintiffs

    Keith E. Eggleton, Esq.
    Wilson Sonsini Goodrich & Rosati
    650 Page Mill Road
    Palo Alto, CA 94304

    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2012, I caused true copies of this document to be sent to the following addresses by the USPS First Class Mail:

Clerk of the Court
United States District Court for the Northern District of California (San Jose Division)
Robert F. Peckham Federal Building
280 South 1st Street
San Jose, CA 95113

Jay Edelson, Esq.
Edelson McGuire LLC
350 N. LaSalle, Suite 1300
Chicago, IL 60654

Keith E. Eggleton, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

_____
Paul D. Wexler, Esq.