Timothy R. Hanigan (Bar No. 125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
Tel: (818) 883-5644
Fax: (818) 704-9372
Email: trhanigan@gmail.com
*Attorneys for Class Member/Objector
Bradley Schulz*



FILED

NOV 16 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: NETFLIX PRIVACY LITIGATION

Case No. 5:11-cv-00379-EJD

**OBJECTION OF CLASS MEMBER BRADLEY SCHULZ TO THE PROPOSED CLASS ACTION SETTLEMENT AND TO ATTORNEYS' FEE REQUEST AND NOTICE OF INTENTION TO APPEAR**

Fairness Hearing Date: December 5, 2012
Time: 10:00 a.m.

Judge: Judge Edward J. Davila
Courtroom: Courtroom 4 - 5th Floor

Objector Bradley Shultz files this his Objection to the Proposed Class Action Settlement and to the Attorneys' Fee Request and Notice of Intention to Appear, and would respectfully show unto the Court as follows:

Objector Bradley Shultz is a member of the class. Objector is a resident of Wisconsin and he was a current or former subscriber to Netflix as of July 5, 2012 according to Netflix's own records. His current address and phone number are 1558 Sylmar Road, Cedarburg, WI

53012; 262-377-3944. His email is badbradgraphics@aol.com. He received an emailed notice of his membership in the proposed settlement class. Exh. A. Objector is not subject to any exclusions listed in the class notice or the settlement agreement. Objection is made to any requirements or procedures to object other than those related to showing standing as a class member.

Objector is represented by the undersigned, Timothy R. Hanigan, and Chris Bandas of Bandas Law Firm, P.C. Mr. Bandas represents objectors in opposition to certain proposed class action settlements throughout the country. Recently, Mr. Bandas' firm represented an objector in the case of *Dennis v. Kellogg, Inc.*, 2012 WL 3800230 (9th Cir. 2012). In *Kellogg*, the Ninth Circuit reversed the District Court's approval of a *cy pres* class action settlement that was in many ways more reasonable that the settlement being proposed here. For example, unlike the instant case, in *Kellogg*, class members who made claims were to be paid up to $15 each. *Id.* at *2-3. Here, individual class members receive nothing under any circumstances if this settlement is approved. It bears mentioning that class counsel in the *Kellogg* case made a variety of unwarranted *ad hominem* attacks on Mr. Bandas prior to the Ninth Circuit's adoption of Mr. Bandas' arguments against the approval of the proposed class settlement there.

Objector's counsel intends to attend and speak at the Fairness Hearing on December 5, 2012. Objector and his counsel request that this Court reject the settlement being proposed and deny the award of attorneys' fees to class counsel.

This case was brought *inter alia* pursuant to the Video Privacy Protection Act, 18 U.S.C. sec. 2710 (the "VPPA"). The VPPA requires individual statutory damages of $2,500 for certain violations. This settlement pays nothing to individual class members, but if approved will pay $9 million and will require certain practice changes that will likely occur regardless of whether

the Court approves this settlement.[1] The $9 million (less attorneys' fees and out of pocket costs, notice and administration costs, incentive awards, etc....) will be paid to unnamed charities, with ambiguous selection criteria, and virtually no restrictions on what the funds will be used for. As explained in the class notice:

> Netflix has also agreed to establish a $9 million Settlement Fund that, subject to Court approval, will be used to: (1) make donations to not-for- profit organizations, institutions and/or programs approved by the Court, (2) pay notice and settlement administration expenses, (3) pay the Fee Award (attorneys' fees and out of pocket costs) to Class Counsel, and (4) pay a total incentive award of $30,000 to the Named Plaintiffs ($5,000 each) for their services in helping to settle this case. The Parties have agreed that Netflix will not oppose plaintiffs' request for attorney's fees up to 25% of the Settlement Fund (or $2,250,000), plus up to $25,000 for out of pocket costs.

See Class Notice para. 5. Moreover, with respect to the *cy pres* distribution, the class notice provides:

> Proposals from potential donation recipients will be sought, and, after consideration, recommendations will be made to the Court. A list of the proposed donation recipients will be posted on www.VideoPrivacyClass.com by November 1, 2012. Full details about the process for selecting recipients are in Section 2.4.3 of the Settlement Agreement, which is available at www.VideoPrivacyClass.com.

Class Notice para. 5. The settlement agreement fails to provide much more guidance:

> The *cy pres* distribution shall be made to not-for-profit organizations, institutions, and/or programs that educate users, regulators, and enterprises regarding issues relating to protection of privacy, identity, and personal information through user control, and to protect users from online threats.

Settlement Agreement, para. 2.4.1.

