**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

FILED

NOV 18 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN RE: NETFLIX PRIVACY LITIGATION )  No. 5:11-cv-00379-EJD

---

**NOTICE OF OBJECTION, INTENTION TO APPEAR AND REQUEST TO BE HEARD**

---

**NOW COME** Denis Bono and Judith Mallory (hereinafter, "Tennessee Objectors"), by and through the undersigned counsel, pursuant to (1) the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, (2) Rules 23(d) and 24(a) and (b) of the Federal Rules of Civil Procedure, and (3) equity, and submit this Notice of Objection, Intention to Appear, and Request to Be Heard.

### I. PRELIMINARY STATEMENT

Objectors are Tennessee consumers who are current or former subscribers of Netflix as of July 5, 2012, and are therefore settlement class members.[1] The Tennessee Objectors respectfully submit that the proposed settlement is unfair and unreasonable and should be denied final approval.

### II. STANDARD OF REVIEW

**A.  Standard for Approving Class Action Settlements in General**

A district court may approve a settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. p. 23(e)(1)©. Absent class members have little at stake and thus insufficient incentive to closely monitor class counsel and his strategic choices. *See, Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co.*, 834 F.2d 677, 681 (7th Cir. 1987). Accordingly, the role of the District

---

[1]Bono resides at 7907 Westacres Dr., Knoxville, Tennessee 37919, and his telephone number is 865 692 8072. Mallory resides at 2925 Fountain Park Blvd., Knoxville, Tennessee, 37917 and her telephone number is 865-523-2990.

Courts in evaluating proposed settlements is akin "to the high duty of care that the law requires of fiduciaries." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002). District Courts must "exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Reynolds*, at 279).

**B.      The Settlement in This Case Demands Stricter Scrutiny**

Courts have demonstrated an appropriately higher level of scrutiny of certain class action settlements. In particular, Courts should be leery of settlements using lower compensation to certain class members, *see In Re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*, 55 F. 3d 768, 808 (3d Cir. 1995) ("One sign that a settlement may not be fair is that some segments of the class are treated differently from others."). Here, class members will receive no compensation whatsoever, while a handful of organizations are awarded anywhere from $172,839.29 to $501,681.44.

**C.      The Importance of Objectors in Class Action Settlements**

Obviously the parties to the action will present the proposed settlement to both the class and the court in the most favorable light, downplaying any possible weaknesses or problems with the deal. In the absence of an adversarial proceeding, the court is poorly situated to uncover any potential conflicts between class counsel and the class, or among various class members, or to otherwise assess the fairness of the proposed settlement. Hence, the significance of hearing the contentions of objectors.[2]

---

[2]There are three main kinds of objectors to class settlements – (1) those who genuinely want to improve or scuttle an inadequate settlement, (2) those attorneys in competing class actions who simply

It is also generally the duty of the court as well as counsel for the parties present in the action to allow objectors to testify and state their objections on the record. *Waters v. City of Chicago*, 420 N.E.2d 599 (Ill. App. 1981). After all, it has been said that objectors are the *only* parties with an incentive to uncover flaws in the proposed settlement. Wasserman, R., *Dueling Class Actions*, 80 B. U. L. Rev. 461, 483 (April 2000).

## III.   STATEMENT OF SPECIFIC OBJECTIONS

Many commentators have argued about the pros and cons of class actions, but there is no doubt that class actions play a significant role in litigation in the United States.[3] However,

> [t]hat the use of the device of a class action is subject to abuse in a number of ways is a well known fact. . . .[I]t is the responsibility of the court to guard the integrity of the class action device as well as its own integrity. . . . The present arrangement leaves the unfortunate impression that defendants are buying themselves out of a lawsuit by direct compensation of plaintiffs' counsel."

*Anthony v. Superior Court*, 59 Cal. App.3d 760, 130 Cal. Rptr. 758, 766 (Cal. App. 1976).

Class actions are "unique creatures with enormous potential for good and evil." *Johnson v. General Motors Corp.*, 598 F.2d 432, 439 (5th Cir. 1979) (Fay, J., specially concurring). In virtually every class action seeking money damages, the person with the most at stake financially is the attorney representing the class. Commentator's recognize that the attorney's interest in securing the highest fee and the class members' interest in attaining the greatest recovery often diverge. John C.

---

want a piece of the fee pie, without any really significant improvements in the settlement for class members, and (3) those competing class counsel who have filed class actions elsewhere but who have been 'low-balled' out of their own cases by defendant picking the group of class counsel who will settle on terms most favorable to defendants. . . ." 19 Class Action Rep. 207 (1996).

[3]*See, e.g.,* John C. Coffee, Jr., *The Corruption of the Class Action: The New Technology of Collusion,* 80 Cornell L. Rev. 851 (1995); Arthur R. Miller, *Comment, Of Frankenstein Monsters and Shining Knights: Myth, Reality, and the "Class Action Problem,"* 92 Harv. L. Rev. 664 (1979).

