511 6 Ave Apt 243
New York NY 10011

November 6, 2012

Clerk of the Court
United States District Court for
The Northern District of California (San Jose Division)
Robert F. Peckham Federal Building
280 South 1st Street
San Jose, CA 95113



Dear Judge Edward J. Davila,

I am a member of the settlement class in In re Netflix Privacy Litigation, No. 5:11-cv-00379-EJD. I am writing to object to the settlement because I think a cy pres award is not adequate given that the class members are easily identifiable and can be compensated directly for the harm they suffered.

In this case, the class -- Netflix users in a particular period of time -- can be easily identified through Netflix records and compensated through other means. Netflix could, for example, apply a credit to my account, an award that would be far more meaningful to me than some nameless charity getting a pile of cash. This kind of remedy is far from logistically impossible, since Netflix manages my account and bills me entirely electronically.

Also, the attorneys for the plaintiffs did not identify (to the class, at least) what charities would benefit from the cy pres award or how they would be connected to the harm the class allegedly suffered. They merely said that the money will go to "not-for-profit organizations, institutions or programs approved by the court." In the recent Dennis v. Kellogg Co. case, the Ninth Circuit rejected a cy pres settlement because it was similarly vague.

("The settlement neither identifies the ultimate recipients of the cy pres awards nor sets forth any limiting restrictions on those recipients, other than characterizing them as charities that feed the indigent," that ruling said.)

In another recent Ninth Circuit cy pres case, McCall v. Facebook, a panel upheld a cy pres settlement to end a class action over Facebook's alleged privacy violations, despite objections like mine. But that case has a key difference from this one: Facebook does not have a direct financial relationship with its subscribers and cannot easily send them money or credit their accounts. Netflix, conversely, could either refund money to my credit card (it keeps the number on file for billing purposes) or forgive my bill for a fixed period of time.

From the outside this looks like Netflix is getting shaken down, using a wrong I allegedly suffered as a pretext. Under the settlement as proposed, the plaintiffs' attorneys get fees, Netflix makes a donation to charity to make the suit go away, and the wronged parties -- me and the class -- get nothing even though Netflix is in a position to provide something to the class.

Personally, I doubt that the harm alleged justified any litigation at all. But once the litigation has been brought in the name of myself and other similarly situated individuals, I think the proper thing to do is to compensate us 'victims' directly if possible. Cy pres, after all, comes from the French 'cy pres comme

possible,' meaning as near as possible. In this case the people whom Netflix can reasonably compensate that are 'as near as possible' to the class members are the class members.

Though I have no reason to doubt the settlement was negotiated in good faith and at arms-length, for the reasons I have stated the deal as proposed is nonetheless not reasonable and not adequate for the class.

Because I live in New York I do not intend to appear at the fairness hearing.

Thank you for your consideration,

Richard Vanderford

cc: Edelson McGuire LLC, Wilson Sonsini Goodrich & Rosati

6 A-E NY NY
boll
ot 243)

NEW YORK NY 100

15 NOV 2012 PM 6 L



Judge Davila
c/o Court Clerk
U.S. District Court NDCA
Robert F. Peckham Building
280 South 1st Street
San Jose CA 95113

95113309599