SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Phone: 949.459.2124
Fax:  949.459.2123

JAY EDELSON (jedelson@edelson.com)*
RAFEY S. BALABANIAN (rbalabanian@edelson.com)*
ARI J. SCHARG (ascharg@edelson.com)*
CHANDLER R. GIVENS (cgivens@edelson.com)*
EDELSON MCGUIRE LLC
350 North LaSalle Drive, Suite 1300
Chicago, Illinois 60654
Phone: 312.589.6370
Fax:  312.589.6378
*Admitted *pro hac vice*

*Attorneys for Plaintiffs JEFF MILANS and PETER COMSTOCK and the SETTLEMENT CLASS*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *IN RE: NETFLIX PRIVACY LITIGATION* | Case No. 5:11-cv-00379-EJD<br><br>[Hon. Edward J. Davila]<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE MATTHEW TANNER'S SURREPLY**<br><br>Date:     March 8, 2013<br>Time:    9:00 a.m.<br>Location: Courtroom 4, 5th Floor |

1  **NOTICE OF MOTION**

**NOTICE IS HEREBY GIVEN** that the Plaintiffs will move the Court, pursuant to Civil Local Rules 11(a) and 7-3(d), to strike Matthew D. Tanner's Reply to Settlement Plaintiffs' Memorandum in Support of Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Expenses, and Incentive Award, (Dkt. 230), on March 8, 2013, at 9:00 a.m., or at such other time as may be set by the Court, at 280 South 1st Street, San Jose, CA 95113, Courtroom 4, 5th Floor, before the Honorable Edward J. Davila. The Motion is based on this Notice of Motion, the authorities cited in the Motion, the oral argument of counsel, all of the documents in the record, and any other matter that may be submitted or raised at the hearing on the Motion.

Dated: December 4, 2012            Respectfully Submitted,

**JEFF MILANS and PETER COMSTOCK,**
Individually and on behalf of a class of similarly situated individuals,

By: /s/  Jay Edelson
  One of Plaintiffs' Attorneys

SEAN P. REIS (sreis@edelson.com) – SBN 184044
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: 949.459.2124
Fax: 949.459.2123

JAY EDELSON (jedelson@edelson.com)*
RAFEY S. BALABANIAN (rbalabanian@edelson.com)*
ARI J. SCHARG (ascharg@edelson.com)*
CHANDLER R. GIVENS (cgivens@edelson.com)*
EDELSON MCGUIRE LLC
350 North LaSalle Drive, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
*Admitted *pro hac vice*

*Attorneys for Plaintiffs and the Settlement Class*

**INTRODUCTION**

1.     Class Member Matthew Tanner, five days after Plaintiffs filed their Reply in Support of their Motion for Final Approval, (Dkt. 226), and only two days before the Fairness Hearing, filed what amounts to a surreply in support of his Objection, without obtaining the Court's leave and even though it now appears that his attorneys, Clinton Krislov and John Orellana, are not admitted to practice in either this District or California more generally.[1] (*See* Reply to Settlement Plaintiffs' Memorandum In Support Of Motion For Final Approval Of Class Action Settlement And Award Of Attorneys' Fees, Expenses, And Incentive Award, Dkt. 230 (hereinafter, the "Surreply").)

2.     Normally, Plaintiffs would be reluctant to take up the Court's time with a motion to strike an Objector's brief (even if it is an improper surreply), but because Tanner has shown that he has no interest in obeying the rules of the Court, Plaintiffs submit this very short Motion to Strike his Surreply.

**ARGUMENT**

3.     First, Tanner's Surreply should be stricken because Tanner's Counsel are not licensed to practice before this Court. Indeed, Tanner's attorneys, Krislov and Orellana, are not members of the California bar. To be sure, a search of the State Bar of California's website reveals that neither Krislov nor Orrellana are California attorneys.[2] Moreover, Krislov's own website

---

[1]     This disregard for Court rules is especially concerning given that Matthew Tanner is an attorney. *See Our Profiles: Matthew D. Tanner*, Tanner & Lehman LLC, http://tannerlehman.com/index.php?option=com_content&view=article&id=48&Itemid=59 (last accessed Dec. 4, 2012). While it is unclear if Tanner—or anyone else at Krislov's office—had any direct involvement in the objection and actively participated in the flouting of the court's rules and engaging in the unauthorized practice of law, it nevertheless informs the discussion that he is an attorney.

[2]     *See Attorney Search*, State Bar of California, http://members.calbar.ca.gov/fal/MemberSearch/QuickSearch?FreeText=krislov (last accessed Dec. 4, 2012) (confirming that Clinton Krislov is not licensed in California); *see also Attorney Search*, State Bar of California, http://members.calbar.ca.gov/fal/MemberSearch/QuickSearch?FreeText=orellana&x=0&y=0&SoundsLike=false (last accessed Dec. 4, 2012) (confirming that John Orellana is not licensed in California)

further confirms that neither he[3] nor his newly-admitted associate Orellana,[4] (*see* Dkt. 226-7 at 38, ¶1)), are licensed to practice in California. Consequently, as no applications to appear *pro hac vice* have been filed by either attorney, both Krislov and Orellana are practicing law in this state without a license. "An attorney must be a member of the bar of this Court to practice in this Court and in the Bankruptcy Court of this District," Civ. L.R. 11-1(a). Hence, Tanner's Surreply is an improper filing by out-of-state counsel that is not before the Court, and thus, it should be stricken. *See* Civ. L.R. 11-1(a); *see also Jarzab v. KM Enterps., Inc.*, No. 11-cv-06671 LB, 2012 WL 3537038, *2 (N.D. Cal. Aug. 14, 2012) (noting that Court denied motion to dismiss where defense counsel had not yet been approved to appear *pro hac vice*); *see also In re classmates.com Consol. Litig.*, No. 09-cv-45RAJ, 2012 WL 3854501, *3 (W.D. Wash. June 15, 2012) (noting that Ninth Circuit confirmed that attorney who fails to obtain pro hac vice admission cannot represent objector in court); *Shields v. Bridgestone/Firestone, Inc.*, No. B-170,462, 2004 WL 546883, **35–36 (Tex. Dist. Ct. Mar. 12, 2004) (affirming decision to prohibit objectors' out-of-state counsel—who has not obtained *pro hac vice* admission—from speaking at the fairness hearing).

