Harvey Yalkut
P.O. Box 5451          1641 Andalusia Way
San Jose, CA 95150     San Jose, CA 9125     408.799.0694          December 1, 2012
Email: Yalkut@mindspring.com

---

Judge Edward J. Davilla
United States District Judge
U.S. District Court
280 S. 1st Street
San Jose, CA 95113

Dear Judge Davilla:

    Re: Netflix Privacy Litigation No. 5:11-cv00379-EJD
    Received no notice to appear

FILED
2012 DEC -4 P 4:34

On September 5, 2012, I mailed a letter to the clerk of your court, to the Edelson McGuire law firm in Chicago and to the firm of Wilson Sonsini Goodrich & Rosati as instructed to do if I wanted to speak at the December 5, 2012 hearing.

I did this pursuant to the notice sent where I wanted to verbally give an objection to the proposed settlement. I am a member of the settlement class.

Nothing has been sent to me by email, by phone or by U.S. Mail as to letting me know what time and any details in being invited to make a short presentation. I have received no notice of a change of date.

I wonder if the court could tell me why I was excluded when I carefully followed all the rules.

Your honor, I would still like to appear and really wished they would have let me know so I could have better prepared, but even with short notice, I would still like to voice my objection in court.

Very sincerely yours

*Harvey Yalkut*

Harvey Yalkut

Cc: My letter of September 5, 2012 asking to appear
    Notice of what to do to object to the settlement

Harvey Yalkut
P.O. Box 5451.          Email: yalkut@mindspring.com
San Jose, CA 95150   Cell Phone: 408-799-0694

Physical Address:   1641 Andalusia Way
                    San Jose, CA 95150

September 5, 2012

| | | |
|---|---|---|
| Clerk of the Court | Jay Edelson | Keith E. Eggleton |
| United States District Court | Rafey S. Balabanian | Rodney Strickland |
| N. Dist. Of CA, San Jose Div. | Ari J. Scharg | Dale Bish |
| Robert F. Peckham Federal Bldg. | Chandler R. Givens | Wilson Sonsini Goodrich & Rosati |
| 280 South 1st Street | Edelson Mcguire LLC | 650 Page Mill Road |
| San Jose, CA 95113 | 350 N. LaSalle, Suite 1300 | Palo Alto, CA 94304 |
| | Chicago, IL 60654 | |

Dear Sirs and Madams:

**In re: Netflix Privacy Litigation, No. 5;11-cv-00379-EJD, Request to speak at the December 5, 2012 h in objection to the proposed settlement**

I am a member of the settlement class and have been a Netflix subscriber since almost the beginning of their busine operation. I am a senior citizen, a successful business man for over 40 years, and a business major from N.Y.U. an graduate school at S.F. State. I was also a guest marketing lecturer at the University, on the teaching staff of IBM a an officer of SCORE and was an Examiner for the San Jose, U.S. District Court. I think I can qualify to speak in objection the proposed settlement.

I believe the settlement to be too punitive. I understand Netflix agreeing to avoid a protracted suit but that is probal advice of attorneys. I am not convinced that the claimed minor wrong doing is not a slap on the hand case and mer( needed a promise to modify policy. I believe the damages, the charity donation and legal fees are something on the of real malpractice and just lining the pockets of those complaining. I believe that the hidden harm is to the thousar. Netflix customers through potential higher prices, alienation of affections and company reputation, diminution of se as to access to history, reduction in funds for R&D all to the detriment of the very thousands of clients this action se help.

I am sure I can contain my talk to about 10 minutes. I do not need an attorney to represent me. Please note that in materials sent by the Netflix Administrator, section 10, it calls for sending this letter to four different places, below, they only give 3 places. The three are shown above.

Sincerely submitted,

*[signature]*

Harvey Yalkut

REMAINING IN THE CLASS

### 6. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue Netflix for the claims being resolved by this Settlement. The specific claims you are giving up against Netflix are described in Section 3 of the Settlement Agreement. You will also be "releasing" Netflix and all related people as described in Section 3 of the Settlement Agreement. Unless you exclude yourself (*see* Question 8), you are "releasing" these claims. The Settlement Agreement is available at www.VideoPrivacyClass.com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions, you can talk to Class Counsel listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 7. What happens if I do nothing at all?

If you do nothing, you will not be able to start a lawsuit or be part of any other lawsuit against Netflix for the claims being resolved by this Settlement.

EXCLUDING YOURSELF FROM THE SETTLEMENT

### 8. How do I get out of the Settlement Class?

To exclude yourself from the Settlement, you must send a letter (or request for exclusion) by mail stating that <u>you want to be excluded</u> from the Class in *In re Netflix Privacy Litigation*, No. 5:11-cv-00379-EJD. Your exclusion request must include your name, address, telephone number, signature, and a signed statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in In re Netflix Privacy Litigation." You must mail your exclusion request no later than **November 14, 2012** to:

> Netflix Privacy Settlement Administrator
> PO Box 2750
> Faribault, MN 55021-9750

### 9. If I don't exclude myself, can I sue Netflix for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Netflix for the claims being resolved by this Settlement, including the alleged retention and disclosure of Plaintiffs' and the Settlement Class's personally identifiable information and Entertainment Content Viewing History.

OBJECTING TO THE SETTLEMENT

### 10. How can I object to the Settlement?

If you do not exclude yourself from the Settlement Class, you or your attorney can object to the Settlement and have the right to appear before the Court to do so. The objection must be in writing and include the case name *In re Netflix Privacy Litigation*, No. 5:11-cv-00379-EJD, and: (a) your full name, current address and telephone number; (b) a statement that you are a member of the Settlement Class; (c) the specific grounds for your objection; (d) all documents or writings that you want the Court to consider; and (e) a notice of intention to appear (if any).

If you want to appear and speak at the Fairness Hearing to object to the Settlement, with or without a lawyer (explained below in the answer to Question 15), you must say so in your letter or brief. Mail the objection to these four different places postmarked no later than **November 14, 2012**:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court for The Northern District of California (San Jose Division)<br>Robert F. Peckham Federal Building<br>280 South 1ST Street<br>San Jose, CA 95113 | Jay Edelson<br>Rafey S. Balabanian<br>Ari J. Scharg<br>Chandler R. Givens<br>Edelson McGuire LLC<br>350 N. LaSalle, Suite 1300<br>Chicago, IL 60654 | Keith E. Eggleton<br>Rodney Strickland<br>Dale Bish<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304 |

HARVEY YACKEY
P.O. BOX 5451
SAN JOSE, CA 95150

Case5:11-cv-00379-EJD Document232 Filed12/04/12 Page4 of 4

OAKLAND CA 945
01 DEC 2012 PM 7 L



RE: Netflix Litigation

Judge Edward J. Daville
U.S. District Judge
U.S. District Court
280 S. First Street
SAN Jose, CA 95113

95113309595