SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Phone: 949.459.2124
Fax:  949.459.2123

JAY EDELSON (jedelson@edelson.com)*
RAFEY S. BALABANIAN (rbalabanian@edelson.com)*
ARI J. SCHARG (ascharg@edelson.com)*
CHANDLER R. GIVENS (cgivens@edelson.com)*
EDELSON MCGUIRE LLC
350 North LaSalle Drive, Suite 1300
Chicago, Illinois 60654
Phone: 312.589.6370
Fax:  312.589.6378
*Admitted *pro hac vice*

*Attorneys for Plaintiffs JEFF MILANS and PETER COMSTOCK and the SETTLEMENT CLASS*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: NETFLIX PRIVACY LITIGATION | Case No. 5:11-cv-00379-EJD<br><br>[Hon. Edward J. Davila]<br><br>**PLAINTIFFS' RESPONSE AND OBJECTION TO OBJECTOR LISA KATRIEL'S REQUEST FOR JUDICIAL NOTICE** |

**INTRODUCTION**

1.     Class Member Lisa Katriel, nine days after Plaintiffs filed their Reply in Support of their Motion for Final Approval (Dkt. 226)—and two days after the Fairness Hearing—filed what purports to be a Request for Judicial Notice, asking the Court to adopt her Counsel's view of the appropriate class size for this Settlement. (*See* Dkt. 234.) The Court should deny Katriel's Request for Judicial Notice because it is both procedurally improper and fails in its own right.

**ARGUMENT**

2.     First, Katriel's purported "Request for Judicial Notice" is not a request for judicial notice at all. Under Fed. R. Evid. 201, the Court may only take judicial notice of: (1) a fact, (2) that is not subject to reasonable dispute, (3) because it either "is generally known within the trial court's territorial jurisdiction" or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Katriel's Request is improper because it doesn't ask the Court to take judicial notice of facts—it asks the Court to take notice of argument (*i.e.*, that "Netflix's own publicly filed subscriber data confirms the representation made by Katriel's counsel that" the Class only consists of 2.5 million people). Indeed, the Request itself makes clear that argument is being proffered, because the "facts" contained in it cannot "be accurately and readily determined." (*See* Dkt. 234 at 2 n.2 ("To be sure, the calculated result may not provide the exact tally with absolute precision . . .").)

3.     Second, the Request is procedurally improper. Katriel could have, but failed to, make her arguments earlier. To be sure, Katriel had ample time before the Objection Deadline to assert and develop her objections, and the Court was very accommodating in allowing her counsel to fully explain those arguments at the Fairness Hearing. Instead of using the time allotted her at the Fairness Hearing to raise these points, Katriel chooses to now file supplemental briefing in support of her objection.

4.     The Local Rules forbid such practice. Under Local Rule 7-3, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except" for an Objection to Reply Evidence. Civ. L.R. 7-3(d). Here, Plaintiffs filed their Reply brief in support of Final Approval on November 28, 2012. (*See* Dkt. 226.) Katriel's supplemental

briefing in support of her objection was filed after Plaintiffs' Reply and without leave of Court. Therefore, the Request for Judicial Notice is not properly before the Court.

5. Third, Katriel doesn't have standing to file her Request for Judicial Notice because she didn't follow the Court-ordered objection procedures established for this litigation. The Court will recall that, at the Fairness Hearing, Class Counsel stated its position that Katriel's Objection was untimely. Katriel's Counsel responded by representing to the Court that he properly and timely filed his client's Objection. To move past the issue, Class Counsel said they would re-investigate the matter. Upon further investigation, Class Counsel stands by its prior position that Katriel's objection was untimely. That is, the Court's Preliminary Approval Order required that objections be "filed *and sent to Class Counsel and Netflix's counsel on or before the Objection/Exclusion Deadline . . .*" (*See* Dkt. 80, *citing* Dkt. 76-1, Class Action Settlement Agreement § 5.5, at 18:12-18). Hence, while Katriel may have filed his objection by the November 14, 2012 Objection Deadline, he failed to properly send it to Class Counsel by the Objection Deadline, which makes it untimely. Indeed, the FedEx tracking slip for Katriel's objection (*See* Dkt. 226-4) shows that Katriel's counsel created the packing label on November 14, but didn't deposit the envelope intended for Class Counsel until the next day. (*See* Dkt. 226-4 (FedEx tracking slip confirming that Katriel's Objection was not mailed until November 15, 2012); *see also* Dkt. 226 at 4–6.) Thus, Katriel's counsel was being less than candid with the Court when he said on the record at the Fairness Hearing that he timely filed and served Katriel's objection via the Court's CM/ECF electronic filing system, because he failed to mention that he didn't postmark and physically send the objection to Class Counsel by the Objection Deadline, which is what the Preliminary Approval Order and Settlement Agreement required for an objection to be valid.[1] Because Katriel did not follow the Court's procedures for objecting, she

---

[1] It is standard practice in class actions to require mailed versions of class member submissions, especially in cases such as these where, given the size of the class, the parties (correctly) expected numerous court filings. Separate mailed service ensures the proper receipt and cataloguing of objections. Notably, Katriel did not object to the court-ordered requirements or seek—at any point—to be excused from them.

cannot file additional papers as further support. The Court should therefore reject the Request for Judicial Notice on that basis as well.

6.  Finally, Katriel's new argument about the proper size of the Settlement Class and the damages distributable to them is simply incorrect and consists of nothing more than speculation atop conjecture. As Class Counsel has explained both in its reply papers and at the Fairness Hearing, Katriel's statute of limitations argument is wrong because it doesn't account for Netflix's ongoing violation of the VPPA. But even accepting, *arguendo*, Katriel's defective statute of limitations argument thereby making the Settlement Class smaller, Katriel still overlooks the fact that the Settlement Fund would, in turn, decrease, as the damages per class member would be reduced commensurate with the reduction in class size. Hence, despite Katriel's unsubstantiated assertions to the contrary, the Fund would still be non-distributable even if the Class shrunk to the speculative 2.5 million figure that Katriel conjures.

## CONCLUSION

Katriel's Request for Judicial Notice is both improper and incorrect and should therefore be denied.

December 10, 2012                                   Respectfully Submitted,

**JEFF MILANS and PETER COMSTOCK**,
individually and on behalf of classes of similarly situated individuals,

By: /s/ Rafey S. Balabanian
One of Plaintiffs' Attorneys

JAY EDELSON (jedelson@edelson.com)*
RAFEY S. BALABANIAN (rbalabanian@edelson.com)*
ARI J. SCHARG (ascharg@edelson.com)*
CHANDLER R. GIVENS (cgivens@edelson.com)*
EDELSON MCGUIRE LLC
350 North LaSalle Drive, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
*Admitted *pro hac vice*

SEAN P. REIS (sreis@edelson.com) – SBN 184044
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: 949.459.2124
Fax: 949.459.2123

*Attorneys for Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

 The undersigned certifies that, on December 10, 2012, I caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: December 10, 2012        /s/ Rafey S. Balabanian