# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| *IN RE: NETFLIX PRIVACY LITIGATION*, | Case No. 5:11-cv-00379-EJD |
| | Honorable Edward J. Davila |
| | ***OBJECTOR TANNER'S REPLY TO SETTLING PLAINTIFFS' MOTION TO STRIKE OBJECTOR TANNER'S RESPONSE*** |

Name of Objector: Matthew D. Tanner
Address: 53 West Jackson Boulevard, Suite 400
Chicago, Illinois 60604
Telephone: (312) 588-1970

## INTRODUCTION

1.  Settling Plaintiffs' Motion to Strike Matthew Tanner's Response is a continuing effort to avoid addressing the actual merits of the Settlement and objections. Mr. Tanner's Response was filed because Settling Plaintiffs' response to objections mislabeled Mr. Tanner's objection as an untimely filing, disingenuously accused the Krislov firm of attorney misconduct (once again), and grossly mischaracterized the arguments raised in Mr. Tanner's objection.

Mr. Tanner's Response should not be stricken because *pro hac vice* admission is not a requirement for objecting to a settlement.

## ARGUMENT

2.  Admission *pro hac vice* is not a requirement for objecting to the settlement, nor to respond to the Settling Plaintiffs' response. Objectors are not required to intervene in order to object to the settlement, or to appeal on approval. *See Devlin v. Scardelletti*, 536 U.S. 1, 4-5

(2005)(establishing that an objector need only be a member of the class, and not a party to the litigation, to object or appeal approval of a settlement). No intervention or application for admission *pro hac vice* is necessary to file an objection, and it makes no sense to require one to respond to Settling Plaintiffs' filing. Requiring objectors to file *pro hac vice*, which includes having to obtain local counsel plus a court fee of $275.00, would erect new cost burdens to frustrate the objection process.

3. Settling Plaintiffs also argue Mr. Tanner's Response should be stricken for not seeking leave to file it under the local rules. While Mr. Tanner did not initially intend to file a Response to Settling Plaintiffs' anticipated Reply to objections, several of Settling Plaintiffs' contentions required a response, such as Settling Plaintiffs' accusation that Mr. Tanner's objection was untimely filed with the court, reiterated false accusations of attorney misconduct, as well as Settling Plaintiffs' gross mischaracterizations of Mr. Tanner's substantive objections. Given the short amount of time between the filing of Settling Plaintiffs' Reply and the Fairness Hearing, we felt it critical that the Court receive a response to Settling Plaintiffs' contentions as quickly as possible.

4. In any event, we do request the Court's leave to respond on the merits of the objection, because our Response articulates precisely how Settling Plaintiffs' position was inaccurate on the merits.

5. In the interest of justice and for the benefit of the Class, Mr. Tanner requests that this Court deny Settling Plaintiffs' Motion to Strike and consider all relevant information, including Mr. Tanner's Objection and Response, when evaluating the Settlement. After all, it is the substantive merits of the Settlement, the objections and the interests of the Class which

should govern, not the artificial obstacles or personal attacks Settling Plaintiffs seem determined to deploy to preclude *bona fide* objections on the merits.

                                                                    Respectfully submitted,

Dated: December 18, 2012                          /s/ Clinton A. Krislov
                                                        Attorney for Objector, Matthew Tanner

Clinton A. Krislov
John Orellana
KRISLOV & ASSOCIATES, LTD.
20 North Wacker Dr., Ste. 1350
Chicago, IL 60606
Tel: (312) 606-0500
Fax: (312) 606-0207
Firm Number: 21169