UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

IN RE: NETFLIX PRIVACY LITIGATION  :  Case No. 5:11-cv-00379-EJD

: [Hon. Edward J. Davila]

:
: Reply to Plaintiff's Reply Memorandum,
: in Support of Motion For Final Approval
: of Class Action Settlement, Supplemental
: Submission on *Cy Pres* Recipients, and
: in support of Nikolaus Holley's submission

Filed DEC 21 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

I am a member of plaintiff class and have objected to the proposed settlement at Docket 81. In Plaintiff's reply, my objection is raised in one paragraph, in Docket 226 p.10. Plaintiffs misquote a single sentence lifted from my objection, misapplying the law while failing to address its substance.

Moreover, Defendant's supplemental submission on *cy pres* recipients (Docket 237) and class member Nikolaus Holley's submission (Docket 235) bolster my objections to the process for selecting *cy pres* recipients.

It is not enough that Plaintiff's lawyers receive generous fees while class members receive nothing—the *cy pres* recipients are to be chosen as the hand-picked pet causes of counsel without the slightest input from class members themselves. In Docket 191-3, (Edelson Declaration) at paragraph 34, it was represented "As for the *cy pres* recipients, no organization reported a material connection between itself and the Parties, their counsel, Supporting Counsel, or the Court."

In an astonishing departure, Docket 237 only now discloses hundreds of thousands of dollars of donations, spouses employed at recipients, attendance at fundraisers, membership affiliation, and direct personal involvement by counsel—information that counsel should have disclosed as soon as these organizations were contemplated. It is clear that, for the majority of the *cy pres* recipients at least, the assertion of independence is a sham. Importantly, counsel have made no representation as to how class members' input was sought as to the selection of these particular recipients—because it was not.

In my objection (Docket 81), I stated "Since $9 million is to be distributed in discharging the settlement class's claims in return for nothing of value * * * at the very least class members deserve a meaningful voice in the selection of cy pres recipients." I went on to suggest a simple, economical, and time-tested procedure for allowing class members to vote on recipients, similar to those used by many online organizations. Such a procedure would be novel in class action litigation, but would be a welcome innovation to the murky world of *cy pres* distributions well within the trial court's discretion.

This statement and suggestion was ignored in counsel's response, which simple stated:

> Two objections argue that the *cy pres* money should have funded other deserving charities, instead of privacy-based non-profits. Class Member Nathan Kennedy, for example, suggests that *cy pres* funds should go to "needy organizations that help [sic] human suffering" instead of ones "tilting at the windmills of internet privacy," (Dkt. 81), * * *. But neither suggestion bears any

relation to the claims of this case and, as such, cannot serve as the basis for a *cy pres* distribution under Ninth Circuit precedent. See *Nachshin*, 663 F.3d at 1036 ("*Cy pres* distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity."); * * *. Given the very clear law on who *cy pres* funds may appropriately be distributed to, the Parties were constrained to choose non-profits that had a sufficient nexus to the Class and the claims alleged.

In my filing, I did suggest that perhaps the average Netflix video consumer might rather see "needy organizations that help *relieve* human suffering" (emphasis added) funded rather than well-heeled technology groups and elite university centers. But my main point was that there is a simple and economical online means of noticing class members directly and *asking* them where they would like the money to go. This goes to the very intent of *Nachshin*; that since *cy pres* distributions stand in for the class members themselves, they must be chosen with the interests of class members in mind above all else. If there is a means of polling them directly, it is well within the trial court's discretion to select recipients by doing so, even if such recipients are not directly related to the narrow interests of the **claims (or more to the point, past recipients of counsel's largesse).**

Indeed, the recent filing by class member Nikolaus J. Holley (Docket 235) underscores my point. I read with sorrow his account of the how his disabled brother Jason Holley was brutally kidnapped and murdered some three years ago. Mr. Holley would like to see some of this money go to help disabled young adults transition to independence. While the *cy pres* fund can't wait for Mr. Holley to form a new organization, there is no reason that some of the fund could not be used for a named donation to an existing organization such as Klinefelter Syndrome & Associates for this purpose if other class members found this to be a more worthy cause. I wholeheartedly join with Mr. Holley on this point.

To conclude, the selection process of *cy pres* recipients has been opaque, rushed, and in favor of pet organizations favored by counsel who did not timely disclose their close connections. I strongly object to this distribution in favor of a new selection process based solely upon the representative wishes of class members, and suggest an online nomination and voting process open to all class members to select new *cy pres* recipients. More details can be found in my initial objection at Docket 81.

Dated: December 16, 2012

Respectfully,

*/s/ Nathan Kennedy*

Nathan Kennedy
P.O. Box 424
Ithaca NY 14851-0424

| | | | |
|---|---|---|---|
| Clerk, District Court | Settlement Class Counsel | Defendant's Counsel | Nikolaus Holley |
| 280 S 1st St | 350 N. LaSalle Suite 100 | 600 Page Mill Rd | 1965 Anasazi Ct |
| San Jose CA 95113 | Chicago IL 60654 | Palo Alto CA 94304 | CO Spgs CO 80919 |

Kennedy
Box 424
Ithaca NY 14851



ROCHESTER NY 144

17 DEC 2012 PM 11

Clerk
United States District Court
280 S FIRST ST
SAN JOSE CA 95113

95113309599