SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Phone: 949.459.2124
Fax:  949.459.2123

JAY EDELSON (jedelson@edelson.com)*
RAFEY S. BALABANIAN (rbalabanian@edelson.com)*
ARI J. SCHARG (ascharg@edelson.com)*
CHANDLER R. GIVENS (cgivens@edelson.com)*
EDELSON MCGUIRE LLC
350 North LaSalle Drive, Suite 1300
Chicago, Illinois 60654
Phone: 312.589.6370
Fax:  312.589.6378
*Admitted *pro hac vice*

*Attorneys for Plaintiffs JEFF MILANS and PETER COMSTOCK and the SETTLEMENT CLASS*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: NETFLIX PRIVACY LITIGATION | Case No. 5:11-cv-00379-EJD<br><br>[Hon. Edward J. Davila]<br><br>**PLAINTIFFS' MOTION TO STRIKE MATTHEW TANNER'S MEMORANDUM IN RESPONSE TO WILSON SONSINI GOODRICH & ROSATI ("WSGR") SUPPLEMENTAL SUBMISSION OF *CY PRES* RECIPIENTS**<br><br>Date: March 8, 2013<br>Time: 9:00 a.m.<br>Location: Courtroom 4, 5th Floor |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 8, 2013 at 9:00 a.m., or as soon as thereafter as this matter may be heard, Plaintiffs Jeff Milans and Peter Comstock will appear, through counsel, before the Honorable Edward J. Davila, or any judge sitting in his stead, in Courtroom 4 of the United States District Court for the Northern District of California, San Jose Division, located at the United States Courthouse, 280 South 1st Street, San Jose, California 95113, and then and there move the Court to strike Objector Matthew Tanner's Memorandum in Response to Wilson Sonsini Goodrich & Rosati ("WSGR") Supplemental Submission of *Cy Pres* Recipients, pursuant to Civ. L.R. 3-4, 7-3(d), and 11.

Objector Tanner and his Counsel have repeatedly violated the Local Rules, including by filing motions without leave, practicing before this Court without a license, ignoring the local formatting rules, and filing papers in bad faith. Because Tanner's Response was filed in violation of the Court's rules, it is not properly before the Court and should be stricken from the record.

The Motion is based on this Notice, the authorities cited in the Motion, the oral argument of counsel, all of the documents in the record, and any other matter that may be submitted or raised at the hearing on the Motion.

January 8, 2013                                                                 Respectfully Submitted,

**JEFF MILANS and PETER COMSTOCK**,
individually and on behalf of classes of similarly situated individuals,

By: /s/ Rafey S. Balabanian
One of Plaintiffs' Attorneys

**INTRODUCTION**

1. In their December 4 Motion to Strike Objector Matthew Tanner's Surreply, Plaintiffs noted that "[i]n light of Tanner's Counsel's actions in this case (and his reputation more generally), and his history of disregarding court rules, (*see* Dkt. 226 at 48–50), Plaintiffs believe there is nothing anyone can do to stop Tanner's Counsel from bombarding the Court with additional filings." (Dkt. 231 at 3 n.5.) Unfortunately for all those who must deal with Krislov's and Tanner's seemingly endless filings, it appears that Plaintiffs were right.

2. By filing their "Memorandum in Response to Wilson Sonsini Goodrich & Rosati ('WSGR') Supplemental Submission of *Cy Pres* Recipients" (Dkt. 240) ("Response"), Tanner and his Counsel, Clinton Krislov and John Orellana, have, for the second time in this litigation, improperly filed briefing without leave of the Court, without being licensed to practice in this Court, and without following this Court's formatting rules.

3. In addition to being improperly filed, Tanner's Response is nonsensical. Grounded in neither law nor fact, it mischaracterizes the record and relies on conspiracy theories in a misguided attempt to impugn the credibility of both the Settlement and the Parties. Because Tanner's most recent briefing adds no substance to this litigation and demonstrates a knowing disregard for the rules of the Court, Plaintiffs submit this memorandum to strike Tanner's improperly filed Response. (Dkt. 240.)

**ARGUMENT**

4. First, Tanner had no procedural basis for filing his Response. Pursuant to the Civil Local Rules of this District, "[o]nce a reply is filed, no additional memoranda, papers, or letters may be filed without prior Court approval, except" for an Objection to Reply Evidence. Civ. L.R. 7-3(d). On November 28, 2012, Plaintiffs filed their Reply in support of their Motion for Final Approval. (Dkt. 226.) On December 10, 2012, five days after the Final Fairness hearing and with oral leave of the Court, Netflix filed its Supplemental Submission, (Dkt. 237), adding to Class Counsel's declaration regarding the relationships between the proposed *Cy Pres* Recipients and the Parties and their counsel. (Dkt. 191-3, ¶ 34.) Ten days later, Tanner filed a motion for leave to Respond to Netflix's submission, (Dkt. 239), and later that same day, *without having obtained*

*leave*, Tanner went ahead and filed his Response anyway. (Dkt. 240.) Tanner's improper filing is particularly egregious both because he knew he needed leave before filing, (*see* Dkt. 239), and because this is the second time in this litigation that Tanner's Counsel has violated Local Rule 7-3(d). (*See* Dkts. 230 (Tanner's Surreply, filed without leave), 231 (Plaintiff's motion to strike the Surreply), 238 at ¶ 4 (requesting leave to file the Surreply, two weeks after filing it).)

