**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: NETFLIX PRIVACY LITIGATION | Case No. 5:11-cv-00379-EJD<br><br>Honorable Edward J. Davila<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE. |

Pending before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Expenses, and Incentive Award (Dkt. 190) (the "Motion"). The Court, having reviewed the papers filed in support of and in opposition to the Motion, heard argument of counsel, and good cause appearing therein, Plaintiffs' Motion is hereby GRANTED and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Parties' April 30, 2012 Class Action Settlement Agreement (the "Settlement Agreement").

2. This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

3. On July 5, 2012, this Court granted Preliminary Approval of the Settlement Agreement and preliminarily certified a settlement class consisting of:

> All Subscribers as of the date of entry of Preliminary Approval. Excluded from the Settlement Class are the following: (i) the Settlement Administrator, (ii) the Mediator, (iii) any respective parent, subsidiary, affiliate or control person of the Defendant or its officers, directors, agents, servants, or employees as of the date of filing of the Action, (iv) any judge presiding over the Action and the immediate family members of any such

      Person(s), (v) persons who execute and submit a timely request for exclusion, and (vi) all persons who have had their claims against Defendant fully and finally adjudicated or otherwise released.

(Dkt. 80 at 2.)

4. Attached hereto and incorporated into this Order as Appendix 1 is a schedule of all such persons who have timely and validly requested to be excluded from the Settlement Class.

5. This Court now affirms certification of the Settlement Class and gives final approval to the settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The complex legal and factual posture of this case, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator support this finding. The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

6. The Court-approved Notice Plan to the Settlement Classes, as set forth in the Preliminary Approval Order on July 5, 2012, was the best notice practicable under the circumstances and included comprehensive nationwide newspaper publication, website publication, and direct e-mail notice. The Notice Plan has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process.

7. The Court finds that the Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

8. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the action on the merits and with prejudice.

9. Upon the Effective Date of this settlement, Plaintiffs and each and every

Settlement Class Member, fully, finally, completely and forever, release, acquit and discharge each released Party from any and all Released Claims, except that Released Claims shall not extend to claims that are asserted in the case of *Mollett v. Netflix, Inc.*, No.: 5:11-cv-01629-EJD as of the date of the Settlement Agreement.

10. Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members, Releasing Parties, and their heirs, executors, and administrators, successors, and assigns. All Settlement Class Members who have not been properly excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of the Released Claims.

11. Netflix is hereby ordered to implement and comply with Sections 2.1 and 2.2 of the Settlement Agreement regarding the injunctive relief made available to the Settlement Class Members.

12. The Court awards to Settlement Class Counsel $ 2,250,000.00 as attorneys' fees and costs.

13. The Court awards to the Class Representatives and named-Plaintiffs in the Related Actions $ 30,000.00 as an Incentive Award for their roles in this case and the Related Actions.

14. Defendant shall pay the Fee Award and Incentive Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

15. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

16. This Court hereby directs entry of this Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

17. This Final Judgment and order of dismissal with prejudice, the Settlement Agreement, the settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission or concession by or against the Parties with respect to any fault, wrongdoing, or liability, or of the validity of any Claim or defense, or of the existence or amount of damages, or that the consideration to be given under the Settlement Agreement represents an amount equal to, less than or greater than the amount that could have or would have been recovered after trial.

18. The Parties, without further approval from the Court, are hereby permitted to agree and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of Settlement Class Members.

19. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over, *inter alia*, (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all Parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the Parties has been performed pursuant to the Settlement Agreement.

**IT IS SO ORDERED.**

Dated this  18     day of   March    , 2013



HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT COURT