UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: NETFLIX PRIVACY LITIGATION | Case No. 5:11-CV-00379-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR APPEAL BONDS AND GRANTING PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY**<br><br>**[Re: Docket Item Nos. 281 and 282]** |

Presently before the Court in this class action litigation are Plaintiffs' (Jeff Milans, Peter Comstock, and the Class) Motion for Appeal Bonds and Motion for Additional Discovery. See Docket Item Nos. 281, 282. Plaintiffs ask that each Objector be required to post a bond of $21,519 to pursue their appeals and that the Court allow Plaintiffs to conduct additional discovery concerning the Objectors' appeals. Objectors to the Settlement Stephen C. Griffis, Hugh Ramsey, Gary Wilens, Denis Bono, Judith Mallory, Bradley Schulz, Matthew Tanner, Tracey Klinge, Andrew Cesare, Katherine Strohlein, and William Ford (collectively "Objectors") oppose these motions either in whole or in part. Having considered the parties' submissions and the relevant law, the Court GRANTS Plaintiffs' Motion for Appeal Bonds and Motion for Additional Discovery.

1

Case No. 5:11-CV-00379-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR APPEAL BONDS AND GRANTING
PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY

## I. BACKGROUND

Former Netflix subscribers Jeff Milans and Peter Comstock brought this class action suit against Defendant Netflix, Inc. ("Netflix"), claiming that Netflix unlawfully retained and disclosed customers' personally identifiable information ("PII") in violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. See Complaint, Docket Item No. 1. Similar lawsuits followed. On August 12, 2011, the Court consolidated six cases and granted Plaintiffs leave to file an Amended and Consolidated Class Complaint ("Amended Complaint"). See Order Grant'g Mot. Consolidate Cases, Docket Item No. 59. Plaintiffs filed their Amended Complaint on September 12, 2011. See Am. Consol. Class Action Compl., Docket Item No. 61.

On February 10, 2012, Plaintiffs filed an unopposed Motion for Preliminary Approval of Class Action Settlement. The Court granted preliminary approval of the class action settlement ("Settlement") on July 5, 2012. See Am. Order Grant'g Mot. Prelim. Approval Class Action Settlement, Docket Item No. 80. The Court received over one hundred objections to the Settlement. Included in these objections were arguments that the cy pres recipients were improper, suggestions for in-kind relief, objections to the settlement size, objections to the injunctive relief, and objections to attorneys' fees and incentive awards. See Order Grant'g Mot. Settlement, Docket Item No. 256.

The Court held a hearing on the final approval of the Settlement on December 5, 2012. See Minute Entry, Docket Item No. 233. The Court heard arguments of Counsel and individual Objectors. Id. Plaintiffs and Defendants each filed responses addressing the procedural and substantive issues raised by the Objectors. See Netflix Inc.'s Resp. Objections Class Action Settlement, Docket Item No. 225; Reply Mot. Settlement, Docket Item No. 226. Having considered the terms of the Settlement and all objections to it, the Court granted final approval of the Settlement. See Dkt. No. 256. Objectors filed opposition to the Settlement, and appealed to the Ninth Circuit Court of Appeals. On September 27, 2013, The Ninth Circuit dismissed Appellants Andrew Cesare, Katherine Strohlein, William Ford, Denis Bono, and Judith Mallory, due to lack of prosecution under Ninth Circuit Rule 42-1. See Order USCA, Docket Item No. 303.

Case No. 5:11-CV-00379-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR APPEAL BONDS AND GRANTING PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY

Plaintiffs filed the present motions on May 31, 2013. See Dkt. Nos. 281, 282. Objectors have filed oppositions to both motions. See Docket Item Nos. 284-89, 291-93, 296-97. Netflix filed a response, indicating that it takes no position on either request. See Docket Item No. 290.

**II. LEGAL STANDARD**

**A. Appeal Bonds**

The standard that governs appeal bonds is Federal Rule of Appellate Procedure 7 ("Rule 7"). Rule 7 reads, in relevant part, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "[T]he purpose of [an appeal bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." Fleury v. Richemont N. Am., Inc., No. 05-CV-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (citations omitted). The trial court may exercise discretion in regards to the need for a bond, as well as the bond amount. Id.

**B. Additional Discovery**

In addressing additional discovery, Federal Rule of Civil Procedure 30(a)(1) states that "[a] party may, by oral questions, depose any person . . . ." The only limitation on this right is that the discovery must be relevant to the action. Fed. R. Civ. P. 26(b)(1). For purposes of Rule 26(b)(1), relevance is broadly construed. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

In a class action, a plaintiff may be barred from seeking discovery from putative or absent class members unless the plaintiff demonstrates that discovery is both necessary and for a purpose other than taking undue advantage of class members. Dysthe v. Basic Research, L.L.C., 273 F.R.D. 625, 628 (C.D. Cal. 2011)). However, an objector who voluntarily appears in litigation is properly subject to discovery. In re Cathode Ray Tube (CRT) Antitrust Litig., 281 F.R.D. 531, 533 (N.D. Cal. 2012)

