Sean P. Reis (SBN 184044)
sreis@edelson.com
EDELSON PC
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: 949.459.2124
Fax: 949.459.2123

Jay Edelson (Admitted *pro hac vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *pro hac vice*)
rbalabanian@edelson.com
Ari J. Scharg (Admitted *pro hac vice*)
ascharg@edelson.com
Chandler R. Givens (Admitted *pro hac vice*)
cgivens@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs JEFF MILANS and PETER COMSTOCK and the SETTLEMENT CLASS*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| *IN RE: NETFLIX PRIVACY LITIGATION* | Case No. 5:11-cv-00379-EJD<br><br>[Hon. Edward J. Davila]<br><br>**PLAINTIFFS' MOTION FOR CONTEMPT AGAINST OBJECTORS GARY WILENS, MATTHEW TANNER, ANDREW CESARE, KATHERINE STROHLEIN, WILLIAM FORD, DENIS BONO, JUDITH MALLORY, AND TRACEY COX KLINGE**<br><br>Date: May 23, 2014<br>Time: 9:00 a.m.<br>Location: Courtroom 4, 5th Floor |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 23, 2014 at 9:00 a.m., or as soon as thereafter as this matter may be heard, Plaintiffs Jeff Milans and Peter Comstock will appear, through counsel, before the Honorable Edward J. Davila, or any judge sitting in his stead, in Courtroom 4 of the United States District Court for the Northern District of California, San Jose Division, located at the United States Courthouse, 280 South 1st Street, San Jose, California 95113, and move this Court for an Order holding Objectors Gary Wilens, Matthew Tanner, Andrew Cesare, Katherine Strohlein, William Ford, Denis Bono, Judith Mallory, and Tracey Cox Klinge in contempt. This motion is based upon this Notice of Motion, Plaintiff's memorandum of points and authorities in support thereof, and the record in this case, along with any oral argument that may be presented to the Court and any evidence submitted in connection therewith.

Dated: January 13, 2014  Respectfully Submitted,

**JEFF MILANS and PETER COMSTOCK**,
individually and on behalf of classes of similarly situated individuals,

By: s/ Rafey S. Balabanian_____
One of Plaintiffs' Attorneys

# I. INTRODUCTION

Objectors Gary Wilens, Matthew Tanner, Andrew Cesare, Katherine Strohlein, William Ford, Denis Bono, Judith Mallory, and Tracey Cox Klinge (collectively, "Objectors") have willfully failed to comply with an order of this Court. Therefore, Plaintiffs Jeff Milans, Peter Comstock, and the Settlement Class (collectively, "Plaintiffs") respectfully move this Court for an order holding Objectors in contempt. Specifically, on November 25, 2013, this Court ordered each Objector either to post an appeal bond or file a notice of dismissal of his or her appeal by December 20, 2013. To date, none of the Objectors has done so. Consequently, Plaintiffs respectfully request that this Court (1) find Objectors in contempt; and (2) strike each of their objections, or, alternatively, fine Objectors until they comply with this Court's order.

# II. BACKGROUND

In March 2013, this Court granted final approval to a class action settlement between Plaintiffs and Defendant Netflix, Inc, overruling the misplaced objections to the fairness of the Settlement made by the Objectors. (Dkt. 256.) A handful of purported class members appealed the final approval order, including Objectors.[1] Because Plaintiffs and the class will incur costs during the pendency of any appeal—including for such things as maintaining and administering the settlement website and toll-free phone number, answering questions from class members, managing and filing taxes for the settlement and escrow account, and paying monthly storage costs—this Court granted Plaintiffs' request for appeal bonds. (Dkt. 307.) Specifically, this Court entered an order on November 25, 2013 stating as follows: "**On or before December 20, 2013, each Objector shall either post a $21,519 bond or file a notice of dismissal of his or her appeal.**" (Dkt. 307 at 8) (the "Appeal Bond Order") (emphasis added).

