UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE NETFLIX PRIVACY LITIGATION | Case No. 5:11-CV-00379-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CONTEMPT AGAINST OBJECTORS GARY WILENS AND MATTHEW TANNER**<br><br>**[Re: Docket Item No. 322]** |

Presently before the Court is Plaintiffs Jeff Milans, Peter Comstock, and the Class' (collectively "Plaintiffs") Motion for Contempt Against Objectors Gary Wilens and Matthew Tanner ("Objectors"). See Docket Item No. 322. On March 18, 2013, the Court approved a final settlement agreement between Plaintiffs and Defendant Netflix. See Docket Item No. 256. Objectors appealed the Final Approval Order. See Docket Item Nos. 258, 259. On November 25, 2013, the Court granted Plaintiffs' Motion for Appeal Bonds and ordered that on or before December 20, 2013, each Objector shall either post a $21,519 bond or file a notice of dismissal of his appeal. See Docket Item No. 307. As of this date, neither Objector has paid the bond amount or dismissed his appeal.

A district court "has the inherent authority to enforce compliance with its orders through a civil contempt proceeding." Armstrong v. Brown, 939 F. Supp. 2d 1012, 1018 (N.D. Cal. 2013) (citing Int'l Union, UMWA v. Bagwell, 512 U.S. 821, 827-28 (1994)). A court may grant a motion

1

for contempt if the moving party proves by clear and convincing evidence that the non-moving party violated a specific and definite court order beyond substantial compliance and the party's actions were not based on a good faith and reasonable interpretation of the order. Id. (citing In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693 (9th Cir. 1993)). If the moving party satisfies its burden, "the burden then shifts to the contemnors to demonstrate why they were able to comply." Stone v. City & Cnty. of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992) (internal citation omitted). Contemnors must show that they took every reasonable measure within their power to comply with the court's order. Sekaquaptewa v. MacDonald, 544 F.2d 396, 406 (9th Cir. 1976).

Here, Plaintiffs have met their burden of proof because to date Objectors have not paid any portion of the appeal bond, have not dismissed their appeals, and have not requested a stay of the order. Objectors did not attend the scheduled hearing to present their arguments. Thus, having fully reviewed the parties' papers and after hearing oral argument from Plaintiffs and Defendant, the Court finds Objectors Wilens and Tanner in willful disregard of the Court's order will therefore GRANT Plaintiffs' motion.

IT IS HEREBY ORDERED that Objectors must cure their defect within fifteen (15) calendar days from the date of this order. If within fifteen days each Objector fails to cure his defect, the Court will impose a daily fine of $100 against each Objector, until such time as the Objector posts the previously ordered $21,519 bond or files a notice of dismissal of appeal.

**IT IS SO ORDERED.**

Dated: May 30, 2014

						EDWARD J. DAVILA
						United States District Judge

2
Case No. 5:11-CV-00379-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR CONTEMPT AGAINST OBJECTORS GARY WILENS AND MATTHEW TANNER