*E-Filed: August 18, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE: NETFLIX PRIVACY LITIGATION

_____/

No. C11-00379 EJD (HRL)

**ORDER RE: DISCOVERY DISPUTE REPORT #1**

**[Re: Docket No. 360]**

This is a consolidated class action brought against Netflix, Inc., on the grounds that Netflix unlawfully retained and disclosed customers' personally identifiable information in violation of the Video Privacy Protection Act, 18 U.S.C. § 2710. Plaintiffs Jeff Milans and Peter Comstock, individually and on behalf of the Class, filed an unopposed Motion for Preliminary Approval of Class Action Settlement, which Judge Edward J. Davila granted. Bradley Schulz, among others, filed an objection to the Settlement. Judge Davila granted final approval of the Settlement. Schulz appealed to the Ninth Circuit Court of Appeals.

Plaintiffs filed a motion for additional discovery concerning the merits of the Objectors' appeals, their motivations, and their financial arrangements with their attorneys. Judge Davila granted the motion. Plaintiffs attempted to schedule a deposition for Schulz several times, but Christopher A. Bandas, counsel for Schulz, failed to respond. After Plaintiffs served Schulz with a notice of deposition, Bandas informed Plaintiffs' counsel that he believed that Schulz could not be compelled to appear for a deposition absent service of a subpoena to appear because he was a non-

party. Plaintiffs' numerous attempts to serve Schulz with a subpoena to appear at a deposition and a subpoena to produce documents were unsuccessful. On April 28, 2014, Plaintiffs filed a motion to compel the deposition of and the production of documents by Schulz, which was referred to the undersigned. Docket Nos. 352, 354.

Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, Civil Local Rule 37-1(a), and the undersigned's Standing Order re: Civil Discovery Disputes ("Standing Order"), parties must meet and confer in an effort to resolve any discovery disputes prior to seeking judicial intervention. The Standing Order generally provides that parties may seek judicial intervention only after an in-person meeting between lead counsel fails to resolve the discovery dispute, in which case the parties shall file a *Discovery Dispute Joint Report*. "[R]efusal to attend or to participate meaningfully will be grounds for sanctions and/or for entry of an order in favor of the other side." Standing Order § 2.C.i.

Through email, Plaintiffs' counsel informed Bandas of Plaintiffs' intent to file a motion to compel Schulz's deposition and asked for Bandas's availability to meet and confer regarding their positions. Plaintiffs' counsel attempted to schedule a meet and confer three times by email and letter and three times by telephone. Bandas failed to respond. Because Bandas has refused to meet and confer with Plaintiffs' counsel, Plaintiffs' motion to compel the deposition of and the production of documents by Schulz is granted. Schulz is ordered to appear and testify at deposition and produce documents in accordance with Judge Davila's Order Granting Plaintiffs' Motion for Appeal Bonds and Granting Plaintiffs' Motion for Additional Discovery, Docket No. 307, within thirty (30) days of the date this Order is filed.

**IT IS SO ORDERED.**

Dated: August 18, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C11-00379-EJD Notice will be electronically mailed to:**

Anthony Joseph Calero ajc@llcllp.com

Ari Jonathan Scharg ascharg@edelson.com

Benjamin Harris Richman brichman@edelson.com

Brett Langdon Gibbs brett.gibbs@gmail.com

Chandler Randolph Givens cgivens@edelson.com

Christopher Andress Bandas cbandas@bandaslawfirm.com, dlopez@bandaslawfirm.com, kandersen@bandaslawfirm.com

Clinton Arthur Krislov clint@krislovlaw.com, michalene@krislovlaw.com, ro@krislovlaw.com

David Christopher Parisi dcparisi@parisihavens.com

David Eldridge Bower dbower@faruqilaw.com, brohr@faruqilaw.com, ecf@faruqilaw.com, ecfca@faruqilaw.com, mblackman@faruqilaw.com

David Lincoln Axelrod sierralaw@gmail.com

James Dominick Larry nlarry@edelson.com

Jay Edelson jedelson@edelson.com

Jeffrey Neil Wilens jeff@lakeshorelaw.org

Joseph Darrell Palmer darrell.palmer@palmerlegalteam.com, maria.carapia@palmerlegalteam.com

Joseph Jeremy Siprut jsiprut@siprut.com, lwonsey@siprut.com

Keith E. Eggleton keggleton@wsgr.com

Marc Lawrence Godino mgodino@glancylaw.com, info@glancylaw.com

Mark Stephen Eisen meisen@edelson.com

Michael Adam Sweet msweet@foxrothschild.com, arocha@foxrothschild.com, ddelarocha@foxrothschild.com

Paul D. Wexler paulwexler@kvwmail.com

Rafey S. Balabanian rbalabanian@edelson.com

Rodney Grant Strickland , Jr rstrickland@wsgr.com, lkoontz@wsgr.com, rdean@wsgr.com

Sean Patrick Reis sreis@edelson.com, docket@edelson.com

Steve A Miller sampc01@gmail.com

Timothy Ricardo Hanigan trhanigan@gmail.com

William Charles Gray williamcgray@gmail.com

**Notice will be mailed to:**

Johnny Dee Knadler
Attorney at Law
P O Box 156515
San Francisco, CA 94115

Roy A. Katriel
The Katriel Law Firm
12707 High Bluff Drive
Suite 200
San Diego, CA 92130

Thomas L. Cox
4934 Tremont
Dallas, TX 75214

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4