---

[1] The only practice changes that a settlement may take credit for are those "initiated solely as a result of the settlement." *See, eg., Meyenburg v. Exxon Mobil Corp.*, 2006 WL 5062697, *8 (S.D. Ill. 2006). Here, objection is made to the extent the proponents of this settlement do not introduce proof that the practice changes have not yet occurred and that they will not occur unless this settlement is approved.

3:07-MD-1827 SI

3

OBJECTION OF CLASS MEMBER BRADLEY SCHULZ TO THE PROPOSED CLASS ACTION SETTLEMENT AND TO ATTORNEYS' FEE REQUEST AND NOTICE OF INTENTION TO APPEAR

The settlement of a class action must be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). A District Court's approval of a proposed class action settlement, including a proposed *cy pres* settlement distribution, is reviewed for abuse of discretion. "A court abuses its discretion when it fails to apply the correct legal standard or bases its decision on unreasonable findings of fact." *Nachshin v. AOL, LLC,* 663 F.3d 1034, 1038 (9th Cir. 2011) (citations omitted).

This is a *cy pres* settlement and the starting point for the analysis of any *cy pres* settlement in the Ninth Circuit is *Kellogg*. As explained in Kellogg, "Cy pres is shorthand for the old equitable doctrine "cy *près comme possible"* — French for "as near as possible." *Kellogg*, at *5.

In *Kellogg*, the Ninth Circuit struck down a proposed settlement that provided up to $15 dollars for individual class members but would award unclaimed money in a *cy pres* distribution to charities using vague selection criteria and which provided "no assurance that the charities ... will bear any nexus to the plaintiff class ... or their claims[.]" This similarly vague proposed settlement does not satisfy the Ninth Circuit's requirements for *cy pres* distributions in class actions settlements and it should be rejected for that reason alone.

Class members have brought a claim for money damages, and they are entitled to a settlement providing them with money damages or indeed at least something of value. *Cy pres* distributions in class settlements are disfavored in comparison to settlements that distribute benefits directly to members of the settlement class. *Rodriguez v. West Publ'g Corp.,* 563 F.3d 948, 966 (9th Cir. 2009).

Moreover, there is nothing unfeasible about giving a monetary award to class members in this case. The only suggestion that it is unfeasible appears to be a conclusory statement by class

3:07-MD-1827 SI

4

OBJECTION OF CLASS MEMBER BRADLEY SCHULZ TO THE PROPOSED CLASS ACTION SETTLEMENT AND TO ATTORNEYS' FEE REQUEST AND NOTICE OF INTENTION TO APPEAR

counsel that it would be unfeasible. *See* Motion for Preliminary Approval of Settlement, Docket No. 76, at p. 22, Edelson Declaration para. 17. Objection is made that this purported evidence is conclusory, self-serving and vague.

A showing of unfeasibility in the context requires much more than a conclusory declaration stating that it cannot be done. Indeed, Netflix sent direct emailed notice to class members, many of whom are existing subscribers who could choose between a credit on their bill or free future movies. There is nothing unfeasible about distributing money directly to class members, especially in a class where so many are still in an ongoing relationship with the defendant and the defendant regularly makes charges to their customers' credit cards. Even former subscribers could feasibly participate in a reasonable claims-made settlement. Far less money than a common fund of $9 million has been distributed in the past. (However, objection is made that $9 million is not nearly sufficient especially when analyzed in relationship to the scope of the claims being released, as discussed in more detail below). In short, this proposed settlement does not satisfy the Ninth Circuit's rules regarding *cy pres* settlements set forth in *Kellogg* and is not fair, adequate and reasonable.

Moreover, objection is made on the basis that donations to charitable organizations may be part of Netflix's ordinary business practices. Instead of being "new money" donated to charity, this may simply be a diversion of funds that already would have gone to charity. There is no proof that this is not the case. *See* fn. 1 *supra*.

The settlement should also be rejected because the release is overly broad. The release will dismiss not only claims for the internal misuse by Netflix of the private information of class members and for retaining that information too long, it also will release claims class members might possess for the illegal disclosure of class members' information outside of Netflix. There

is no suggestion that class counsel and their representative plaintiffs even investigated this claim they are now releasing. These are valuable claims that are being dismissed for nothing. Not only is there no consideration being paid for these claims, there is a conflict between class members who may have had their private information disclosed outside of Netflix with those who did not have their private information disclosed outside of Netflix. There does not appear to have been an exhaustive effort to identify those class members whose privacy information was disclosed outside of Netflix. Class counsel has an insurmountable conflict in representing class members whose privacy information was disclosed outside of Netflix (who receive nothing for those violations which carry a $2,500 penalty) and those whose information was not disclosed outside of Netflix. And class counsel created this conflict by agreeing to a release that permanently erases any liability for these statutory claims.

The proponents of this settlement cannot discharge their burden of proof that the settlement is fair, adequate and reasonable.