Coffee, Jr., *Understanding the Plaintiff's Attorney: The Implications of Economic Theory for Private Enforcement of Law Through Class and Derivative Actions*, 86 Colum. L. Rev. 669, 686-91 (1986). The class members, with so little at stake in the first place, have insufficient incentive to closely monitor class counsel and her strategic choices. *See, Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co.*, 834 F.2d 677, 681 (7th Cir. 1987). Even if the class has a very strong claim on the merits and class counsel ordinarily would prefer to go to trial rather than settle at a discount, the attorney must acknowledge that she cannot control the pace at which the court will entertain her action. The existence of other simultaneous suits on behalf of the same class before different courts makes the race to judgment very risky. Thus, class counsel most likely will decide that it is in his or her own best interest to settle the action and guarantee compensation for his or her work.

Likewise, the defendant is aware that class counsel is under substantial pressure to settle. Indeed, legal scholars have noted that the pressure on class counsel to collude with the defendant in this manner may be extreme. *See, e.g.*, Tim Oliver Brandi, *The Strike Suit: A Common Problem of the Derivative Suit and the Shareholder Class Action*, 98 Dick. L. Rev. 355, 391 (1994). Even if class counsel is able to resist this pressure, the defendant may simply go knocking on the door of another lawyer representing the class to see if she will succumb.

The following specific objections are made by the Tennessee Objectors:

1.      The proposed settlement is generally unfair, unreasonable, and inadequate, procedurally and substantively, including most notably the inadequacy of the relief afforded to absent Tennessee Settlement Class members. The proposed settlement is inequitable because fails to

-4-

provide reasonable compensation to readily identifiable subscribers who have been injured by Defendants' conduct and instead distributes all of the net settlement fund, after payment of notice and administrative costs and attorneys' fees, to *cy pres* recipients.

2.       The proposed settlement is unfair, unreasonable, and inadequate because under the express terms of the  settlement agreement, the injunctive relief afforded some class members can be unilaterally avoided by Netflix if Netflix gets out of the DVD by mail business within 4 years;

3.       Class Counsel have failed to submit or post on the settlement website a motion for attorneys, and this omission has left Class members in the lurch, with no information available to them to scrutinize the very substantial attorneys' fee and expense award sought by Class Counsel;

4.       Many problems exist with the notice of the proposed settlement and the requirements imposed on settlement class members who are considering objecting to the settlement.  It appears the agreement and notice were drawn to intimidate absent Settlement Class members from objecting, and will undoubtedly impede the rights of many Settlement Class members, including one or both Tennessee Objectors.  For example, although Settlement Class members have not been afforded a copy of Class Counsel's motion for attorneys' fees and costs and have only recently been provided a list of proposed *cy pres* recipients, Settlement Class members are nevertheless required to furnish "all documents or writings that such Settlement Class member desires the Court to consider."

Far from making it easier for individual Settlement Cass members to voice their opinions or concerns about the proposed settlement, these innumerable hurdles make it exceedingly difficult for them to do so.  And while fewer, if any other, Settlement Class member(s) will voice their opinion(s)

of the proposed settlement, this result would appear contrary to the spirit of Rule 23's requirement for reasonable notice and presents due process concerns erecting obstacles for Settlement Class members to be heard.

These problems render the settlement unfair, and in and of themselves, provide reason for the settlement to be rejected.

## NOTICE OF APPEARANCE
## AND
## REQUEST TO BE HEARD AT FAIRNESS HEARING

NOTICE is hereby given that the undersigned counsel is appearing on behalf of the Tennessee Objectors in the above-styled action. Counsel for the Tennessee Objectors requests that he be allowed to be heard via telephone at the Fairness Hearing.

## ADOPTION OF OTHER OBJECTIONS

Tennessee Objectors hereby adopt and incorporate by reference herein all other proper objections submitted by other objectors in this matter.

## CONCLUSION

WHEREFORE, Tennessee Objectors request that this Court:

1. Reject the proposed settlement; and

2. Award such other and further relief as is just and necessary in this matter.

Respectfully submitted, this 13th day of November, 2012.

Christopher T. Cain (TN BPR# 19997)
**SCOTT & CAIN**
Bank of America Center, Suite 601
550 Main Street
Knoxville, Tennessee 37902
Tel: 865-525-2131

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the following at the addresses listed below, and by placing a copy of same in the U.S. Mail, postage pre-paid, for delivery to:

Clerk of the Court
United States District
Court for The Northern
District of California
(San Jose Division)
Robert F. Peckham
Federal Building
280 South 1ST Street
San Jose, CA 95113

Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
Chandler R. Givens
Edelson McGuire LLC
350 N. LaSalle, Suite 1300
Chicago, IL 60654

Keith E. Eggleton
Rodney Strickland
Dale Bish
Wilson Sonsini Goodrich
& Rosati
650 Page Mill Road
Palo Alto, CA 94304

This 13th day of November, 2012.

Christopher T. Cain

-8-



Sui...
550 M...
Knoxvill...

Clerk of...
...States D...
...rict of C...
...T. Peckh...
280 Sout...
San Jose,...
...Division)