      4.      Second, Tanner's Surreply is improper because, like his initial objection, it disregards the procedures established by the Court. Pursuant to the Civil Local Rules of this District, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except" for an Objection to Reply Evidence. Civ. L.R. 7-3(d). Tanner's Surreply was filed in response to Plaintiffs' Reply brief, (*see* Dkt. 230 at 1 (titling his Surreply, in the footer of the brief, as "Tanner's Reply to Settlement Plaintiffs' Reply Memorandum In Support of Final Approval of Class Action Settlement"), without leave of the Court, and should be stricken on that basis as well.[5] *See Del Campo v. Am. Corrective Counseling Serv., Inc.*, 718 F.

---

[3]     *See Our Attorneys: Clinton A. Krislov*, KrislovLaw.com, http://www.krislovlaw.com/about/our-attorneys/clinton-a-krislov/ (last accessed Dec. 4, 2012).

[4]     *See Newly Admitted Attorneys*, United States District Court for the Northern District of Illinois, http://www.cand.uscourts.gov/newlyadmitatty (last accessed Dec. 4, 2012).

[5]     In light of Tanner's Counsel's actions in this case (and his reputation more generally), and his history of disregarding court rules, (*see* Dkt. 226 at 48–50), Plaintiffs believe there is nothing anyone can do to stop Tanner's Counsel from bombarding the Court with additional filings.

Supp. 2d 1116, 1121 n.4 (N.D. Cal. 2010) (striking a "Notice of Errata," as a surreply filed in violation of Civ. L.R. 7-3(d)); *Autonomy, Inc. v. Adiscov, LLC*, No. 11-cv-00420 SBA , 2011 WL 2175551, *2 n.2 (N.D. Cal. June 3, 2011) (striking surreply filed without leave); *Poullos v. U.S.*, Nos. 05-cv-03690 CRB, 05-cv-03810 CRB, 2006 WL 3050828, *13 n.7 (N.D. Cal. Oct. 26, 2006) (granting motion to strike surreplies filed without leave).

5. Tanner's Surreply is improper in two additional ways. First, it flows from an Objection that itself violated the Court's orders concerning the timing of objections.[6] (*See* Dkt. 230 at 1–2 ("Settlement Counsel received their copies [of Tanner's Objection] by in-person delivery," a day after the postmark deadline, on November 15, 2012).[7] Second, it adds nothing new to the discussion. Tanner spends most of his Surreply simply rephrasing his previous "contentions." (*See* Dkt. 230 at 2–6.)[8] But Plaintiffs have already addressed Tanner's assertions in their more than 110 pages of briefing in support of final approval, (*see* Dkts. 191, 226), and Tanner's Surreply warrants no further discussion.

## CONCLUSION

6. As stated above, Tanner's attorneys are not admitted to practice before this Court, his Surreply—like his Objection before it—was improperly filed, and his excess briefing offers no substance. For the foregoing reasons, Plaintiffs respectfully request that the Court strike Matthew Tanner's Surreply and grant such other relief as it deems equitable and just.

---

Although Plaintiffs are not seeking sanctions at this time, should Tanner's improper filings continue, they may well be forced to.

[6] Tanner gives no explanation for why he was late, nor does he cite to any authority suggesting that such a late filing should be allowed.

[7] *See also* Dkt. 226 at 5 (establishing that, to be valid, any objection must be "filed *and sent to Class Counsel and Netflix's counsel on or before the Objection/Exclusion Deadline*.") (quoting Dkt. 80 at 9:3–4; Settlement Agreement at § 5.5 at 18:12–18.)

[8] Interestingly, while Tanner spends five pages responding to the merits of Plaintiffs' Reply brief, (*see* Dkt. 230 at 2–6), he does not dispute the substance of Plaintiffs' concerns with his attorneys' improper conduct.

| | |
|---|---|
| December 4, 2012 | Respectfully Submitted, |
| | **JEFF MILANS and PETER COMSTOCK**, individually and on behalf of classes of similarly situated individuals, |
| | By: /s/ Rafey S. Balabanian<br>One of Plaintiffs' Attorneys |

SEAN P. REIS (sreis@edelson.com) – SBN 184044
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: 949.459.2124
Fax: 949.459.2123

JAY EDELSON (jedelson@edelson.com)*
RAFEY S. BALABANIAN (rbalabanian@edelson.com)*
ARI J. SCHARG (ascharg@edelson.com)*
CHANDLER R. GIVENS (cgivens@edelson.com)*
EDELSON MCGUIRE LLC
350 North LaSalle Drive, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
*Admitted *pro hac vice*

*Attorneys for Plaintiffs and the Settlement Class*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on December 4, 2012, I caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to counsel of record for each party, and further by causing true and accurate copies of such paper to be sent by FedEx overnight delivery on this December 4, 2012 to the following:

Clinton A. Krislov
John Orellana
Krislov & Associates, Ltd.
20 N. Wacker Drive, Ste. 1350
Chicago, IL 60606

/s/ Rafey S. Balabanian