      5.      Second, the Court should strike Tanner's Response because his Counsel continue to practice without a license in this Court. Under Civil Local Rule 11-1(a), "An attorney must be a member of the bar of this Court to practice in this Court and in the Bankruptcy Court of this District." Tanner's Counsel are aware of this requirement, (*see* Dkt. 231, 238, 239), and have repeatedly chosen to practice without admission. (*See* Dkt. 231, ¶ 3; Dkt. 239.) Because his Counsel is still not licensed to practice in this Court, Tanner's Response is not properly before the Court, and should be stricken. (*See* Dkt. 231 at ¶ 3 (citing Civ. L.R. 11-19(a) and collecting cases).)

      6.      Third, Tanner's Counsel have yet again failed to comply with the Court's formatting rules. Civil Local Rule 3-4(c)(1) requires all papers submitted for filing to have numbered lines on each page. As with his Response to Plaintiffs' previous Motion to Strike, (Dkt. 238), Tanner has disregarded the Court's filing requirements.

      7.      Fourth, and notwithstanding its procedural impropriety, Tanner's Response doesn't make any sense. Tanner and his Counsel find it "suspect, to say the least" that Defense Counsel's firm donated money to a law and technology clinic that is operated at the law school that is within the university where Plaintiffs' expert is a researcher, and believe it improper that Defense Counsel's firm has partners on the advisory boards for two of the proposed *Cy Pres* Recipients. Both of these purported "concerns" fail.

      8.      To start, Tanner's Counsel misrepresents Plaintiffs' expert's role in the case. Dr. Egelman is not "[t]he expert used by the *parties* for purposes of the Settlement." (Dkt. 240 at 1 (emphasis added).) Rather, Dr. Egelman was retained *by the Plaintiffs* in this litigation to evaluate the harm caused by Netflix's conduct. (*See* Dkt. 191-2, Declaration of Dr. Serge Egelman in Support of *Plaintiffs' Motion for Final Approval* (emphasis added).)

9. Tanner then insinuates that Defense Counsel somehow improperly paid Plaintiffs' damages expert to prepare a report contrary to Defendant's litigation position, by donating money to a clinic at the law school that is within the university where the expert works as a researcher. (*See* Dkt. 240 at 1.) Tanner's assertion is obviously untrue. Dr. Egelman received no money from Netflix or its Counsel, and it would not make any sense for Netflix or its Counsel to have paid Dr. Egelman to support a position adverse to their interests. Thus, Tanner's insinuation is completely inaccurate, and appears to be the result of either delusion or willful dishonesty.[1]

10. Additionally, as with his original Objection, Tanner ignores recent, on-point Ninth Circuit authority when he contends that the presence of Defense Counsel's partners on the advisory boards of two proposed *Cy Pres* Recipients renders the Settlement inadequate. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 821–22 (9th Cir. 2012) (finding "no substance in Objectors' claim that the presence of [Defendant's] employee on the [*cy pres* recipient's] board of directors categorically precludes [the recipient] from serving as the entity that will distribute *cy pres* funds."). Given Ninth Circuit authority that there is nothing improper about the presence of a *defendant's own* employee on a *cy pres* recipient's board, Tanner's assertion that Defendant's counsel can have no employees on a recipient's board lacks merit.

## CONCLUSION

11. As stated above, Tanner's most recent Response ignores local rules and common sense. Tanner's attorneys are not admitted to practice before this Court, his Response—like his Surreply before it—was improperly filed, and his excess briefing offers no substance. For the foregoing reasons, Plaintiffs respectfully request that the Court strike Matthew Tanner's most recent Response and grant such other relief as it deems equitable and just, including barring Tanner and his counsel from filing further papers in this case.

---

[1] Tanner's insinuation that there is something improper about Plaintiff's expert speaking on a panel at a clinic Defense Counsel donated to, (Dkt. 240 at ¶ 1), is similarly nonsensical.

| | |
|---|---|
| January 8, 2013 | Respectfully Submitted, |
| | **JEFF MILANS and PETER COMSTOCK**, individually and on behalf of classes of similarly situated individuals, |
| | By: /s/ Rafey S. Balabanian<br>One of Plaintiffs' Attorneys |

SEAN P. REIS (sreis@edelson.com) – SBN 184044
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: 949.459.2124
Fax: 949.459.2123

JAY EDELSON (jedelson@edelson.com)*
RAFEY S. BALABANIAN (rbalabanian@edelson.com)*
ARI J. SCHARG (ascharg@edelson.com)*
CHANDLER R. GIVENS (cgivens@edelson.com)*
EDELSON MCGUIRE LLC
350 North LaSalle Drive, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
*Admitted *pro hac vice*

*Attorneys for Plaintiffs and the Settlement Class*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on January 8, 2013, I caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to counsel of record for each party, and further by causing true and accurate copies of such paper to be mailed by first class mail on this January 8, 2013.

Dated: January 8, 2013					/s/ Rafey S. Balabanian