Discovery regarding objections to a settlement agreement may be used to seek information regarding the objector's standing, the bases for the objections, his role in objecting to this and other class settlements, and his relationships with the counsel that may affect the merits of the objection. See In re CRT, 281 F.R.D. at 533. The issue of discovery may be utilized to ensure that each

3

Case No. 5:11-CV-00379-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR APPEAL BONDS AND GRANTING PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY

objector is capable of posting bond in the full amount. In re Magsafe Apple Power Adapter Litig., No. 09-CV-01911 JW, 2012 WL 2339721, at *2 (N.D. Cal. May 29, 2012). Information requested through discovery may be subject to scrutiny under the Federal Rules of Civil Procedure, regarding whether the requested information and documents are relevant to the inquiry. Fed. R. Civ. P. 26; In re CRT, 281 F.R.D. at 532 (finding that information sought through discovery is relevant, needed, and narrowly tailored when focused on the objector's standing, the bases for his current objections, his role in the current and other class settlements, and his relationships with the counsel.)

**III. DISCUSSION**

At issue is whether Objectors should be required to post an appellate bond and whether further discovery is warranted. In the two present motions before the Court, Plaintiffs claim that the named Objectors are professional objectors and ask the Court to impose appeal bonds against each of the Objectors prior to allowing them to continue their appeals, pursuant to Rule 7. Plaintiffs also request additional time to complete discovery concerning the merits and motivations behind the Objectors' appeals.

**A. Appeal Bonds are Proper**

District courts have articulated three relevant factors a court should consider in determining whether to require an appeal bond: (1) appellant's financial ability to post a bond, (2) the risk that appellant would not pay the costs if the appeal loses, and (3) an assessment of the likelihood that appellant will lose the appeal and be subject to costs. Fleury, 2008 WL 4680033, at *7 (applying the reasoning of Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950 (9th Cir. 2007)); Miletak v. Allstate Ins. Co., No. 06-CV-03779 JW, 2012 WL 3686785, at *1 (N.D. Cal. Aug. 27, 2012).

The first factor in determining whether to require an appeal bond requires the court to analyze an appellant's financial ability to pay for a bond. Generally, district courts have found that this first factor weighs in favor of a bond unless a party is financially unable to post a bond. See Fleury, 2008 WL 4680033, at *7; Embry v. ACER Am. Corp., No. C 09–01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012). Here, while Objectors contend that the appeal bond would

be burdensome, they do not provide any evidence indicating a financial inability to pay. As such, the Court finds that this factor weighs in favor of requiring an appeal bond.

The second factor assesses the risk that an appellant would not pay the costs if the appeal loses. Courts in the Northern District of California have recognized the difficulty and risk associated with collecting costs from out-of-state appellants. Schulken v. Washington Mut. Bank, 09-CV-02708 LHK, 2013 WL 1345716, at *5 (N.D. Cal. April 2, 2013); Embry, 2012 WL 2055030, at *1. This issue may be weighed more heavily when an appellant lives outside the jurisdiction of the Ninth Circuit. Id. In this instance, Objectors all live outside of the Ninth Circuit's jurisdiction. The Court recognizes the potential difficulties and the risk associated with collecting costs from the out-of-state Objectors, and finds that this factor provides reason for the imposition of an appeal bond.

The third factor in this analysis is the likelihood that an appellant will lose the appeal and be subject to costs. In issuing its Final Order, the Court engaged in an extensive analysis of the Settlement, including the merits of the objections, and found the Settlement to be fair, adequate, and reasonable. See Dkt. No. 256. As such, the Court finds that the Objectors are not likely to succeed on the merits of their appeals and this factor weighs in favor of a bond. Having weighed all three factors, including financial ability of Objectors, risk of nonpayment if the appeal loses, and likelihood that the appeal will lose, the Court finds that appeal bonds are proper in this case.[1]

**B. Amount of Bond**

Plaintiffs request that the Court require appeal bonds of $21,519 from each individual Objector. Plaintiffs anticipate expending $175 in taxable costs and $21,344 in administrative costs for each appeal.

---

[1] Plaintiffs additionally claim that the Objectors' histories of frivolous and vexatious litigation further warrant imposing appeal bonds. The Ninth Circuit's decision in Azizian forecloses the district court from considering the frivolity or bad faith of an appeal or awarding potential attorneys' fees. See Azizian, 499 F.3d at 960-61. While an appellee can be awarded damages if an appellate court determines that the appeal is frivolous, a district court may not include attorneys' fees in a Rule 7 appeal bond. Whether, or how, to deter frivolous appeals is best left to the courts of appeal. See Azizian, 499 F.3d at 961. As such, the Court does not assess the frivolity of the appeal.

5
Case No. 5:11-CV-00379-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR APPEAL BONDS AND GRANTING
PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY

Under Rule 7, the Court may set the appeal bond at the "amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. These costs include the costs taxable under Federal Rule of Appellate Procedure 39(e) for "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e); see Azizian, 499 F.3d at 955–59. Plaintiffs in this case seek $175 in taxable costs, and the Court finds these costs proper in the calculation of the total appeal bond.