Rather than posting the bond or dismissing their appeal as this Court ordered, however, Objectors appealed the Appeal Bond Order. Further, in doing so, they neither sought nor received a stay of the Appeal Bond Order from either this Court or the Ninth Circuit. To date, Objectors

---

[1] Bradley Schulz, Stephen C. Griffis, and Hugh Ramsey have also appealed the final

have not complied with the Appeal Bond Order, having neither posted bonds nor dismissed their appeals.[2]

### III. ARGUMENT

This Court "has the inherent authority to enforce compliance with its orders through a civil contempt proceeding." *Armstrong v. Brown*, 939 F. Supp. 2d 1012, 1018 (N.D. Cal. 2013) (citing *Int'l Union, UMWA v. Bagwell,* 512 U.S. 821, 827 – 28 (1994)). *See also United States v. Powers*, 629 F.2d 619, 624 (9th Cir. 1980) ("The inherent power of the courts . . . to coerce compliance with orders is not disputed."). Objectors' failure to comply with the Appeal Bond Order is contempt, which this Court should not hesitate to use its inherent authority to remedy.[3]

**A. Objectors' failure to comply with the Appeal Bond Order is contempt.**

To prevail on this motion for civil contempt, Plaintiffs must show that Objectors "violated the [Appeal Bond Order] beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997). Here, Objectors' violation of the Appeal Bond Order is indisputable. This Court ordered each Objector to post an appeal bond or dismiss his or her appeal by December 20, 2013, which none of the Objectors have done. Nor have any of the Objectors taken any action that could even arguably be considered substantial compliance. None of the Objectors posted *most* of the appeal bond amount, or posted the full amount a day or two after this Court's deadline. Here, there has been no substantial compliance with the Appeal Bond Order because there has been *no compliance whatsoever*.

Further, Objectors' failure to comply with the Appeal Bond Order cannot be based on a

---

[2] Leading up to their flagrant violation of this Court's order, several Objectors have demonstrated that they are unwilling, or simply unable, to follow the rules of this court. *See* Dkts. 230 (Tanner violating Civil L.R. 7-3, 11-1), 238 (Tanner violating Civ. L.R. 3-4, 11-1), 239 (Tanner violating Civ. L.R. 3-4, 11-1), 240 (Civil L.R. 3-4, 7-3, 11-1), 250 (Tanner violating Civil L.R. 3-4, 7-3, 11-1), 259 (Tanner failing to identify pro hac vice filing status and failing to list local counsel on notice of appeal, in violation of Civil L.R. 3-4 and 11-3); *see also* Dkt. 294 at 5 n.2 (detailing Objector Klinge's multiple violations of the Court's rules.).

[3] Plaintiffs' motion invokes only this Court's *civil* contempt power. *See, generally, Int'l Union, UMWA v. Bagwell,* 512 U.S. 821, 826 – 30 (1994) (distinguishing civil and criminal contempt).

good faith and reasonable interpretation of the order. The Appeal Bond Order is simple and straightforward, and there is no reasonable interpretation of the order with which Objectors' failure either to post appeal bonds or dismiss their appeals by December 20 is consistent.[4] In addition, the fact that Objectors appealed the Appeal Bond Order does not excuse compliance with it, nor can Objectors reasonably believe so. The law is clear: "Absent a stay, 'all orders and judgments of courts must be complied with promptly.'" *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (quoting *Maness v. Meyers*, 419 U.S. 449, 458 (1975)). Even if an order is appealed, such as the Appeal Bond Order here, it must be complied with until reversed. *See United States v. UMWA*, 330 U.S. 258, 293 (1947) ("[W]e find impressive authority for the proposition that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings."); *Maness*, 419 U.S. at 458 ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."). Objectors may not simply ignore this Court's order because they think it is wrong.

Because Objectors have failed to comply with this Court's clear order requiring them either to post an appeal bond or dismiss their appeals by December 20, 2013, this Court should find Objectors in contempt. *See, e.g., In re Magsafe Apple Power Adapter Litig.*, No. C 09-01911 JW, 2012 WL 3686783, *1 – 2 (N.D. Cal. Aug. 22, 2012) (holding objector to class action settlement in contempt for failing to comply with order requiring him either to post a $15,000 bond or dismiss his appeal); *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 3777163, *2 (N.D. Cal. Aug. 29, 2012) (holding objector to class action settlement in contempt for failing to comply with order requiring him either to post a $70,000 bond or dismiss his appeal); *Donovan*, 716 F.3d at 1239 – 40 (finding district court did not abuse its discretion in holding in contempt appellants who failed to comply with district court's order requiring payment of bond).

---

[4] While a *pro se* class member bringing a good faith objection to the Settlement would still have likely understood what was required of them by the Court's Order, each of the Objectors are represented by counsel who undoubtedly knew (or should have known) that compliance was mandatory absent an order staying performance.

### B. Objectors' objections should be stricken, or, alternatively, Objectors should be fined until they comply with the Appeal Bond Order.

To remedy the Objectors' contempt, this Court should strike the Objectors' objections to the class action settlement. The purpose of the Appeal Bond Order was to protect Plaintiffs from nonpayment of costs to which they would be entitled if Objectors' appeals were unsuccessful—which this Court found was likely. (Dkt. 307 at 4 – 5.) Objectors should not be permitted to flout the Appeal Bond Order and proceed with their appeals without posting the security this Court found necessary for Plaintiffs' protection. Other courts in this District have taken exactly this course of action in response to nearly identical contempt, and this Court should do the same. *See, e.g., In re Magsafe Apple Power Adapter Litig.*, No. C 09-01911 JW, 2012 WL 3686783, *2 (N.D. Cal. Aug. 22, 2012) (striking objector's objection to class action settlement for failure to post bond or dismiss appeal as required by court order); *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 3777163, *2 (N.D. Cal. Aug. 29, 2012) (same).[5]

Alternatively, this Court should fine Objectors or hold them in custody until they comply with the Appeal Bond Order. The purpose of civil contempt proceedings is to coerce compliance with a court order. *Ahearn ex rel. NLRB v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1128 (9th Cir. 2013). Two common methods of coercing compliance are daily fines and confinement until the contemnor complies with the order. *See Int'l Union, UMWA v. Bagwell,* 512 U.S. 821, 828 (1994) ("The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command . . . ."); *id.* at 829 ("A close analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order."). While Plaintiffs believe the most effective way to remedy Objectors' contempt would simply be to strike their objections, this Court, if it so desires, could instead impose an appropriate daily fine until the Objectors complied with the Appeal Bond Order.[6]

---

[5] In *Embry*, the objector held in contempt was represented by Mr. Joseph Darrell Palmer, the attorney for Objectors Cesare, Strohlein, Ford, Bono, and Mallory in this action. *See Embry v. ACER Am. Corp.*, No. C 09-01808 JW, Dkts. 199, 276 (N.D. Cal. 2012).

[6] While some courts have gone so far as to imprison parties in order to coerce compliance with their orders, *see, e.g., SEC v. Yun*, 208 F. Supp. 2d 1279, 1288 (S.D. Fla.) (ordering

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that this Court (1) find Objectors in contempt; (2) strike each of their objections, or, alternatively, fine Objectors or hold them in custody until they comply with this Court's order; and (3) award such other and further relief as the Court deems equitable and just.

Dated: January 13, 2014      Respectfully Submitted,

**JEFF MILANS and PETER COMSTOCK**, individually and on behalf a class of similarly situated individuals,

By: s/ Rafey S. Balabanian
One of Plaintiffs' Attorneys

Sean P. Reis (SBN 184044)
sreis@edelson.com
EDELSON PC
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: 949.459.2124
Fax: 949.459.2123

Jay Edelson (Admitted *pro hac vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *pro hac vice*)
rbalabanian@edelson.com
Ari J. Scharg (Admitted *pro hac vice*)
ascharg@edelson.com
Chandler R. Givens (Admitted *pro hac vice*)
cgivens@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs JEFF MILANS and PETER COMSTOCK and the SETTLEMENT CLASS*

---

imprisonment until contemnor complied with court order to post supersedeas bond), Plaintiffs neither request such relief here nor believe that it would be appropriate.

# CERTIFICATE OF SERVICE

The undersigned certifies that, on January 13, 2014, I caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, thus effectuating service of such filing on all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent by USPS first class mail to the following participants, postage prepaid, at the address listed below:

Thomas L. Cox, Jr.
4934 Tremont
Dallas, Texas 75214

*Attorney for Objector-Appellant Tracey Cox Klinge*

Dated: January 13, 2014                  <u>s/ J. Dominick Larry</u>