Class counsels' proposed award of $2.25 million in attorneys' fees is likewise excessive in light of their conflict of interest discussed above, and it is grossly disproportionate to the zero dollars being distributed to the class members. The proposed award of attorneys' fees is excessive under a percentage of recovery or lodestar analysis.

Objector adopts and incorporates by reference the arguments and authorities in opposition to this settlement filed by other class members in opposition to this settlement as it pertains to class notice, fairness, adequacy and reasonableness of the settlement, conflicts of class counsel, and attorneys' fees.

Objector respectfully requests that the Court reject the proposed settlement and, if approved, that it reject the proposed award of attorneys' fees.

Dated: November 14, 2012

By: *[signature]*

Respectfully submitted,

Timothy R. Hanigan (Bar No. 125791)
21021 Ventura Blvd., Ste. 450
Woodland Hills, California 91364-2206
Tel: (818) 883-5644
Fax: (818) 704-9372
Email: trhanigan@gmail.com

Christopher A. Bandas (*Applying Pro Hac Vice*)
Texas State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
(361) 698-5200 Telephone
(361) 698-5222 Facsimile

*Attorneys for Class Member/Objector Bradley Schulz*

3:07-MD-1827 SI

OBJECTION OF CLASS MEMBER BRADLEY SCHULZ TO THE PROPOSED CLASS ACTION SETTLEMENT AND TO ATTORNEYS' FEE REQUEST AND NOTICE OF INTENTION TO APPEAR

7

-----Original Message-----
From: Online DVD Class Action Administrator <noreply@videoprivacyclass.com>
To: badbradgraphics <badbradgraphics@aol.com>
Sent: Fri, Jul 27, 2012 9:36 pm
Subject: Video Privacy Lawsuit -- Current and Former Netflix Subscribers

## If You Are a Current or Former Netflix Subscriber
## A Class Action Settlement Could Affect You

*Para una notificación en Español, llamar 1-866-898-5088 o visitar www.VideoPrivacyClass.com*

Our records show that you were a current or former Netflix subscriber as of July 5, 2012. We are emailing to tell you about a Settlement that may affect your legal rights. Please read this email carefully. Go to www.VideoPrivacyClass.com for more information.

A Settlement has been reached in a class action lawsuit that claims Netflix unlawfully kept and disclosed information, including records on the movies and TV shows its customers viewed. Netflix denies that it has done anything wrong.

### What does the Settlement provide?

Netflix has agreed to change its data retention practices so that it separates (known as "decoupling") Entertainment Content Viewing History (that is, movies and TV shows that someone watched) from identification information for those subscribers who have not been a Netflix subscriber for at least 365 days, with some exceptions.

In addition, Netflix will pay $9 million into a Settlement Fund to:
• Make donations to Court-approved not-for-profit organizations, institutions, or programs.
• Pay notice and settlement administration expenses.
• Pay attorneys' fees of up to 25% or $2.25 million of the Settlement Fund, plus up to $25,000 in expenses.
• Pay a total incentive award of $30,000 to the Named Plaintiffs.

Proposals from potential donation recipients will be sought, and, after consideration, recommendations will be made to the Court. A list of the proposed donation recipients will be posted on the website.

### Your Options

If you do nothing, you will remain in the Settlement and your rights will be affected. If you do not want to be included, you must exclude yourself by November 14, 2012. If you exclude yourself you will keep your right to sue Netflix about the claims in this lawsuit. If you remain in the Settlement, you can object to it by November 14, 2012.

The Court will hold a hearing on December 5, 2012 to consider any objections, whether to approve the Settlement, award attorneys' fees, and incentive award. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**For more information: 1-866-898-5088   www.VideoPrivacyClass.com**
**PO Box 2750 Faribault, MN 55021-9750**

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.



EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2012, I mailed the foregoing to the Clerk of the Court via first class mail, along with a copy to the following participants, at the addresses listed below:

Clerk of the Court
United States District
Northern District of California
(San Jose Division)
Robert F. Peckham
Federal Building
280 South 1st Street
San Jose, CA 95113

Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
Chandler R. Givens
Edelson McGuire LLC
350 N. LaSalle, Ste. 1300
Chicago, IL 60654
CLASS COUNSEL

Keith E. Eggleston
Rodney Strickland
Dale Bish
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Pala Alto, CA 94304
DEFENSE COUNSEL

I declare under penalty of perjury under the laws of the United States of America that then foregoing is true and correct.

Executed this 14th day of November, 2012, at Woodland Hills, CA.

_____
Timothy R. Hanigan

3:07-MD-1827 SI

8

OBJECTION OF CLASS MEMBER BRADLEY SCHULZ TO THE PROPOSED CLASS ACTION SETTLEMENT AND TO ATTORNEYS' FEE REQUEST AND NOTICE OF INTENTION TO APPEAR