Plaintiffs contend that in addition to the $175 in taxable costs, significant administrative costs will be incurred pending the resolution of these appeals, estimated to be approximately $1,226 per month, over a span of 17.4 months, totaling $21,344. See Dkt. No. 281 at 19; see also Dennings v. Clearwire Corp., 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013) (noting that the median length of a Ninth Circuit appeal is 17.4 months). These administrative costs include maintaining and administering the settlement website and toll-free phone number, answering questions from class members, managing and filing taxes for the settlement and escrow account, and paying monthly storage costs. See Dkt. No. 281 at 18-19.

Under Azizian, the Ninth Circuit held that costs, even if not identified by Rule 39(e), can qualify as "costs" if they are so defined by a rule or statute, such as an applicable fee-shifting statute. Azizian, 499 F.3d at 958. The appeal bond, however, may not include delay damages or attorneys' fees. Id. at 960; Fleury, 2008 WL 4680033, at *8. Delay damages fall within the purview of 28 U.S.C. § 1912 and are outside the scope of Rule 7. Fleury, 2008 WL 4680033, at *8. Attorneys' fees that could be imposed under Federal Rule of Appellate Procedure 38, which addresses damages and costs for frivolous appeals, are also not included under Rule 7. Id.

In this case, Plaintiffs do not seek a bond for delay damages or attorneys' fees, but rather for the administrative costs incurred during the delay of settlement. Thus, the Court finds that requiring an appeal bond totaling $21,519 from each of the individual Objectors is proper.[2]

---

[2] In Schulken, this Court decided not to include administrative costs in the appeal bond. Schulken, 2013 WL 1345716. As distinguished from Schulken, Plaintiffs in this case concretely identified the basis for their estimate and distinguished the projected costs from attorneys' fees. See Dkt. No. 280, Ex. D.

6

Case No. 5:11-CV-00379-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR APPEAL BONDS AND GRANTING
PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY

**C. Additional Discovery**

Plaintiffs request that the Court allow them to conduct limited discovery into the merits of the Objectors' appeals, their motivations, and their financial arrangements with their attorneys. Objectors contend that any additional discovery is improper, as the time for discovery has closed.

Plaintiffs assert that the Court retains jurisdiction to preserve the integrity of its judgments in general, and specifically to protect the Court's final judgment. Following a notice of appeal, a court retains jurisdiction "to preserve the integrity of [its] judgments in general, and specifically to protect [its] final judgment . . . " In re CRT, 281 F.R.D. at 533-34 (citing In re Itel Securities Litig., 596 F. Supp. 226, 233 (N.D. Cal. 1984), aff'd 791 F. 2d 672 (9th Cir. 1986)). As such, the Court retains jurisdiction to preserve the integrity of the Final Order, even in situations where an appeal has been filed. The Court's jurisdiction here is further evidenced by language in the Final Order, which preserves the Court's jurisdiction in this case. See Dkt. No. 256.

Plaintiffs also contend that the proposed discovery is relevant and seeks to inform the Court's decision on Plaintiffs' Motion for Appeal Bond and to investigate the propriety of the Objectors' appeals, neither of which were filed at the time discovery closed. Plaintiffs contend that the proposed discovery may lead to information relevant to the Objectors' appeals and Plaintiffs' motion, including information bearing on the Objectors' standing, financial relationships with their counsel, and motivations for appeal. Objectors argue that discovery at this stage is improper and that the Motion for Additional Discovery should be denied.

Plaintiffs may seek information from objectors to obtain relevant, needed, and reasonably narrowly tailored information regarding each objector's standing as a settlement class member to assert objections, the underlying basis for his objections, and his relationship with counsel that may be pertinent to informing the court about the nature and merits of the appeal. See In re CRT, 281 F.R.D. at 532-33. Here, Plaintiffs request seeks information regarding the merits and motivations behind the Objectors' appeals as well as their relationships with Counsel. The request for discovery is proper as it will be used to pursue information regarding Objectors' standing in regards to their appeals and the bases for Objectors' current contentions. The discovery requests are reasonably

7

Case No. 5:11-CV-00379-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR APPEAL BONDS AND GRANTING PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY

narrowly tailored to these purposes, and relevant as required under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1). Further, while absent class members are not normally included in discovery, Objectors have voluntarily inserted themselves into this action, and as such, depositions of the Objectors are relevant and proper. See In re CRT, 281 F.R.D. at 533 (objector who voluntarily appears in litigation is properly subject to discovery). Therefore, Plaintiffs' request for additional discovery is granted.

**IV. CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiffs' Motion for Appeal Bonds and GRANTS Plaintiffs' Motion for Additional Discovery. On or before December 20, 2013, each Objector shall either post a $21,519 bond or file a notice of dismissal of his or her appeal. Plaintiffs are granted leave to serve discovery requests substantially identical to those attached as exhibits to their motion. After completion of discovery, Plaintiffs may file a single supplemental motion.

**IT IS SO ORDERED**

Dated: November 25, 2013

EDWARD J. DAVILA

United States District Judge

8

Case No. 5:11-CV-00379-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR APPEAL BONDS AND GRANTING PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY